IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) | Case No. 24-30422 |
| ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC.  ) | |
| ) | |
| Debtor.  ) | |
| _____) | |

**APPLICATION TO APPROVE EMPLOYMENT
OF MAURICE VERSTANDIG, ESQ., CHRISTIANNA CATHCART,
JD AND THE DAKOTA BANKRUPTCY FIRM AS GENERAL
REORGANIZATION COUNSEL TO ABOVE-CAPTIONED DEBTOR**

Comes now Jamieson CAPEX Fund, LLC. ("Jamieson" or the "Debtor), pursuant to Sections 327 and 329 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage Maurice B. VerStandig, Esq., Christianna Cathcart, JD, and The Dakota Bankruptcy Firm (collectively, "Counsel"),[1] as general reorganization counsel to the Debtor, and in support thereof states as follows:

1. This case was commenced when the Debtor filed a petition for Chapter 11 relief, pursuant to Section 301 of the Bankruptcy Code, on September 22, 2024.

2. The Debtor is, and at all times relevant has been, a debtor in possession.

3. Approval is instantly sought of Counsel's employment to provide the following services to the Debtor as general reorganization counsel:

    a. Prepare and file all necessary pleadings, motions, and other court papers, on behalf of the Debtor;

    b. Negotiate with creditors and other interested parties;

---

[1] Though defined herein as "Counsel," Christianna Cathcart will not actually be admitted to the bar until September 25, 2024. She will, however, be a practicing attorney at the time this application is ripe for adjudication.

1

    c.  Represent the Debtor in any adversary proceedings, contested matters, and other proceedings before this Honorable Court;

    d.  Prepare a plan of reorganization on behalf of the Debtor; and

    e.  Tend to such other and further matters as are necessary and appropriate in the prism of this case.

  4.  Counsel does not represent any other person or entity in connection with this case, and both Counsel and its principal are disinterested as that term is used in Section 101(14) of the Bankruptcy Code. Counsel is not a creditor or an insider of the Debtor; was not, within two years before the date of the petition for relief, a director, officer, or employee of the Debtor; and does not have any interest materially adverse to the interests of the estate or any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor (or for any other reason). Further, Counsel holds no interest adverse to the interests of the Debtor in connection with any of the matters for which employment is sought.

  5.  Counsel, including Maurice B. VerStandig and Christianna Cathcart, has no legal connection with the Debtor, the creditors herein, or any other parties in interest, nor with their respective counsel, nor with the United States Trustee or any person employed in the office of the United States Trustee, except as expressly disclosed in the affidavits of Maurice B. VerStandig and Christianna Cathcart attached hereto.

  6.  For the avoidance of ambiguity, Counsel does *not* represent the equity interest of the Debtor, except Counsel *does* represent the holder of a *de minimis* 0.01% interest in the Debtor in connection with matters extrinsic to this case.

  7.  Counsel has agreed to represent the Debtors at the rate of Four Hundred Dollars and No Cents ($400.00) per hour for partner time, Two Hundred Dollars and No Cents ($200.00)

per hour for associate time, and One Hundred Dollars and No Cents ($100.00) per hour for paralegal time; it is respectfully suggested these proposed rates are fair and reasonable, and these rates are consistent with the skills and reputation of Counsel and its principal attorney.

8. The Debtor has also agreed to provide compensation to Counsel in the manner set forth in the Disclosure of Compensation filed in this case. All compensation sought in this matter will be subject to the review and approval of the United States Bankruptcy Court for the District of North Dakota.

9. Attached hereto, and incorporated herein by reference, are the declarations of Maurice B. VerStandig, Esq. and Christianna Cathcart, JD in support of this application.

10. Attached hereto, and incorporated herein by reference, is an engagement agreement entered into between the Debtor and Counsel prior to the commencement of this case.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Maurice B. VerStandig, Esq., Christianna Cathcart, JD and The Dakota Bankruptcy Firm as general reorganization counsel to the Debtor; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 22, 2024    By:   /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Proposed Counsel for the Debtor*

[Certificate of Service on Following Page]

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of September, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig