UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Jamieson CAPEX Fund, LLC**                                   **Bankr. No. 24-30422**

**Debtor.**                                                     **Chapter 11**

---

### REPLY TO STATUS REPORT (DOC. 25)

The Acting United States Trustee (UST) files this reply to the Section 1188(b) Report (Doc. 25) filed by the Debtor to apprise the Court of issues in the case that have not yet been disclosed to the Court.   In support of the reply, she states the following:

1. The UST has taken the position that Debtor's counsel Maurice B. Verstandig and the Dakota Law Firm (Counsel) are no longer disinterested under Section 327(a) and as defined by Section 101(14)(A)(B) and (C).  Counsel's employment application and affidavit disclosed that Counsel also represents the individual Brian Kounovsky in connection with the separate EPIC bankruptcy cases and that Mr. Kounovsky held a "de minimis 0.01%" ownership interest in the Debtor.  See App. ¶ 6 and Aff. ¶ 12.  Based on that representation, the Court approved the application on October 17, 2204.

2. The Statement of Financial Affairs filed on October 15, 2024 (Doc. 21) disclosed at No. 29 that Brian Kounovsky served as President of the Debtor from March 6, 2023 through May 22, 2024.  Representing someone who served as an officer in the prior two years violates Section 101(14)(B).  Counsel also did not amend the employment

application to disclose this information to the Court prior to the Court approving his application.

3. The UST convened meetings of creditors on October 24th and November 7th. The meeting was not concluded after those meetings. The President of the Debtor Jeremy Carlson was put under oath and confirmed that Mr. Kounovsky served as President prior to the bankruptcy case being filed. Further, he testified that he and Mr. Kounovsky both held interests in JAMCO LLC, which owes the Debtor a note receivable disclosed on Schedule B at No. 71 (Doc. 1).

4. At the meetings, Mr. Carlson also testified during the Spring of 2024, the Debtor paid off loans totaling approximately $1,000,000 to insider interests:

    a. The Schedule B NSOP note of $490,000 at 15.10 was paid to Nova DC (scheduled at $0 on Schedule F), for a total of approximately $500,000. Mr. Carlson is an insider of Nova DC.

    b. The Schedule F creditor MJM Investments, LLC was paid approximately $500,000. Mr. Carlson testified that MJM Investments LLC is a company of Mark Merck, who is listed as an equity security holder in the schedules.

5. The transfers are not disclosed on the Statement of Financial Affairs and apparently took place while Brian Kounovsky was President of the Debtor. The approximate $ 1,000,000 loss would have also kept "funds at bay when the Debtor otherwise needed the cashflow to satisfy obligations on loans secured by valuable estate." *See* Status Report. The payment also caused the Debtor to qualify for subchapter V status and circum absolute priority rule under Section 1129(b). An issue that will

become apparently below wherein the attached exhibits show Mr. Carlson has personal liability to the investors in the Debtor and related investment funds that he created (Ex. 6).

      6.    The Status Report characterizes the North Dakota Security Commission actions against the Debtor as "ill-informed" and "legally errant."  However, it fails to provide the factual back of the investigation (which both the Debtor and Mr. Carlson have consented to in settlement).   Public records of the Commissions directives are being submitted as Exhibits to the Reply:

      a.    In re Jamieson Capital Financial LLC and Jeremy Carlson, dated July 15, 2022.  Ex. 1.

      b.    Stop Order Suspending Sale of Securities (including Debtor), dated July 15, 2022.  Ex. 2.

      c.    Consent Order, dated December 11, 2023.  Ex. 3.

      d.    Cease and Desist Order; Order for Rescission dated December 22, 2023.  Ex. 4.

      e.    In re NSOP, et. al, dated April 24, 2023.  Ex. 5.

      f.    Administrative Consent Order, dated January 10, 2024.  Ex. 6.

      7.    As the information in the actions demonstrate, Jeremy Carlson is not an independent fiduciary who should be overseeing this reorganization, whether or not the Debtor's characterization of North Dakota's actions in clawing back the $800,000 into the North Dakota investor restitution fund was "ill-informed" or not.   Mr. Carlson clearly represented many of the parties that owe the Debtor money and that the Debtor owes money too.  For example, Jamieson Natural Resources Fund, LLC (JNR) is listed

on Schedule F as one of the largest general unsecured creditors at $706,000 at the time of the bankruptcy. Mr. Carlson confirmed that he was in control of JNR at the time the loan(s) to the Debtor was made. The other "Jamieson" entities on Schedule F are likewise other investment entities created by Mr. Carlson. Several entities listed in the North Dakota orders can be traced to the Debtor case.

8. The UST is filing this reply to inform the Court of the conflict-of-interest issues and of the UST's intention to file a motion to replace the Debtor-in-Possession or convert the case to chapter 7.

Dated: November 8, 2024

MARY R. JENSEN
ACTING U.S. TRUSTEE REGION 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55415
Telephone: (612) 334-1366
Sarah.J.Wencil@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Jamieson CAPEX Fund, LLC**　　　　　　　　　**Bankr. No. 24-30422**

**Debtor.**　　　　　　　　　　　　　　　　　　**Chapter 11**

**CERTIFICATE OF SERVICE**

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies that a true and correct copy of the Reply was electronically transmitted via CM/ECF.

Dated:　November 8, 2024

　　　　　　　　　　　　　　　　　　　　　/s/ Sarah J. Wencil
　　　　　　　　　　　　　　　　　　　　　Sarah J. Wencil