# UST EXHIBIT 2

**STATE OF NORTH DAKOTA**

**SECURITIES DEPARTMENT**

| | |
|---|---|
| In the Matter of Jamieson CAPEX Fund, LLC, Jamieson Medical, LLC, Jamieson Natural Resources Fund, LLC, Nova DC, LLC, Secure Income Fund, LLC, Jamieson Legacy Fund, LLC, Mainstreet Investment Partners, LLC, National Sports Capital, LLC, North Dakota limited liability companies, and Jeremy L. Carlson,<br><br>Respondents. | **STOP ORDER SUMMARILY SUSPENDING THE OFFER AND SALE OF FEDERAL COVERED SECURITIES, CEASE AND DESIST ORDER, NOTICE OF CIVIL PENALTIES, AND NOTICE OF RIGHT TO REQUEST A HEARING** |

The North Dakota Securities Commissioner has a reasonable basis to believe that the Respondents have engaged in, are engaging in, or are about to engage in, acts, practices or transactions, as more fully described below, which are prohibited under Chapter 10-04 of the North Dakota Century Code (N.D.C.C.). It is necessary and appropriate in the public interest and for the protection of investors to restrain these acts, practices, or transactions of the Respondents.

The Securities Commissioner has determined as follows:

1. Respondents, Jamieson CAPEX Fund, LLC, Jamieson Medical, LLC, Jamieson Natural Resources Fund, LLC, Nova DC, LLC, Secure Income Fund, LLC, Jamieson Legacy Fund, LLC, Mainstreet Investment Partners, LLC, and National Sports Capital, LLC, are North Dakota limited liability companies headquartered in Fargo, North Dakota, (the "private funds") created by Respondent Jeremy L. Carlson, (hereinafter, "Carlson"), a resident of Fargo, North Dakota. None of the Respondent private funds have ever been registered as an issuer-dealer or broker-dealer with the

North Dakota Securities Department.

2.      Respondent Carlson, for all times relevant to this matter, operated and controlled each of the private funds, identified in relevant documents in a number of capacities including as Managing Member, Manager, President, Treasurer and Executive Officer. According to a search of the Investment Adviser Registration Depository (IARD) and the FINRA Central Registration Depository (CRD), Carlson applied for registration as an Investment Adviser Representative of Jamieson Capital Financial. LLC, a North Dakota state registered Investment Adviser, on November 16, 2021. Carlson's application is currently in "Deficient" status as he has not passed the required qualifying examination. Carlson currently is not registered as a securities professional in any capacity in North Dakota.

**Unregistered broker-dealer and unregistered agent violations by issuer private funds.**

3.      From at least January 1, 2017, to February 28, 2022, Respondent private funds, as issuers, offered for sale and sold securities to investors in North Dakota, effecting transactions in securities, specifically membership interests in the private funds, raising a combined total of at least $17,780,000 from investors. These limited liability company membership interests are securities as defined in N.D.C.C. §10-04-02(19).

4.      According to Form D filings (Notice of Exempt Offering of Securities) made with the Securities and Exchange Commission (SEC) and the North Dakota Securities Department, each of the Respondent private fund entities which offered for sale and sold securities during the relevant time period relied on a federal securities

registration exemption, Regulation D, Rule 506(b), 17 CFR § 230.506(b), and N.D.C.C. § 10-04-08.4(2).

5.   The Department reviewed the following Form D filings, filed through the SEC EDGAR system and notice filed with the state, all of which indicated **no commissions would be paid** in connection with the sale of the securities:

Jamieson CAPEX Fund, LLC

08/16/2017 FORM D

09/10/2018 FORM D

12/18/2020 FORM D

Jamieson Medical, LLC

04/29/2020 FORM D

08/20/2021 FORM D

Jamieson Natural Resources Fund, LLC

09/10/2018 FORM D

NOVA DC, LLC

02/11/2019 FORM D f/k/a Investor Mineral Holdings, LLC

07/28/2020 FORM D

08/23/2021 FORM D

Mainstreet Investment Partners, LLC

12/05/2018 FORM D

12/14/2020 FORM D

Jamieson Legacy Fund, LLC

08/13/2021 FORM D

National Sports Capital, LLC

02/25/2022 FORM D

Secure Income Fund, LLC

08/16/2017 FORM D

08/17/2018 FORM D

6.  N.D.C.C. § 10-04-08.4(2)(b) provides: " No security may be offered or sold under this subsection, except through or by a broker-dealer and agent registered in accordance with section 10-04-10, unless it is offered and sold through an officer, director, governor, or partner of the issuer and no commission or other remuneration is paid, either directly or indirectly."

