# UST EXHIBIT 4

## STATE OF NORTH DAKOTA

## SECURITIES DEPARTMENT

|  |  |
|---|---|
| In the Matter of Jamieson Capital Financial, LLC, a North Dakota limited liability company, and Jeremy L. Carlson, | ) ) ) ) ) ) ) |
| Respondents. | ) |

The North Dakota Securities Commissioner has a reasonable basis to believe that the Respondents have engaged in, are engaging in, or are about to engage in, acts, practices or transactions, as more fully described below, which are prohibited under Chapter 10-04 of the North Dakota Century Code (N.D.C.C.). It is necessary and appropriate in the public interest and for the protection of investors to restrain these acts, practices, or transactions of the Respondents.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, CEASE AND DESIST ORDER, NOTICE OF AND ORDER FOR RESCISSION, NOTICE OF AND ORDER FOR CIVIL PENALTIES, NOTICE OF RESERVATION OF COMMISSIONER'S AUTHORITY TO AMEND ORDER, AND NOTICE OF RIGHT TO REQUEST A HEARING**

### FINDINGS OF FACT

1. Respondent, Jamieson Capital Financial, LLC, CRD #175016, (hereinafter, "Jamieson") is a North Dakota limited liability company headquartered in Fargo, North Dakota, which was registered as an investment adviser in North Dakota, as defined in N.D.C.C. § 10-04-02(10) and pursuant to N.D.C.C. § 10-04-10(3), from May 12, 2015, until suspended by order of the Commissioner dated July 15, 2022, and served July 18, 2022. Jamieson is not now and has never been registered as an issuer-dealer or broker-dealer with the North Dakota Securities Department.

2.  Respondent, Jeremy L. Carlson, CRD #4465093, (hereinafter, "Carlson") is a resident of Fargo, North Dakota, who, for all times relevant to this matter, operated and controlled Jamieson, as its President and sole member. According to the Investment Adviser Registration Depository (IARD), Carlson was listed as the President of Jamieson and Carlson applied for registration as an Investment Adviser Representative (IAR) of Jamieson on November 16, 2021. At the time of the filing of the application for registration, Carlson's application was found to be in "Deficient" status as he had not passed the state required Series 65 exam and his Series 7 exam had expired, rendering the Series 66 exam insufficient for IAR registration. Upon issuance of the North Dakota Securities Department's Order in July 2022, registration for Jamieson was suspended pending the requested administrative hearing and Carlson currently is not registered as a securities professional in any capacity in North Dakota.

3.  On Monday, July 18, 2022, the North Dakota Securities Department (hereinafter, "Department") served a Findings of Fact, Conclusions of Law, Order to Summarily Suspend Investment Adviser Registration, Notice of Proposed Order to Revoke Investment Adviser Registration, Cease and Desist Order, Notice of Civil Penalties, Order for Rescission, Notice of Reservation of Commissioner's Authority to Amend Order, and Notice of Right to Request a Hearing on Jamieson and Carlson.

4.  Also on July 18, 2022, the Department served an additional Order[1] Summarily Suspending the Offer and Sale of Federal Covered Securities, Cease and Desist Order, Notice of Civil Penalties, and Notice of Right to Request a Hearing on Carlson and the Private Funds he organized. Carlson was identified in related documents in a number of

---

[1] Both orders are collectively referred to as the "Orders".

capacities including president, treasurer, member, manager, and executive officer for the following Private Funds:

- Jamieson CAPEX Real Estate Fund, LLC - Est. 04/21/2015
- Jamieson Legacy Fund, LLC - Est. 03/02/2021
- Jamieson Medical, LLC - Est. 04/15/2020
- Jamieson Natural Resources Fund, LLC - Est. 09/27/2018
- Main Street Investments, LLC- Est. 10/02/2015
- Mainstreet Investment Partners, LLC - Est. 07/18/2018
- Nova DC, LLC - Est. 07/30/2018
- Secure Income Fund, LLC - Est. 05/15/2017
- Investor Mineral Holdings, LLC (AKA NOVA DC LLC) - Est. 07/30/2018
- National Sports Capital, LLC - Est. 11/17/2021

5. The Department's continued investigation has uncovered Jamieson and Carlson continuing to access and control client funds in violation of the Orders issued on July 15, 2022 and served on July 18, 2022. The violations include custody and misappropriation of client funds and are noted in detail below.

**Custody violations including misappropriation of client funds**

6. From July 18, 2022, when the first Order of the Department was served, up until the date of this order, Jamieson and Carlson have continued to have access to, and custody and control of, client funds in violation of N.D.C.C. § 10-04-10.1(6). Jamieson and Carlson continue to take possession of and control client funds by using the U.S. Postal Service and directing the mailing of client investment income payments to Carlson's home address, by depositing client investment income payments into bank accounts he controls, using client investment income to pay legal fees and using investment income that belongs to the investors of one private fund to make payments to other investors in a different private fund in a ponzi-like manner.

