# UST EXHIBIT 6

**STATE OF NORTH DAKOTA**

**SECURITIES DEPARTMENT**

|  |  |
|---|---|
| In the Matter of Jamieson Capital Financial, LLC, ) <br> a North Dakota limited liability company, ) <br> and Jeremy L. Carlson ) <br> ) <br> Respondents. ) | **ADMINISTRATIVE** <br> **CONSENT ORDER** <br><br> **OAH File No. 20230157 &** <br> **OAH File No. 20230158** |

Pursuant to Chapter 10-04 of the North Dakota Century Code, the North Dakota Securities Commissioner has issued four Orders (described in paragraph 3) naming the Respondents, Jamieson Capital Financial, LLC, ("Jamieson") and Jeremy L. Carlson, ("Carlson") (collectively "the Respondents"). The Respondents made timely requests for hearing as to each Order, pursuant to N.D.C.C. § 10-04-16(1), and waive their right to hearing and agree to resolve all matters addressed in the Orders under the terms and conditions described in this Administrative Consent Order.

### Background

1. Jamieson, CRD #175016, is a North Dakota limited liability company headquartered in Fargo, North Dakota, which was registered as an investment adviser in North Dakota, as defined in N.D.C.C. § 10-04-02(10) and pursuant to N.D.C.C. § 10-04-10(3), from May 12, 2015, until suspended by order of the Commissioner dated July 15, 2022, and served July 18, 2022. Jamieson is not now and has never been registered as an issuer-dealer or broker-dealer with the North Dakota Securities Department (hereinafter, "Department").

2. Carlson, CRD #4465093, is a resident of Fargo, North Dakota, who, for all times relevant to this matter, operated and controlled Jamieson, as its President and sole

1

member. As noted, the investment adviser registration for Jamieson is currently suspended pending a requested administrative hearing and Carlson currently is not registered as a securities professional in any capacity in North Dakota.

3. The Department has issued four Cease and Desist Orders (collectively the "Orders") against Respondents: (i) one dated July 15, 2022 (the "July Carlson Order"); (ii) one dated July 15, 2022, against Respondents and the Private Funds[1] (the "July Private Fund Order"); (iii) one against Respondents dated December 22, 2022 (the "December Order"); and (iv) one against Respondents dated April 24, 2023 (the "April Order"), the provisions of which are incorporated herein by reference.

## Limited Admissions

4. Respondents admit the following with respect to the allegations contained in the July Carlson Order, the July Private Fund Order and the December Order:

    a. Violations of the custody prohibition under N.D.C.C. § 10-04-10.1(6);

    b. Acting as an unregistered broker-dealer in violation of N.D.C.C. § 10-04-10 and as an unregistered agent on behalf of the Private Funds in violation of N.D.C.C. § 10-04-10(2);

    c. Misstatements in Form D Filings made under Regulation D, 506(b), 17 CFR § 230.506(b); and

    d. Charging and accepting commissions on securities transactions in violation of N.D.C.C. § 10-04-08.4(2)(b).

---

[1] The term "Private Funds" means Jamieson CAPEX Real Estate Fund, LLC; Jamieson Medical, LLC; Jamieson Natural Resources Fund, LLC; Nova DC LLC; Secure Income Fund, LLC Jamieson Legacy Fund, LLC; and Mainstreet Investment Partners, LLC.

2

5. Respondents admit the following with respect to the allegations contained in the April Order: Offer and Sale of Unregistered Securities in violation of N.D.C.C. § 10-04-04.

6. Respondents acknowledge the remaining findings of fact and conclusions of law, contained in the Orders. Respondents do not admit any knowing or willful violations of the North Dakota Securities Act. Except as set forth herein, Respondents neither admit nor deny any other allegation or claim in the Orders, not specifically addressed, including allegation that Respondents:

   a. Breached fiduciary duties of an investment adviser;
   b. Misappropriated client funds; and
   c. Failed to disclose material information.

7. Respondents consent to the immediate revocation of the investment adviser registration of Jamieson and agree to not seek future registration with the Department in any capacity, including as a broker-dealer, agent, investment adviser or investment adviser representative.

8. Respondents agree not to contest the orders entered against the Private Funds.

**Repayment Obligations**

9. Carlson agrees to use commercially reasonable best efforts to repay all members of the Private Funds who request repayment of their invested amounts, identified on Schedule A. Any member of any of the Private Funds who declines the offer of repayment in writing shall be deemed to have waived any right to repayment and Carlson shall have no obligation to make repayment to such member under the terms of the Consent Order.

3

10. Carlson agrees to use commercially reasonable best efforts to repay all commissions charged and paid to an unregistered broker-dealer and agent as identified on <u>Schedule B</u>. The repayment obligations in Paragraphs 9 and 10 shall not require any duplicative repayments of both issued securities in the Private Funds and commissions charged on the same securities.

11. Carlson will receive credit against the repayment obligations in Paragraphs 9 and 10 for all repayments made to investors from other sources, including (without limitation) Michael Kuntz; National Sports Opportunity Partners, LLC; the North Dakota investor restitution fund, or distributions from other investment entities. There shall be no restitution obligation to any investor who settled with any of the Private Funds and received all payments contemplated by such settlement.

