IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMIESON CAPEX FUND, LLC., | ) | |
| | ) | Adversary Case No. 24-07028 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against Jeff Johnson ("Mr. Johnson" or the "Defendant") states as follows:

**Introduction**

1. This is a thoroughly ordinary action for declaratory relief, and the recovery of economic damages, stemming from a knowing violation of the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay").

2. While the CAPEX bankruptcy may be rife with eccentricities and exotic details, the issues raised in this Complaint are truly garden variety in nature: Mr. Johnson was made aware of the Debtor seeking bankruptcy relief, was on actual notice of the above-captioned bankruptcy

1

proceeding (the "Main Case"), and, in willful and wanton violation of the Automatic Stay, nonetheless elected to continue pursuing state court claims against CAPEX.

3. Mr. Johnson's pursuits yielded a judgment against CAPEX (and other co-defendants), in favor of the Defendant, that, per Eighth Circuit precedent, is not merely voidable but, indeed, void *ab initio*.

4. This action is thusly brought to seek declaratory relief as to void nature of the state court judgment and to collect from Mr. Johnson the legal fees and expenses occasioned by his violation of the Automatic Stay.

**Parties**

5. CAPEX is a North Dakota limited liability company and a debtor-in-possession, having petitioned for relief under Section 301 of Title 11 of the United States Code on September 22, 2024.

6. Mr. Johnson is a natural person who, upon information and belief, is a citizen of North Dakota by virtue of his ongoing domicile therein.

**Jurisdiction and Venue**

7. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(A, O) of Title 28 of the United States Code, as this case concerns the administration of the Debtor's estate and the liquidation of a litigation asset of the Debtor's estate.

8. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter both arises under Title 11 of the United States Code and relates to a proceeding under Title 11 of the United States Code.

## General Allegations

9. Mr. Johnson is a putative creditor of CAPEX.

10. On or about June 29, 2023, Mr. Johnson brought suit, in the East Central Judicial District Court of North Dakota, situated within Cass County, against CAPEX and three co-defendants, thereby commencing case number 09-2023-CV-02126 (the "State Court Lawsuit").

11. Mr. Johnson is represented by Tyler Leverington, Esq. ("Mr. Leverington"), an attorney based in West Fargo, North Dakota, in the State Court Lawsuit.

12. When the Debtor filed a petition for bankruptcy relief, on September 22, 2024, Mr. Johnson was scheduled therein as holding a disputed and unliquidated claim against CAPEX in the alleged sum of $300,000.00.

13. Shortly after CAPEX filed a petition for Chapter 11 relief, then-proposed counsel for CAPEX sent an e-mail to Mr. Leverington, at or about 9:28 pm prevailing central time on September 22, 2024, notifying Mr. Leverington of the bankruptcy filing, advising Mr. Leverington of the bankruptcy case number, and informing Mr. Leverington of the imposition of the Automatic Stay.

14. Four days later, on September 26, 2024, this Honorable Court caused notice of the CAPEX bankruptcy to be mailed to Mr. Johnson. *See* Certificate of Notice, DE #15 in the Main Case.

15. Notwithstanding both of Messrs. Johnson and Leverington being on actual notice of the CAPEX bankruptcy, on or about October 15, 2024 they caused a proposed form of judgment to be filed in the State Court Lawsuit, seeking entry of judgment against, *inter alia*, CAPEX.

16. In an effort to remedy this violation of the Automatic Stay before any harm or damages could accrue, CAPEX, through counsel, again contacted Mr. Leverington, vie e-mail, on

3

October 21, 2024, reminding Mr. Leverington of the Debtor's bankruptcy and the existence of the Automatic Stay.

17. In lieu of withdrawing the proposed form of judgment, or otherwise endeavoring to remedy the violation of the Automatic Stay, on October 23, 2024, Mr. Leverington responded to counsel's e-mail by indicating, *inter alia*, ". . . my team has reviewed and we will not be pursuing enforcement of any judgment against Capex in violation of the stay."

18. Two days later, on October 25, 2024, judgment was entered against CAPEX in the State Court Lawsuit, in the sum of $567,200.00.

19. At no time since has Mr. Johnson, Mr. Leverington, or any other agent or representative of Mr. Johnson sought to have the state court judgment withdrawn, voided, or otherwise mooted; instead, Mr. Johnson, through counsel, appears to continue to believe that obtaining a post-petition judgment against a debtor in bankruptcy is permissible so long as efforts are not made to collect upon that judgment.

**Count I – Declaratory Judgment**

20. CAPEX repeats and realleges paragraphs 1-19 of this Complaint, as though fully set forth herein.

21. There exists an actual controversy between the Debtor and the Defendant herein, insofar as the Debtor maintains the Automatic Stay forbids the "continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of the [bankruptcy case]," 11 U.S.C. § 362(a)(1), whereas Mr. Johnson appears to believe the Automatic Stay allows such a judicial proceeding to continue to and through the entry of judgment, so long as no affirmative collection efforts are thereafter taken by a putative creditor.

4

22. There equally exists an actual controversy between the Debtor and the Defendant herein, insofar as the Debtor maintains an action in contravention of the Automatic Stay to be "void *ab initio*, rather than merely being voidable at the request of an interested party," *Seaver v. New Buffalo Auto Sales (In re Hecker)*, 496 B.R. 541, 549 (B.A.P. 8th Cir. 2013), whereas Mr. Johnson appears to believe a judgment obtained in contravention of the Automatic Stay is valid so long as affirmative collection efforts are not taken thereupon.

23. This dispute is of a concrete and substantial variety, with an adjudication of the dispute being required to assess (i) whether or not the claim of Mr. Johnson against the Debtor has now been liquidated; (ii) whether or not the judgment in the State Court Lawsuit is a final judgment that may be relied upon for *res judicata* purposes and/or that may have a preclusive impact; and (iii) whether the State Court Lawsuit judgment is a final judgment for purposes of the doctrine set forth by the Supreme Court of the United States in the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

24. Inasmuch as a judgment has been actually entered against the Debtor, purporting to liquidate the claim of Mr. Johnson, and inasmuch as Mr. Johnson's actions have caused the Debtor to incur actual attorneys' fees (subject to judicial approval) addressing the actions of Mr. Johnson in apparent contravention of the Automatic Stay, this dispute is not hypothetical in nature and, instead, manifests in the form of a fully-ripe controversy.

WHEREFORE, CAPEX respectfully prays this Honorable Court (i) declare Mr. Johnson to have violated the Automatic Stay; (ii) declare the judgment entered in the State Court Lawsuit to be void *ab initio*; (iii) award CAPEX its necessary and reasonable suit costs and attorneys' fees incurred in connection with pursuit of this matter and addressing Mr. Johnson's violation of the Automatic Stay, pursuant to the allowances of Section 362(k) of Title 11 of the United States Code

5

and the inherent powers of this Honorable Court to sanction contemptuous conduct; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 11, 2024      By:      /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*