UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA
(Fargo)

IN RE:

**Jamieson CAPEX Fund, LLC**  CASE NO.  24-30422

**Debtor**  CHAPTER 11

### SUBCHAPTER V CASE TRUSTEE REPORT

The Subchapter V Trustee in this proceeding, in advance of the November 19, 2024 Status Conference Hearing, does provide the following report:

1. Debtor filed this case on September 22, 2024, in the bankruptcy court for the District of North Dakota, Case No. 24-30422. **The appointment of the undersigned as the Subchapter V Trustee was made on September 24, 2024.**

2. Debtor continues to operate as a Debtor-in-Possession. **No Court has ordered the Debtor to not be Debtor-in-Possession.**

3. The Initial Debtor's Interview was conducted on October 17, 2024.

4. The 11 U.S.C. §341(a) Meeting was conducted October 24th and November 7th, 2024 and continued.

5. Under section 1183(b)(1), upon appointment, the trustee shall perform the duties specified in sections 704(a)(2), (5), (6), (7), and (9) to include:

   a. Being accountable for all property received. **No such property has been received by the Trustee.**

   b. Examining proofs of claim and objecting as needed. The Claims register provides that two (2) Proofs of Claims have been filed. **As read against the Debtor's Schedules and Statements, communications with Debtor counsel and Debtor's testimony at the 341 meeting and IDI, the current proofs of claim have been examined and preliminary objections are not warranted at this time.**

   c. <u>Opposing the debtor's discharge, if advisable</u>. The Debtor is a limited liability company. No post-petition conduct has arisen that would preclude a general discharge. On information and filings before this Court, no understood actions by Debtor, nor any actions by creditors have brought to light any *prima facie* grounds to bring an 11 U.S.C. §523 claim.

  d. <u>Furnishing information concerning the estate requested by a party in interest, unless the court orders otherwise</u>. The subchapter V Trustee has not needed to request information from the Debtor. **Debtor filed a status report on November 5, 2024.**

  e. <u>Making a final report and filing an account of the administration of the estate with the court and the United States Trustee</u>. **Not ripe.**

  f. <u>Being accountable for all property received</u>. No such property has been received by the Trustee.

6. As applicable to this matter, under section 1183(b)(3), be heard on value of property subject to a lien. **No hearings have been held.**

7. The trustee also is charged with facilitating the development of a consensual plan of reorganization and ensuring that the debtor commences making timely payments under any confirmed plan. **The undersigned will work, as needed, with debtor's counsel to facilitate a reorganization plan.**

8. The undersigned has not needed to request additional financial information at this time of the Debtor to assess the financial viability of the debtor to further facilitate a plan of reorganization.

9. There has been no request or Order of the undersigned to act as a disbursing agent or administer property for the benefit of the bankruptcy estate.

10. Relative to the Debtor's requirements,

  a. File the small business case documents required by §1116(1). **Debtor provided an initial financial report on October 15, 2024.**

  b. File the periodic financial reports required by §308 & Rule 2015(a)(6) and obtain a DIP account. **Debtor provided 2023 tax returns to US Trustee and Subchapter V Trustee on September 30, 2024. Debtor provided an initial financial report on October 15, 2024.**

  c. Attend meetings scheduled by the United States Trustee and the court, including IDIs, scheduling conferences and §341 meetings as required by §1116(2). **Done.**

  d. Timely file all schedules and statement of financial affairs. **All have been filed to date.**

  e. Maintain insurance per section 1116(5). **Because of the nature of Debtor's business, typical insurance does not seem warranted.**

  f. **Debtor has provided bank statements.**

  g. File tax returns per section 1116(6). **Debtor produced the tax return for tax year 2023.**

11. The Trustee has not seen a preliminary draft of any Plan.

12. **An issue has arisen regarding possible conflicts of interest with Debtor representative and with Debtor counsel raised by US Trustee. See docket entries 28 and 29.**

Respectfully Submitted,

    Dated: November12, 2024
    /s/<u>Thomas Kapusta</u>
    Subchapter V Trustee
    PO Box 90624
    Sioux Falls, SD  57109
    tkapusta@aol.com
    605-376-6715

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, the foregoing instrument was filed electronically with the Clerk of Court using the CM/ECF system which sent notification of such filing to all registered users party to this proceeding, including the United States Trustee.

    /s/ *Thomas Kapusta*