UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Jamieson CAPEX Fund, LLC**                                      Bankr. No. 24-30422

    **Debtor.**                                                           Chapter 11

---

### NOTICE OF MOTION TO RECONSIDER

---

    The United States Trustee's Office has filed a motion to reconsider the U.S. Bankruptcy Court's Order dated October 17, 2024.  **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases.  If you do not have an attorney, you may wish to consult one.

    Any response to the Motion must be filed and served no later than 14 days of the filing of this motion pursuant to Rule 6004(b) of the Federal Rules of Bankruptcy Procedure.  UNLESS A RESPONSE OPPSOING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WIHTOUT A HEARING.

Dated: November 18, 2024                                 MARY R. JENSEN
                                                                                                       ACTING UNITED STATES TRUSTEE
                                                                                                       REGION 12

                                                                                            /s/ Sarah J. Wencil
                                                                                             Sarah J. Wencil
                                                                                             Trial Attorney
                                                                                            U.S. Courthouse Suite 1015
                                                                                            300 South Fourth Street
                                                                                            Minneapolis, MN 55415
                                                                                                   Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| **Jamieson CAPEX Fund, LLC** | **Bankr. No. 24-30422** |
| Debtor. | Chapter 11 |

**MOTION TO RECONSIDER ORDER**

COMES NOW, the Acting United States Trustee and moves the Court to reconsider its Order dated October 17, 2024 (Doc. 22) ("Order"). In support of the motion, she states the following:

1. The UST has standing to bring this motion pursuant to 11 U.S.C. §307 and 28 U.S.C. §586. This matter is a core-proceeding arising under 28 U.S.C. §157(b)(2)(A). This Court has jurisdiction pursuant to 28 U.S.C. §1334. This motion is brought pursuant to 11 U.S.C. §§ 105, 327, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. The Debtor filed a voluntary petition for chapter 11 reorganization on September 22, 2024.

2. The Court entered its Order to approve the Application to Employ the Dakota Bankruptcy Firm as general reorganization counsel on October 17, 2024. (Doc. 22).

3. Counsel's employment application and affidavit disclosed that Counsel also represents the individual Brian Kounovsky in connection with the separate EPIC bankruptcy cases and that Mr. Kounovsky held a "de minimis 0.01%" ownership interest in the Debtor. See App. ¶ 6 and Aff. ¶ 12.

4. The Statement of Financial Affairs filed on October 15, 2024 (Doc. 21) disclosed at No. 29 that Brian Kounovsky served as President of the Debtor from March 6, 2023 through May 22, 2024.

5. Counsel did not amend the employment application to disclose this information to the Court prior to the Court entering the Order.

6. The UST convened meetings of creditors on October 24th and November 7th. The UST did not conclude the meeting of creditors. The President of the Debtor Jeremy Carlson was put under oath and confirmed that Mr. Kounovsky served as President prior to the bankruptcy case being filed. Further, he testified that he and Mr. Kounovsky both held interests in JAMCO LLC, which owes the Debtor a note receivable disclosed on Schedule B at No. 71 (Doc. 1).

7. At the meetings, Mr. Carlson also testified during the Spring of 2024, the Debtor paid off loans totaling approximately $1,000,000 to insider interests:

    a. The Schedule B NSOP note of $490,000 at 15.10 was paid to Nova DC (scheduled at $0 on Schedule F), for a total of approximately $500,000. Mr. Carlson is an insider of Nova DC.

    b. The Schedule F creditor MJM Investments, LLC was paid approximately $500,000. Mr. Carlson testified that MJM Investments LLC is a company of Mark Merck, who is listed as an equity security holder in the schedules.

8. The transfers are not disclosed on the original Statement of Financial Affairs, and Mr. Carlson testified that the transfers took place while Brian Kounovsky was President of the Debtor. The approximate $ 1,000,000 loss would have also kept

"funds at bay when the Debtor otherwise needed the cashflow to satisfy obligations on loans secured by valuable estate." *See* Status Report.

**Authority to Reconsider**

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 and provides in relevant part:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60 (FED. R. BANKR. P. 9024). Courts have vacated orders approving the employment of counsel under Rule 60(b) for undisclosed connections. *In re Lewis Rd., LLC,* 2011 WL 6140747 (Bankr. E.D. Va. Dec. 9, 2011); *In re eToys, Inc.,* 331 B.R. 176 (Bankr. D. Del. 2005)(finding that Rule 60(b)(6) allows a court to vacate employment orders for undisclosed conflicts of interest).

