IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMIESON CAPEX FUND, LLC., | ) | |
| | ) | Adversary Case No. 24-07029 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN J. TYLER, in her official capacity as the Securities Commissioner of the North Dakota Department of Securities, | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF NORTH DAKOTA, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TURNOVER OF PROPERTY AND ECONOMIC DAMAGES**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against Karen J. Tyler, in her official capacity as Securities Commissioner of the North Dakota Department of Securities ("Sec. Tyler"), and the State of North Dakota ("North Dakota"), states as follows:

**Introduction**

1. This is an action (i) pursuant to Section 542 of Title 11 of the United States Code for the turnover of property belonging to the Debtor, specifically monies totaling $621,259.33 currently held and unlawfully withheld by the Defendants; and (ii) pursuant to Sections 544 and 548 of Title 11 of the United States Code, to avoid fraudulent conveyances of the Debtor's assets

1

and to seek additional monetary damages on account of the economically deleterious impact of the subject fraudulent conveyances on the Debtor's business.

2. The funds in question constitute the pre-petition revenues of the Debtor, over which the Defendant is illegally exercising domain and control by continuing to withhold the monies without proper legal justification.

3. As a result of the Defendant's actions, the Debtor now finds itself without access to significant pre-petition revenue totaling more than $600,000.00—a substantial sum to a small business.

4. The withholding of these monies has caused—and continues to cause—the Debtor direct and foreseeable economic harms, as CAPEX has been without the ability to pay various debts as they came due and, consequently, has lost at least one valuable real estate asset to foreclosure.

5. This complaint is intended—aside from creating a vehicle through which damages may be recovered and a turnover of estate funds may be ordered—to formally notify the Defendants of the substantial risk their actions pose to the Debtor's successful reorganization and to assert the Debtor's rights under Title 11 of the United States Code (the "Bankruptcy Code").

**Parties**

6. CAPEX is a North Dakota limited liability company and the debtor-in-possession in the above-captioned bankruptcy proceeding.

7. Sec. Tyler is the Securities Commissioner of the North Dakota Securities Department, having been appointed by Governor Doug Burgum to said position effective December 2016. Sec. Tyler is sued solely in her official capacity as the Securities Commissioner of the North Dakota Securities Department, with said department being responsible for regulating the offer and sales of securities in North Dakota.

8. North Dakota is, and at all times since 1889 has been, a constituent state of the

United States.

## Jurisdiction and Venue

9. This Honorable Court enjoys jurisdiction over the instant dispute pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as an action for turnover is an enumerated "core proceeding" pursuant to the allowances of Section 157(b)(2)(E) of Title 28 of the United States Code and this suit additionally concerns the administration of the Debtor's estate, 28 U.S.C. § 157(b)(2)(A), as well as the liquidation of litigation assets belonging to the Debtor's estate, 28 U.S.C. § 157(b)(2)(O).

10. Venue is properly laid in this Honorable Court pursuant to Section 1334 of Title 28 of the United States Code, as this matter arises under Title 11 of the United States Code and is additionally related to a proceeding pending in this Honorable Court.

## General Allegations

11. On September 22, 2024 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of North Dakota, initiating Case No. 24-30422.

12. The Debtor is engaged in investment activities, specializing in financing for real estate development projects and other investment opportunities within North Dakota and surrounding regions. The Debtor raises capital from investors and extends loans to various entities, earning returns through interest payments and profit participations.

13. The Defendants initiated various pre-petition investigations into the affairs of the Debtor and related persons and entities, alleging the misappropriation of funds, the carrying on of a Ponzi-like scheme, and myriad bad acts. These allegations ultimately proved uniformly unfounded as related to the Debtor, and almost uniformly unfounded as related to other parties, with the Debtor and the Defendants agreeing that the Debtor would simply fix certain paperwork errors as a

3

condition to carrying on business as usual.

14. It has been subsequently learned that at the time of these investigations, Sec. Tyler was overseeing an office with at least one securities litigation attorney acknowledged to lack proper qualification. While it is not known if the subject lawyer was assigned to the investigation of CAPEX, the palpable divide between the colorful allegations lodged against the Debtor, and the facts ultimately proven to be true, suggests less zealous advocacy on behalf of a government agency and more endemic nonfeasance on the part of the North Dakota Securities Department.

15. Nonetheless, the Defendants commandeered assets of the Debtor during this investigation and continue to hold such assets, unlawfully and without justification, as of present.

