IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**MOTION TO PAY RETAINER AND MONTHLY
SUPPLEMENTS TO SUBCHAPTER V TRUSTEE**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Debtor"), by and through undersigned counsel, pursuant to Sections 330 and 363 of Title 11 of the United States Code, and moves this Honorable Court for leave to (i) cause a retainer to be transferred to the Subchapter V trustee herein (the "Subchapter V Trustee"); and (ii) make monthly supplemental payments to the Subchapter V Trustee, and in support thereof states as follows:

**I.      Introduction**

While the Debtor has enormous faith this case will yield funds more than sufficient to pay all claims (let alone merely administrative expense claims), bankruptcies are, almost by definition, a finicky business. Counsel for the Debtor enters this case with a retainer in their firm's trust account and having made a conscious election to assume the ultimate risk of there being an unavailability of funds over and above that retainer. Counsel for creditors work pursuant to private compensation agreements. And counsel for the United States Trustee is compensated by the Department of Treasury. But the Subchapter V Trustee enters a case of this variety uniquely at risk, being asked to help shepherd CAPEX through bankruptcy but being without any financial assurance of his efforts being recompensed. The Debtor wishes to change this dynamic.

In an effort to ensure the Subchapter V Trustee is appropriately compensated no matter the ultimate disposition of this case, the Debtor seeks to (i) pay a $3,000.00 retainer to the Subchapter

1

V Trustee; and (ii) pay the Subchapter V Trustee an additional sum of $1,000.00 per month, for the pre-confirmation duration of this case, on or before the 15th calendar day of each month (commencing in December 2024). The Subchapter V Trustee's fees will still be subject to this Honorable Court's approval and any monies he may be holding, over and above those allowed fees, will be transferred to the Debtor following disposition of the Subchapter V Trustee's final fee application. But these mechanics will, in the interim, serve to ensure the Subchapter V Trustee is appropriately assured of this not being an inadvertently *pro bono* case.

For these reasons, and as extrapolated upon *infra*, the Debtor seeks approval of this arrangement.

## II.     Argument: The Relief Should be Granted

There is not exactly a large collection of case law governing the payment of retainers to Subchapter V trustees, though there is, quite assuredly, a large collection of anecdotal accounts of such fiduciaries pouring large swaths of time into cases only to be left with depreciated claims against administratively insolvent debtors and their estates. At core, though, the arrangement proposed *sub judice* falls firmly within this Honorable Court's equitable powers. And this is an accord that has been carefully crafted with an eye toward creating a more efficient process—and balancing economic risk—in wake of other cases in this Honorable Court.[1]

Familiarly, Title 11 of the United States Code (the "Bankruptcy Code") permits this Honorable Court to allow "(A) reasonable compensation for actual, necessary services rendered by the trustee… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

---

[1] The majority of the Subchapter V cases in this Honorable Court, since January 1, 2022, have had the same Subchapter V trustee. Each case is, no doubt, unique. And each case comes with its own merits and detriments. But these collective experiences do well inform tweaks that may be appropriately made to patterns and practices on a forward-looking basis.

The Bankruptcy Code is notably brief when it comes to the mechanics of such compensation, however, with Subchapter V trustees being expressly excluded from the operative provisions of Section 326 of the Bankruptcy Code.

All that is proposed instantly is that the Subchapter V Trustee be paid monies—to be held in trust, pending judicial approval of his time and expenses—for application toward any compensation permitted under Section 330. The initial retainer of $3,000.00 will be conveyed within fourteen days of entry of an order granting this motion.

Following this initial retainer, the Debtor will pay the Subchapter V Trustee—also to be held in trust, pending judicial approval of time and expenses—the sum of $1,000.00 per month, commencing December 15, 2024. These funds are meant to add security to that created by the foregoing retainer. And while these will come out of the Debtor's operating account, they will be paid during a reorganizational period when the Debtor is otherwise generally unobligated (and, indeed, not permitted) to make payments on prepetition debt obligations.

At core, this is a sensible arrangement, allowing the Debtor to undertake the hard work of reorganizing with cleareyed knowledge of the short-term bankruptcy-centric financial obligations that will befall CAPEX. This also allows the Subchapter V Trustee to operate without concern about his services being an inadvertently *gratis* contribution to an investment fund.

### III. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) grant this motion; (ii) permit the Debtor to pay a $3,000.00 retainer to the Subchapter V Trustee; (iii) direct the Debtor to pay the Subchapter V Trustee $1,000.00 per month, commencing December 15, 2024, for the pre-confirmation duration of this Chapter 11 case; and (iv) afford such other and further relief as may be just and proper.

3

Respectfully Submitted,

Dated: November 19, 2024      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4