IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC. | ) | |
| | ) | |
| Debtor. | ) | |

**APPLICATION TO APPROVE EMPLOYMENT OF
<u>MICHAEL T. SCHMITZ AS CHIEF RESTRUCTURING OFFICER</u>**

Comes now Jamieson CAPEX Fund, LLC (the "Debtor" or "CAPEX"), pursuant to Sections 327 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to employ Michael T. Schmitz ("Mr. Schmitz") as chief restructuring officer ("CRO") of the Debtor, and in support thereof states as follows:

**I.      Introduction**

The Debtor seeks to appoint Mr. Schmitz to serve as its CRO, granting him authority to oversee the financial and operational restructuring of CAPEX for the duration of this case and through the term of a plan of reorganization, until such a time as all pre-petition creditor claims are paid in full. Critical to this appointment is the Debtor's intent that Mr. Schmitz function as a CRO whose authority is not subject to removal by the directors and other officers of the Debtor, but only by this Honorable Court (with directors and officers, of course, retaining standing to bring a motion demonstrating cause for removal).

While the Debtor did not previously believe that a CRO is necessary in this case, issues recently raised by the United States Trustee (the "UST") have created a prism whereby the Debtor appreciates that appointment of a CRO will (i) afford added confidence in the integrity of CAPEX's reorganization; (ii) prevent a potentially-calamitous conversion of this case to Chapter

1

7; and (iii) help restore focus on the efforts of CAPEX to use this case as a vehicle through which monies can be strategically pursued and collected for the benefit of all creditors and equity holders. While all Chapter 11 cases present unique challenges, the intricacies of this case invite introduction of a CRO with both substantial expertise and unimpeachable credibility. Mr. Schmitz's appointment ensures the Debtor's representative possesses the qualifications, independence, and loyalty necessary to navigate these challenges effectively and in the best interest of the estate. Approving Mr. Schmitz's employment as CRO will provide the leadership and stability required for a successful restructuring.

**II.    Standard**

Familiarly, a debtor-in-possession (standing in the shoes of a trustee) is permitted to "employ one or more … professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).[1]

Additionally, under 11 U.S.C. § 363(b), a debtor-in-possession may use estate property outside the ordinary course of business after notice and a hearing. Courts interpreting § 363(b) have routinely authorized the employment of interim corporate officers, such as CROs, when the proposed action reflects a sound exercise of the debtor's business judgement. See *Comm. of Equity*

---

[1] The term "professional persons" is not defined in Title 11 of the United States Code. However, "[s]ome courts have defined the term as an individual who takes a central role in the bankruptcy estate and proceedings, as opposed to one who provides services that are necessary irrespective of bankruptcy." *In re Evan Johnson & Sons Constr., Inc.*, 2019 WL 5057948, at *3 (Bankr. S.D. Miss. Mar. 11, 2019) (citing *In re Bannerman Holdings, LLC*, 2010 WL 2404313 at *2-3 (Bankr. E.D.N.C. June 10, 2010); *In re Century Inv. Fund VII Ltd. P'ship*, 96 B.R. 884, 893 (Bankr. E.D. Wis. 1989); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981)).

*Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070–71 (2d Cir. 1983); *In re Gander Mountain Co.*, No. 17-30673 (Bankr. D. Minn. Mar. 30, 2017) (approving employment of a CRO under § 363(b)).

The Federal Rules of Bankruptcy Procedure, in turn, require an application such as this shall, *inter alia*:

> … state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

### III. Formalistic Recitations

Pursuant to the rigors of the above-cited rule, the Debtor notes that (i) Mr. Schmitz is the person to be employed; (ii) Mr. Schmitz has been selected based on his sterling credentials, familiarity with financial restructuring, and longstanding reputation for integrity; (iii) his experience in leadership roles, both in the private and public sectors, demonstrates his capability to manage complex financial challenges with precision and credibility; (iv) as CRO, Mr. Schmitz will act as the debtor-in-possession's representative in this case, being vested with complete decision-making authority; and (iv) Mr. Schmitz seeks to be compensated at the rate of $404.72 per hour, with his compensation being subject to the approval of this Honorable Court and with said compensation to come from the Debtor and its estate.