7.  Bank records of the Respondent private funds for the relevant time frame document 64 securities sales transactions in which a 3% commission payment was made to Jamieson Capital Financial, LLC, and Jeremy L. Carlson totaling at least $338,366.05.

8.  Bank records of the Respondent private funds for the relevant time frame document additional securities sales transactions in which a 3% commission payment was made to the following individuals and entities:

Marie Relations, LLC -7 payments totaling $16,510, June 2021 – December 2021

Michael J. Rydell – 12 payments totaling $54,250, March 2019 – February 2020

9.  Marie Relations, LLC, is a North Dakota limited liability company organized by Kathryn M. Reiswig of Bismarck, North Dakota, with an initial filing date of February 27, 2020. The initial filing documents also list a Business Purpose of: Consult and connect businesses together with the vision of an optimum community. The Annual

Report filed on November 12, 2021, notes the Character of the Business as: Contract as a relationship advisor for the only local private equity form (sic) in the state. Marie Relations, LLC, is not now, and has never been registered as an issuer-dealer or broker-dealer with the North Dakota Securities Department. Kathryn M. Reiswig is not now, and has never been registered as an agent with the North Dakota Securities Department.

10. Michael J. Rydell of Fargo, North Dakota, is listed as the Founder of Ireland & Sando, LLC, according to his Linkedin profile. According to records provided by the Office of the North Dakota Secretary of State, the initial filing by Ireland & Sando, LLC, filed on July 23, 2019, listed the business purpose as: Business consulting and management. Ireland & Sando, LLC, is not now, and has never been registered as an issuer-dealer or broker-dealer with the North Dakota Securities Department. Michael J. Rydell is not now, and has not been registered as an agent with the North Dakota Securities Department since February 4, 2019.

11. Carlson, Reiswig and Rydell, in offering for sale and selling membership interests in Respondent private funds to investors in the state of North Dakota in exchange for monetary compensation were acting as an agent for the issuer private fund, as defined in N.D.C.C. § 10-04-02(1). The issuer-agents were not exempt from registration under N.D.C.C. § 10-04-10(2)(c) because of the payment of monetary compensation by the issuer private funds to the agent.

12. The offers and sales of the subject investments during the relevant time period as described above, by and through the unregistered entities and individuals identified, were each a separate violation of N.D.C.C. §§ 10-04-10(1) and 10-04-

10(2), respectively, and a violation by the Respondent private funds of N.D.C.C. § 10-04-08.4(2) which would be grounds for the Commissioner to issue a stop order suspending the offer and sale of the securities of the Respondent private funds, in the public interest, pursuant to N.D.C.C. § 10-04-08.4(6).

**General solicitation violations by issuer private funds.**

13. Regulation D, Rule 506(b), 17 CFR § 230.506(b), prohibits general solicitation and Respondent private funds solicited the general public for the offer and sale of these investments in Internet advertising on the website of Jamieson Capital Financial, LLC, under the control of Respondent Jeremy L. Carlson, and the distribution of private placement memoranda (PPMs) under the direction of Carlson.

14. In addition, bank records of the Respondent private funds, from at least February of 2020 to February of 2022, document numerous payments totaling at least $48,963.31 to Marie Relations, LLC, and Kathryn Reiswig, at the direction of Respondent Carlson, for the purpose of private fund marketing and promotion.

**Material false statements in documents required to be filed.**

15. N.D.C.C. § 10-04-15(1) provides: " It shall be a fraudulent practice and it shall be unlawful: (1) For any person knowingly to subscribe to, or make or cause to be made, any material false statement or representation in any application, financial statement, or other document or statement required to be filed under any provision of this chapter, or to omit to state any material statement or fact in any such document or statement which is necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading."

16. Private placement memoranda (PPMs) obtained by the Department for the

following Respondent private funds indicate a 3% commission would be paid on each sale of the private fund membership interests:

    Jamieson CAPEX Fund, LLC

    Jamieson Medical, LLC

    Jamieson Natural Resources Fund, LLC

    Nova DC, LLC

The eight Form Ds for these four Respondent private funds, required to be filed with the Securities Department under N.D.C.C. § 10-04-08.4(2), falsely stated that no sales-based compensation (commissions) would be paid. Actual sales commissions paid from Respondent private funds have been documented. The filings by Respondent Carlson on behalf of the Respondent private funds listed, were made, knowing that commissions were in fact intended to be paid, largely to Jamieson Capital Financial, LLC, and Carlson, and constitute at least 8 violations of N.D.C.C. § 10-04-15(1).