7.    The Department continues to subpoena bank records of business-related bank accounts over which Carlson had or has control. Since the Department's initial Orders were served on July 18, 2022, Carlson has opened at least two new business-related bank accounts in the name of two of the private funds. An account in the name of Jamieson Natural Resources Fund, LCC (JNR) was opened at First International Bank & Trust (FIBT) on September 26, 2022. An account in the name of Secure Income Fund, LLC (SIF) was also opened at FIBT on November 17, 2022.

8.    The Department also obtained records of an account in the name of JNR held at Western State Bank (WSB). The account was opened on November 8, 2018, and transaction history clearly shows a pattern of regular income payments related to oil and gas investments consistently coming into the account via ACH and check deposits, throughout the investigation. The activity in the JNR WSB account since the issuance of the Department's Order on July 18, 2022, included continued ACH and check deposits of funds from various oil well operators into the account. After the issuance of the Department's order, WSB put a hold on any withdrawals from the accounts held at the financial institution.

9.    Upon opening the new JNR bank account at FIBT in late September 2022, Carlson began depositing investment income checks from the oil well operators into the account in October 2022. In the past, checks from the oil well operators were deposited into the JNR account at WSB, however, since the order and opening of the new account, the investment income checks were deposited into the new FIBT account. The deposited checks were made payable to either Jamieson Natural Resources or Jamieson Natural Resources Fund, LCC with a mailing address of 2865 Lilac Lane N, Fargo, ND 58102,

which is Carlson's home address. The payors of the checks include, but are not limited to, XTO Energy Inc., Kaiser-Francis Oil Co, and Slawson Exploration Company, Inc., all oil well operators identified on the list of investments by Jamieson Natural Resources Fund, LLC obtained in the Department's investigation.

10. The investment income checks that were deposited into the new JNR account at FIBT, controlled by Carlson, were then used for purposes other than the benefit of JNR investors. Investment income that belonged to JNR investors was willfully misappropriated through the following transactions: payments totaling $12,000 were sent via checks to an investor in the SIF; depositing a check that was written from JNR payable to SIF in the amount of $12,000 into the new SIF account at FIBT, where the funds were then used to make payments for the benefit of two SIF investors; and distributing a total of $55,000 through three transactions that were sent to Livestock Water & Energy, LLC.

11. Carlson also directed and had custody of client funds in other accounts held at FIBT including an account in the name of Jamieson CAPEX Fund, LLC. Activity in that account resumed in September 2022, after the Department Orders were issued on July 18, 2022. Transactions include funds being transferred to JC or LDC totaling $3,750 in September and October 2022 and checks written payable to FB & KB, totaling $11,530.71 in October and November of 2022.

12. Carlson continues to attempt to gain access to funds held in private fund accounts at WSB in violation of N.D.C.C. § 10-04-10.1(6) and the Department's earlier Orders which state "[i]t is unlawful for any investment adviser to take or have custody of any securities or funds of any client unless the investment adviser acts as a fiduciary pursuant to duties as an executor, guardian, conservator, receiver, or trustee." Records provided

by WSB in response to the Department's subpoena, include statements for an account named Jamieson CAPEX RE Fund, LLC. On or about September 13 and 14, 2022, Carlson attempted to withdraw funds from the account by writing five separate checks payable to various Payees, including Grand Forks Utility Billing; Lunseth; Dwyer Law Office, PLLC.; City of Fargo; and New York Life Insurance. However, WSB records do not reflect the checks actually clearing the account on the bank statements for September or October 2022.

13. Investment income belonging to the investors in JNR has been controlled and utilized by Carlson at his discretion. Funds belonging to investors have been deposited into and transferred among bank accounts controlled by Carlson and used as a source of payment from these accounts with Carlson exercising unlimited discretion and control of the funds at all times since the issuance of the Department's Orders served on July 18, 2022.

14. Jamieson and Carlson were served with a Findings of Fact, Conclusions of Law, Order to Summarily Suspend Investment Adviser Registration, Notice of Proposed Order to Revoke Investment Adviser Registration, Cease and Desist Order, Notice of Civil Penalties, Order for Recission, Notice of Reservation of Commissioner's Authority to Amend Order, and Notice of Right to Request a Hearing on July 18, 2022. The Cease and Desist Order ordered that Jamieson and Carlson immediately cease and desist from exercising custody and control of client funds and securities. Carlson, by accessing bank account funds and effecting transactions in the accounts after being served with the Cease and Desist Order, willfully violated the Cease and Desist Order served on July 18,

2022. Any willful violation of the Cease and Desist Order is a Class B Felony pursuant to N.D.C.C. § 10-04-18(1).

## CONCLUSIONS OF LAW

15. The Department has jurisdiction over the subject matter of these proceedings and Respondents, Carlson and Jamieson.

16. Pursuant to N.D.C.C. § 10-04-11(1) the Securities Commissioner may place limitations on the activities of an investment adviser or any person directly or indirectly controlling the investment adviser, if the Commissioner finds that the investment adviser has violated the provisions of the Securities Act, N.D.C.C. Chapter 10-04, or any order or rule issued pursuant thereto.