12. Respondents are jointly and severally liable for the repayment obligations provided herein. Respondents are not jointly and severally liable with any other person or entity, including (without limitation) Michael Kuntz and any entity under his control or direction.

## **Civil Penalties**

13. Pursuant to N.D.C.C. § 10-04-16(1), the Securities Commissioner has the authority to assess civil penalties in an amount not to exceed $10,000 for each violation of the Securities Act. The violations described above are sufficient grounds for the Commissioner to assess $1,000,000 in civil penalties against the Respondents pursuant to N.D.C.C. § 10-04-16(1). Respondents consent to these penalties on the terms set forth herein.

4

14. Any penalty payments shall be deposited into the North Dakota Investor Restitution Fund maintained and administered by the Commissioner under Chapter 10-04 of the North Dakota Century Code.

15. The civil penalties shall be immediately suspended for a period of 24 months. Any unpaid civil penalties remaining following the suspension period may be vacated permanently if Carlson has complied with all other items in the agreement, including using reasonable best efforts to repay the investors.

16. The civil penalties will further be reduced on a dollar-for-dollar basis from the first dollar paid by Carlson under Paragraphs 9 and 10, and if and when $1,000,000 in repayment to investors is made, all civil penalties shall be discharged against ~~the~~ Respondents.

### **Additional Consideration**

17. In consideration of the settlement, the Department will conclude the investigation and any civil or administrative actions that could be commenced pursuant to state securities law for the specific violations resolved herein, solely as it relates to Respondents Carlson and Jamieson. Nothing in this Order shall be construed to create, waive, release, or limit any private right of action, including any claims investors have or may have on an individual or class basis under state or federal laws against any person or entity. The Department will not seek additional monetary penalties or remedies from Respondents related to the specific violations identified in this Consent Order - beyond the civil penalties assessed herein.

18. To the extent the Department has referred Respondents to any other government agency or department, it agrees that it will not make any further civil or criminal

5

referrals for any conduct arising out of or relating to the matters identified in any Order issued in this matter. Nothing herein shall prevent the Department from complying with any statutory obligation applicable to it with respect to sharing information with other governmental agencies or from taking action based on information gathered after the date of the Consent Order.

19. The North Dakota Securities Department has jurisdiction over the subject matter of these proceedings and the Respondents named herein.

20. Respondents acknowledge their right to a hearing on this matter and waive this right to a hearing and to present arguments to the Commissioner.

21. Respondents agree to resolve this matter with the Commissioner by the Consent Order.

22. This Order is necessary and appropriate in the public interest for the protection of investors.

23. This Consent Order shall be effective upon signature of the Commissioner.

**NOW, THEREFORE IT IS ORDERED AND AGREED**, as follows:

1.  That Respondents shall use commercially reasonable best efforts to repay all members of the Private Funds who request repayment of their invested amounts as set forth in Paragraph 9 herein. Respondents will report to the Department any repayments made to the Private Fund members within 10 days of acceptance of an offer of repayment and provide documentation. Respondents will provide an update on repayments made to the Private Fund members, including documentation, within 10 days of a request made by the Department.

6

2. That Respondents Carlson and Jamieson shall use commercially reasonable best efforts to repay all commissions charged and paid to an unregistered broker-dealer and agent under the terms as set forth in Paragraph 10 herein, to the investors in the Private Funds via the Department to be deposited into the North Dakota Investor Restitution Fund maintained and administered by the Commissioner under Chapter 10-04 of the North Dakota Century Code.

3. That Respondents Carlson and Jamieson are jointly and severally liable for and shall pay a civil penalty of $1,000,000.00 to the North Dakota Investor Restitution Fund, suspended for a period of 24 months, as set forth herein.

4. That the investment adviser registration of Jamieson Capital Financial, LLC is hereby revoked, pursuant to the provisions of N.D.C.C. § 10-04-11, and Respondents are prohibited from seeking future registration with the Department in any capacity, including as a broker-dealer, agent, investment adviser or investment adviser representative.

**IN TESTIMONY WHEREOF**, witness my hand and seal this 10th day of January, 2024.

Karen J. Tyler, Securities Commissioner
North Dakota Securities Department
600 East Boulevard Ave.
State Capitol – Fourteenth Floor
Bismarck, ND 58505-0510
(701) 328-2910

7

**CONSENT TO ENTRY OF ADMINISTRATIVE CONSENT ORDER**

Each Respondent acknowledges that it or he has been served with a copy of this Administrative Consent Order, has read the foregoing Order, is aware of its or his right to a hearing and appeal in this matter, and has waived the same.

Each Respondent admits the jurisdiction of the North Dakota Securities Department, and consents to entry of this Administrative Consent Order by the North Dakota Securities Commissioner as settlement of the issues contained in this Order.

Dated this 9th day of January, 2024.

_____
Jeremy L. Carlson, individually

Jamieson Capital Financial, LLC
_____
By: Jeremy L. Carlson, its President

8