Cause exists to reconsider the Order because bankruptcy courts have an independent duty to review employment applications whether creditors object or not. *In re Drexel Burnham Lambert Group, Inc.,* 112 B.R. 584, 586 (Bankr. S.D.N.Y. 1990); *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 317 (10th Cir. 1994).  "When applying to serve as counsel to the debtor, it is the responsibility of the debtor and his counsel to fully disclose all relationships with the debtor, related entities, creditors and any other parties in interest." *In re Atalanta Sporting Club,* 137 B.R. 550, 553 (Bankr. N.D. Ga. 1991) (citing *In re Waterfall Village of Atlanta, Ltd.* 103 B.R. 340, 346 (Bankr. N.D. Ga. 1989); *In re Flying E. Ranch Co.,* 81 B.R. 633, 637 (Bankr. D. Colo. 1988); *In*

*re Huddleston,* 120 B.R. 399, 400-01 (Bankr. E.D. Tex. 1990)); *see also In re Diamond Mortg. Corp. Of Illinois,* 135 B.R. 78, 97 (Bankr. N.D. Ill. 1990) (holding that the attorney and the debtor must disclosure "any fact which would be relevant to the court's determination of whether the professional has a conflict of interest, is not disinterested or represents an adverse interest, must be disclosed" and noting that a reviewing court has no duty to search a file to find conflicts of interest). "The court must be presented the whole picture especially where there is a multi layering of relationships as in the present case." *Atlanta Sporting Club,* 137 B.R. at 553 (quoting *Waterfall Village,* 103 B.R. at 346).

The duty to disclose all connections is on-going throughout the bankruptcy case. *In re Diamond Mort. Corp of Ill.*, 135 B.R. 78, 89 (Bankr. N.D. Ill. 1990); *In re Harris Agency, LLC*, 451 B.R. 378, 390-91 (Bankr. E.D. Penn. 2011);

In the present case, the Court was not presented with the "whole picture" of the relationship of Brian Kounovsky and the Debtor. At the time the Order was entered, the employment application and affidavit did not disclose Brian Kounovsky's service as an officer of the Debtor and did not disclose his ownership of JAMCO, LLC, which is a creditor of the Debtor. Likewise, the UST considered the potential of a conflict based on a "de minius" equity interest but was not aware of the greater conflicts when the UST evaluated the application to employ, as required by 28 U.S.C. § 586(a)(3)(I). Had the relationships been fully disclosed, the UST would have objected to the employment application.

**Authority to Find Conflict**

Under Section 327(a), the phrase "not hold or represent an interest adverse to the estate and is a disinterested person" is read disjunctively and failure to meet either requirement will result in disqualification. *Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356, 1362 (8th Cir. 1987) (citing *In re Leisure Dynamics, Inc.*, 32 B.R. 753, 754 (Bankr. D. Minn.) (supp. op. to 32 B.R. 751)). "The burden of proof is on the applicant to establish that he or she is both disinterested and does not represent an interest adverse to the estate." *In re Keeley & Grabanski Land P'Ship,* 2013 WL 2384100 * 4 (*citing Needler v. Rendlen (In re Big Mac Marine, Inc.)* 326 B.R. 150, 154 (8th Cir. BAP 2005).

"[Disinterested person" is defined in 11 U.S.C. Section 101(14), which disqualifies a person who:

> (A)  is not a creditor, an equity security holder or an insider;
>
> (B)  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.
>
> (C)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. Section 101(14).

The term adverse interest is not defined in the Bankruptcy Code; however, several courts define the term as:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would

> create either an actual or potential dispute in which the estate is a rival claimant; or
>
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re M&M Mktg., LLC,* 426 B.R. 796, 802-03 (8th Cir. BAP 2010); *In re Keeley & Grabanski Land P'ship,* 2013 WL 2384100, * 3 (N.D. 2013); *In re Worldcom*, 311 B.R.151, 163 (Bankr. S.D.N.Y. 2004) (quoting *In re AroChem*, 176 F.3d at 623); *In re Benjamin's-Arnolds, Inc.*, 1997 WL 86463, *3-4 (Bankr. D. Minn. Feb. 28, 1997) (Dreher, J.) (quoting *In re Roberts,* 46 B.R. 815, 827 (Bankr. D. Utah 1985)). An attorney is disqualified if the attorney either falls into this definition or represents somebody who falls within this definition." *In re Benjamin's-Arnolds*, *4 (citing *In re Rusty Jones*, 134 B.R. 321, 341 (Bankr. N.D. Ill. 1991)).