16. The following assets, currently withheld by the Defendants, represent property of the estate subject to recovery:

i. On or around August 28, 2022, Winthrop & Weinstine, P.A. ("Winthrop") transferred $150,000 to the State of North Dakota rather than releasing it to the Debtor, following instructions related to an investigation by the North Dakota Securities Department. These funds originated from a loan repayment by Greenfield Commons to the Debtor.

ii. On or around October 15, 2022, Paramount Properties made a loan repayment of $471,259.33 intended for CAPEX's Secure Income Fund ('SIF"). However, this amount was transferred to the State of North Dakota and remains withheld by the North Dakota Securities Department, preventing CAPEX from accessing these funds.

17. The total amount withheld by the Defendants is $621,259.33, all of which represents property of the estate necessary for the Debtor's reorganization.

18. The Defendants have been notified of the commencement of the Debtor's bankruptcy case.

19. Despite this knowledge, the Defendants have continued to exercise control over

property belonging to the bankruptcy estate.

### Count I – Turnover (11 U.S.C. § 542)

20.The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as fully set forth herein.

21.The funds currently held by the Defendants constitute the property of the Debtor's estate, pursuant to the allowances of Section 541 of Title 11 of the United States Code.

22.Pursuant to the allowances of Section 542 of Title 11 of the United States Code, the Defendants are required to facilitate the turnover to the Debtor of funds constituting property of the Debtor's estate.

23.The Debtor is required, by both governing law and order of this Honorable Court, to place such funds in an insured depository account to maintain transparency and proper oversight. However, the Debtor's inability to access these funds due to Defendant's withholding impedes its ability to comply with these requirements.

WHEREFORE, CAPEX respectfully prays this Honorable Court (i) direct Sec. Taylor and the State of North Dakota to turnover all funds belonging to the Debtor; (ii) enjoin, preliminarily and permanently, Sec. Taylor and the State of North Dakota from continuing to withhold or exercise control over the monies; (iii) award CAPEX its reasonable attorney's fees and suit costs incurred in this action and reduce the same to a judgement in favor of CAPEX and against Sec. Taylor and the State of North Dakota; and (iv) afford such other and further relief as may be just and proper.

### Count II – Fraudulent Conveyance (11 U.S.C. § 548)

24.The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as fully set forth herein.

25.The Debtor did not receive any value whatsoever, much less reasonably equivalent value, when the Defendants seized monies belonging to CAPEX.

26. The Defendants' seizure of monies belonging to the Debtor caused CAPEX to cease being able to pay various debts as they came due.

27. The Defendants' seizure of monies belonging to the Debtor caused CAPEX to have unreasonably small capital.

28. As a direct result of CAPEX not being able to pay debts as they came due, and having unreasonably small capital, certain real estate assets of CAPEX were lost to foreclosure, with significant equity—exceeding $1 million—being lost through the foreclosure process.

WHEREFORE, CAPEX respectfully prays this Honorable Court (i) enter judgment in favor of the Debtor, and against the Defendants, in the sum of $621,259.33, as and for actual damages occasioned by the Defendants' action or, alternatively, as and for the avoidance of multiple fraudulent conveyances; (ii) enter judgment in favor of the Debtor, and against the Defendants, in the sum of $1,242,518.66, as and for punitive damages; (iii) award CAPEX its reasonable attorney's fees and suit costs incurred in this action and reduce the same to a judgement in favor of CAPEX and against the Defendants; and (iv) afford such other and further relief as may be just and proper.

**Count III – Fraudulent Conveyance (11 U.S.C. § 544; N.D.C.C. § 13-02.1-04)**

29. The Debtor repeats and realleges each and every foregoing paragraph of this Complaint, as fully set forth herein.

30. The Debtor did not receive any value whatsoever, much less reasonably equivalent value, when the Defendants seized monies belonging to CAPEX.

31. At the time the Defendants seized the Debtor's monies, CAPEX was engaged in business for which the remaining assets of the Debtor were unreasonably small in relation to the business.

32. Specifically, and without limitation, the Defendants' seizure of CAPEX's monies

6

caused CAPEX to have funds insufficient to pay various promissory notes and, as a direct result of such, CAPEX lost to foreclosure real estate assets securing the subject promissory notes.

WHEREFORE, CAPEX respectfully prays this Honorable Court (i) enter judgment in favor of the Debtor, and against the Defendants, in the sum of $621,259.33, as and for actual damages occasioned by the Defendants' action or, alternatively, as and for the avoidance of multiple fraudulent conveyances; (ii) enter judgment in favor of the Debtor, and against the Defendants, in the sum of $1,242,518.66, as and for punitive damages; (iii) award CAPEX its reasonable attorney's fees and suit costs incurred in this action and reduce the same to a judgement in favor of CAPEX and against the Defendants; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Date: November 18, 2024    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

By:    /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 970-2770
christianna@dakotabankruptcy.com
*Counsel for the Debtor*