### IV. Argument

#### a. Mr. Schmitz is Well Qualified both Legally and Pragmatically

Mr. Schmitz holds a bachelor of science degree in business administration and accounting, as well as an MBA in accountancy from the University of Mary. He is a Certified Public

3

Accountant (CPA) licensed to practice in North Dakota and is also a Chartered Global Management Accountant (CGMA). With over thirty years of professional experience, Mr. Schmitz has demonstrated expertise in supervising engagements, performing audits, and providing business and tax consulting services.

Mr. Schmitz is currently a shareholder and partner in Point CPA, formerly known as Schmitz-Holmstrom CPA, which he established in 2019 through the purchase of the Bismark and Hazen officers of Widmer Roel PC. His extensive career includes serving as a senior trust officer for over five years, director of finance for a private company for two and a half years, and partner in charge of audit, review, compilation, and tax engagements for five and a half years. Additionally, he has accumulated eight years of experience as a manager and staff accountant.

Beyond the private sector, Mr. Schmitz has a distinguished record of public service. He is the current Mayor of the City of Bismark, having been elected in June 2022, and has held various leadership roles within the accounting profession. He is a current board member of the National Association of State Boards of Accountancy (NASBA), chair of the Peer Review Compliance Committee, and a member of the American Institute of Certified Public Accountants (AICPA). He has also served on the North Dakota State Board of Accountancy, including a term as president, during which he led significant administrative changes. His professional service extends to numerous local non-profit organizations, where he contributes his financial acumen as a member of their finance committees.

While Mr. Schmitz holds no economic interest in the Debtor and has never been employed by the Debtor, *see* Declaration of Michael T. Schmitz, attached hereto as Exhibit A, his familiarity with complex financial landscapes and his years of community leadership position him uniquely to navigate the challenges at hand.

### b. Employing Mr. Schmitz as CRO is a Sound Exercise of the Debtor's Business Judgment

The phrase "Chief Restructuring Officer" appears in 499 bankruptcy court opinions, published and unpublished, discoverable through a LexisNexis search. The lone such opinion to come from this Honorable Court mentions the existence of a CRO in a case related to an adversary proceeding but does not substantively discuss the appointment of the individual. *BMO Harris Bank N.A. v. McMartin (In re McMartin)*, 2021 Bankr. LEXIS 447, at *59 (Bankr. D.N.D. Feb. 26, 2021). Yet a CRO is serving in at least five cases in this Honorable Court presently, *EPIC Companies Midwest,* LLC, Case No. 24-30281 (Bankr. D.N.D. 2024), and, no doubt, CROs have almost assuredly served in cases in this district previously. However, whether by reason of such never proving sufficiently controversial to merit a written opinion or otherwise, there is no binding precedential standard for such an appointment in this Honorable Court. It is hoped the relief sought herein will not prove so contentious as to invite the creation of such precedent.

The Debtor's decision to employ Mr. Schmitz as its CRO is a clear and proper exercise of sound business judgment. Section 363(b) of the Bankruptcy Code authorizes a debtor in possession, after notice and a hearing, to use property of the estate outside the ordinary course of business when there is a demonstrable and legitimate business justification. 11 U.S.C. § 363(b); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring a "good business reason" to authorize a sale pursuant to 11 U.S.C. § 363(b)); *In re W.A. Mallory Co*., 214 B.R. 834, 836 (Bankr. E.D. Va. 1997) ("This Court follows the 'sound business purpose' test when examining § 363(b) sales."). The standard is flexible and deferential, focusing on whether the debtor's decision reflects a reasoned, good-faith effort to benefit the estate and its stakeholders. *See In re Farmland Indus., Inc*., 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003).