17.    As noted, each of the Respondent private fund entities which offered for sale and sold securities during the relevant time period, relied on a federal securities registration exemption, Regulation D, Rule 506(b), 17 CFR § 230.506(b), and N.D.C.C. § 10-04-08.4(2). Regulation D, Rule 506(b) was the federal safe harbor exemption claimed by Respondent Carlson on each of the Form Ds, required to be filed with the Securities Department under N.D.C.C. § 10-04-08.4(2). Respondent Carlson knew that general solicitation was a prohibited practice under this safe harbor exemption and there were at least 17 violations of N.D.C.C. § 10-04-15(1) in filings made with the Department claiming qualification for the registration exemption safe harbor under

Regulation D, Rule 506(b), when in fact general solicitation for investors was intended to be used and was occurring as described.

18.     The North Dakota Securities Department has jurisdiction over the subject matter of these proceedings and the Respondents named herein.

19.     Pursuant to N.D.C.C. §10-04-08.4(6), the Securities Commissioner may issue a stop order suspending the offer and sale of the securities of the Respondent private funds, in the public interest, for the violations by the Respondent private funds of N.D.C.C. § 10-04-08.4(2) described above.

20.     Pursuant to N.D.C.C. § 10-04-16(1), the Securities Commissioner has the authority to Order that a person Cease and Desist from violations of the Securities Act, to rescind transactions made in violations of the Securities Act, and to assess civil penalties in an amount not to exceed $10,000 for each violation of the Securities Act or a total of $1,080,000 based on the violations described above.  The violations described above are sufficient grounds for the Commissioner to assess civil penalties against the Respondents pursuant to N.D.C.C. § 10-04-16(1).

21.     This Order is necessary and appropriate in the public interest for the protection of investors.

**NOW, THEREFORE, IT IS ORDERED**, pursuant to N.D.C.C. § 10-04-08.4(6) that the Respondent private funds shall immediately stop offering for sale or selling the membership interests in the funds or any other securities, or effecting transactions in securities, in North Dakota, pending hearing or opportunity for hearing.

## CEASE AND DESIST ORDER

**IT IS FURTHER ORDERED**, pursuant to N.D.C.C. § 10-04-16 that the Respondents shall immediately CEASE AND DESIST from any further violations of the Securities Act, N.D.C.C. Chapter 10-04, including:

1. Payment of fees to Jamieson Capital Financial, LLC, Respondent Carlson, entities controlled by Respondent Carlson, or unregistered agents, representatives or employees of Respondent private funds or Respondent Carlson.

2. From offering for sale or selling securities, or effecting transactions in securities, for compensation, direct or indirect, in or from North Dakota unless and until they have registered with the Securities Department as issuer-dealers, broker-dealers or agents or are exempt from registration under N.D.C.C. Chapter 10-04.

3. From employing any device, scheme, or artifice to defraud any person; or engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. From knowingly making or causing to be made, any material false statement or representation in any application, financial statement, or other document or statement required to be filed under N.D.C.C. Chapter 10-04, or to omit to state any material statement or fact in any such document or statement which is necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.

## NOTICE OF CIVIL PENALTIES

YOU ARE NOTIFIED that the above-cited violations are sufficient grounds for the imposition of civil penalties pursuant to N.D.C.C. § 10-04-16(1). The Securities Commissioner does not herein assess a civil penalty, but the Commissioner expressly reserves the authority to assess civil penalties, not to exceed $10,000 per violation, regarding the violations outlined above, any other violations subsequently discovered, or any future securities violations or violations of this order. The Commissioner reserves the authority to direct any penalties to the North Dakota Investor Restitution Fund, for the purpose of repaying aggrieved investors, as appropriate.

## NOTICE OF RESERVATION OF COMMISSIONER'S AUTHORITY TO AMEND ORDER

**YOU ARE HEREBY NOTIFIED** that the above-cited violations are sufficient grounds for the relief imposed in this Order. The Department's investigation of the Respondents continues and the Commissioner expressly reserves the authority to Order additional relief under N.D.C.C. Chapter 10-04, regarding the violations outlined above, any other violations subsequently discovered, or any future securities violations or violations of this order, in the public interest and for the protection of investors.

## NOTICE OF RIGHT TO REQUEST A HEARING

**YOU ARE NOTIFIED** that pursuant to N.D.C.C. § 10-04-12 you may request a hearing before the Securities Commissioner if such a request is made in writing WITHIN

FIFTEEN (15) DAYS AFTER THE RECEIPT OF THIS ORDER. The Respondents have the right to be represented by legal counsel at the hearing.

**IN TESTIMONY WHEREOF**, witness my hand and seal this 15th day of July, 2022.



Karen J. Tyler, Securities Commissioner
North Dakota Securities Department
600 East Boulevard Ave.
State Capitol – Fifth Floor
Bismarck, ND  58505-0510
(701) 328-2910