17. The transactions referenced and the conduct of Respondents Carlson and Jamieson found in the preceding FINDINGS OF FACT, including the violations of the Securities Act, N.D.C.C. Chapter 10-04 provisions concerning custody prohibition, and willful violation of the previous Order, are incorporated into these CONCLUSIONS OF LAW by reference and are grounds for the statutory violations cited.

18. Pursuant to N.D.C.C. § 10-04-16(1), the Securities Commissioner has the authority to Order that a person Cease and Desist from violations of the Securities Act, to rescind transactions made in violations of the Securities Act, and to assess civil penalties in an amount not to exceed $10,000 for each violation of the Securities Act.

19. This Order is necessary and appropriate in the public interest for the protection of investors.

## CEASE AND DESIST ORDER

IT IS ORDERED, pursuant to N.D.C.C. §§ 10-04-16 and 10-04-11(1), that the Respondents shall immediately CEASE AND DESIST from any further violations of the Securities Act, N.D.C.C. Chapter 10-04, including:

1.  From exercising custody and control of client funds and securities, including through the use of the U.S Postal Service to direct investor income payments to his home address, and through the use of the banking system and various bank accounts to control and misappropriate client funds.

2.  From any further violations of the Orders previously served.

## NOTICE OF AND ORDER FOR RESCISSION

**YOU ARE NOTIFIED** that the above-cited violations, together with the violations found in the previous Orders served, are sufficient grounds for an Order to rescind transactions made in violation of the Securities Act. **IT IS ORDERED**, that Respondents Carlson and Jamieson are jointly and severally liable to each of the investors in the Private Funds Carlson organized, as set forth in Paragraph 4 of the Findings of Fact herein, and shall make rescission of the transactions described within sixty days of the date of this Order, for the full amount paid for the securities by each investor, together with interest on such amount for the period from the date of payment by such purchaser down to the date of repayment, and less the amount of any income received on the securities by said purchaser, according to the provisions of N.D.C.C. §§ 10-04-16(1) and 10-04-17.

## NOTICE OF AND ORDER FOR CIVIL PENALTIES

**YOU ARE NOTIFIED** that the above-cited violations, together with the violations found in the previous Orders served, are sufficient grounds for the imposition of civil penalties pursuant to N.D.C.C. § 10-04-16(1), in an amount not to exceed $10,000 for each violation. **IT IS ORDERED,** that Respondents Carlson and Jamieson are jointly and severally liable for and shall pay a civil penalty of $3,250,000 to the North Dakota Securities Department based on the violations discussed above.

The civil penalties assessed herein are due and payable immediately upon the entry of this Order, except to the extent that a hearing has been timely requested by the Respondents. If a hearing is requested, the Securities Commissioner expressly reserves the authority to modify this provision and to assess additional civil penalties, not to exceed $10,000 per violation, regarding the violations outlined above or any other violations subsequently discovered. The Commissioner reserves the authority to direct any penalties to the North Dakota Investor Restitution Fund, for the purpose of repaying aggrieved investors, as appropriate.

## NOTICE OF RESERVATION OF COMMISSIONER'S AUTHORITY TO AMEND ORDER

**YOU ARE HEREBY NOTIFIED** that the above-cited violations are sufficient grounds for the relief imposed in this Order. The Department's investigation of the Respondents continues, and the Commissioner expressly reserves the authority to Order additional relief under N.D.C.C. Chapter 10-04, regarding the violations outlined above, any other violations subsequently discovered, or any future securities violations or violations of this order, in the public interest and for the protection of investors.

## NOTICE OF RIGHT TO REQUEST A HEARING

**YOU ARE NOTIFIED** that pursuant to N.D.C.C. § 10-04-12 you may request a hearing before the Securities Commissioner if such a request is made in writing WITHIN FIFTEEN (15) DAYS AFTER THE RECEIPT OF THIS ORDER. The Respondents have the right to be represented by legal counsel at the hearing.

**IN TESTIMONY WHEREOF**, witness my hand and seal this 22nd day of December, 2022.



Karen J. Tyler, Securities Commissioner
North Dakota Securities Department
600 East Boulevard Ave.
State Capitol – Fifth Floor
Bismarck, ND  58505-0510
(701) 328-2910