    The incorporation of "adverse interest" into the definition of "disinterestedness" at Section 101(14) causes the "hold or represent an adverse interest" language of Section 327(a) to overlap with being disinterested. *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998)(citing *In re BH & P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991); *In re Martin*, 817 F.2d 175, 179 n.4 (1st Cir.1987); *In re Leslie Fay Cos.,* 175 B.R. 525, 532 (Bankr. S.D.N.Y. 1994); *In re CF Holding Corp*., 164 B.R. 799, 806 (Bankr. D. Conn. 1994); *In re Tinley Plaza Assocs*., 142 B.R. 272, 277 (Bankr. N. D. Ill. 1992)). The disinterestedness provision of Section 327(a) is mandatory. *In re Granite Partners*, 219 B.R. at 34. *See also*

*In re Harold & Williams Development Co.*, 977 F.2d at 910 (the disinterestedness requirement of Section 327(a) is a "congressionally established" *per se* rule).

Section 327(a) "serves the important policy of ensuring that the professionals' service presents no conflict of interest." *In re Vouzianas*, 259 F.3d 103, 107 (2d Cir. 2001). *See also Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 836 (7th Cir.1998) (Section 327(a) ensures that "professionals . . . tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities) (quoting *Rome v. Braunstein*, 19 F.3d54, 58 (1st Cir.1994)). A professional has a conflict where the professional has "either a meaningful incentive to act contrary to the interests of the estates . . . , **or the reasonable perception of one**." *Id*. at 36 (emphasis added). *See also In re Leslie Fay Companies, Inc.*, 175 B.R. at 534 (debtor's counsel investigating a client "had a perceptible economic incentive not to pursue the possibility of claims . . . with the same vigor and intensity it might have otherwise applied"). *See also Rome v. Braunstein*, 19 F.3d at 59 (court must determine whether competing interest of a court-appointed professional "created either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors-an incentive sufficient to place those parties at more than acceptable risk-or the reasonable perception of one"); *accord Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 360-361 (11th Cir. 1994) and *In re Crivello*, 134 F.3d at 835. "To be disinterested is 'to prevent even the appearance of a conflict irrespective of the integrity of the person or firm under consideration.'" *In re Vebeliunas*, 231 B.R. 181, 191

(Bankr. S.D.N.Y. 1999) (quoting *In re Codesco*, 18 B.R. 997, 999 (Bankr. S.D.N.Y. 1982)). Therefore,

> because section 327(a) is designed to limit even appearances of impropriety to the extent reasonably practicable, doubt as to whether a particular set of facts gives rise to a disqualifying conflict of interest normally should be resolved in favor of disqualification.

*In re Angelika Films 57th, Inc.*, 227 B.R. 29, 39 (Bankr. S.D.N.Y. 1998) (citing *In re Rancourt*, 207 B.R. 338, 359 (Bankr. D. N. H. 1997), *aff'd,* 246 B.R. 176 (S.D.N.Y. 2000).

In the present case, the applicant represents Brian Kounovsky who holds an adverse interest to the estate. Brian Kounovsky is not disinterested under the definition by virtue of being an equity security holder, a former officer and by holding an interest in an entity that owes the Debtor money. The conflicts taken together gives the perception that there is a bias towards Mr. Kounovsky's interests and the equity interest in general in this case. For example, the original schedules listed MJM Investments, LLC and Nova DC LLC as holding claims of $0 on Schedule F but did not disclose that those claims were paid approximately $500,000 each prior to the case being filed and that both entities are insiders by virtue both entities being owned by insiders. Mr. Kounovsky was the President of the Debtor who made those transfers. The transfers need to be investigated, and Mr. Kounovsky's decision making will be an important issue in that litigation. Likewise, the Debtor will need to collect the $57,308.33 JAMCO, LLC note receivable listed on Schedule B at 70.

Based on the collective conflicts, the UST requests that the Court find that the Dakota Bankruptcy Firm represents an interest adverse to the estate and disqualify the firm.

Dated: November 18, 2024

MARY R. JENSEN
ACTING U.S. TRUSTEE REGION 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55415
Telephone: (612) 334-1366
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

**Jamieson CAPEX Fund, LLC**　　　　　　　　　　**Bankr. No. 24-30422**

**Debtor.**　　　　　　　　　　　　　　　　　　**Chapter 11**

---

### CERTIFICATE OF SERVICE

---

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies that a true and correct copy of the Notice was electronically transmitted via CM/ECF.

Dated:   November 18, 2024

　　　　　　　　　　　　　　　　　　　　　/s/ Sarah J. Wencil
　　　　　　　　　　　　　　　　　　　　　Sarah J. Wencil