5

Judicial intervention is warranted only when decisions are clearly erroneous, arbitrary, or made in bad faith, in violation of fiduciary duties, or contrary to the Bankruptcy Code. *Id.*

Moreover, bankruptcy courts are vested with the power to appoint a "Responsible Officer" for a debtor-in-possession. *Matter of Gaslight Club, Inc.*, 782 F.2d 767, 771 (7th Cir. 1986) (citing *In re FSC Corp.*, 38 B.R. 346 (Bankr. W.D. Penn. 1983)). And this Honorable Court does, too, have the authority to make such appointments in a manner that restricts the subsequent removal of the responsible officer. *See, e.g.*, *In re K.G. IM, LLC*, 620 B.R. 469, 476 (Bankr. S.D.N.Y. 2020) (approving the appointment of a CRO with "all of the powers and duties to operate the Debtors' business" and the "sole and exclusive power to exercise all of the management, voting rights, consent rights and powers of each of the Debtors, without regard to, or requirement of, any management, voting rights, consent rights, consultation rights or powers of any person who has any such rights or powers under any of the Debtors' Operating Agreements…"). This practice recognizes that appointing seasoned, independent professionals can stabilize operations, restore creditor confidence, and improve the debtor's prospects for a successful reorganization

In the current circumstances, the decision to engage Mr. Schmitz is not merely appropriate—it is essential. CAPEX is grappling with finance-centric challenges that demand the leadership of a seasoned expert with specialized proficiency. While Jeremy Carlson has performed commendably in his role as president of the Debtor, the introduction of Mr. Schmitz—who has a proven track record in financial and operational oversight—provides the critical expertise needed to navigate the intricacies of CAPEX's reorganization process with the highest ethos.

Mr. Schmitz's qualifications strongly support this appointment. With advanced degrees in business and accounting, CPA certification, and experience in the insolvency industry, he brings unparalleled expertise to this role. His tenure as Mayor of Bismarck further underscores his

6

commitment to transparency and accountability—qualities essential for navigating the restructuring process effectively and building trust among stakeholders.

Additionally, the terms of Mr. Schmitz's engagement are aligned with the estate's best interests. His proposed compensation is both competitive and reasonable when compared to prevailing market rates for professionals of his caliber. Importantly, his independence from CAPEX ensures that his decisions will prioritize the estate's welfare, free from any conflicts of interest.

Accordingly, and given the Debtor's demonstrated business justification for this decision, this Honorable Court should grant the Motion and authorize the Debtor to retain and employ Mr. Schmitz as its CRO. His appointment is a critical and necessary step in stabilizing CAPEX's operations, maximizing the value of the estate, and ensuring a successful reorganization for the benefit of all stakeholders.

V.     **Conclusion**

As evidenced by the complexities and challenges CAPEX faces, this case is far from straightforward. The legal, financial, and operational hurdles the Debtor must overcome to achieve a successful reorganization are both significant and demanding. However, CAPEX has approached these challenges with a clear understanding of the path ahead, choosing bankruptcy relief as a strategic step toward stabilization and recovery. The Debtor is confident that these challenges are best navigated under the experienced and capable leadership of Mr. Schmitz, whose expertise and independence provide the foundation for a successful reorganization.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Michael T. Schmitz as Chief Restructuring Officer to the Debtor; and (ii) afford such other and further relief as may be just and proper.

7

                                                      Respectfully submitted,

Dated: December 6, 2024      By:   /s/ Maurice B. VerStandig
                                                          Maurice B. VerStandig, Esq.
                                                          The Dakota Bankruptcy Firm
                                                          1630 1st Avenue N
                                                          Suite B PMB 24
                                                          Fargo, ND 58102-4246
                                                          Phone: (301) 444-4600
                                                          mac@dakotabankruptcy.com
                                                          *Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 6th day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein including, *inter alia*, counsel for the United States Trustee.

                                                                       /s/ Maurice B. VerStandig
                                                                       Maurice B. VerStandig