IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

|  |  |
|---|---|
| In re: | Case No. 24-30422 |
|  | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC. |  |
| Debtor. |  |
|  | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Jeff Johnson ("Creditor"), a party-in-interest in the above-entitled case, respectfully moves this court for relief from the automatic stay pursuant to § 362 of the Bankruptcy Code and Rules 4001 and 9014 of the Rules of Bankruptcy Procedure. In support of its motion, Creditor alleges as follows:

1. On June 29, 2023, Creditor brought suit, in the East Central Judicial District Court of North Dakota, against Jamieson CAPEX Fund, LLC ("Debtor") and other co-defendants. Creditor alleging violations of state securities laws perpetrated by the Debtor and other co-defendants.

2. Creditor filed a motion for summary judgment on August 1, 2024. Following the submission of briefs by Creditor, and a third-party defendant, the court granted summary judgment in favor of Creditor on September 27, 2024. In the Order for Summary Judgment, the court definitively stated that Debtor and other co-defendants violated North Dakota securities law by selling unregistered securities as unregistered broker-dealers to the Creditor beginning in 2015.

3. Debtor filed for bankruptcy on September 22, 2024, just five days prior to the court issuing its Order for Summary Judgment. The bankruptcy court accepted the petition for bankruptcy, and sent notice to the Creditor the day before the district court entered its Order for

1

Summary Judgment. Creditor took no action between the time Debtor filed its petition for bankruptcy and when the district court entered its Order For Summary Judgment.

    4.      In the Order for Summary Judgment, the court ordered counsel for the Creditor to file a proposed Judgment reflecting the findings expressed in the Order for Summary Judgment. Adhering to the court's order, Creditor filed a proposed Judgment on October 15, 2024. On October 25, 2024, the court entered Judgment confirming the fact that Debtor violated state securities law and thus, Creditor's investments with Debtor and other co-defendants were void and Creditor could rescind their investments.

    5.      The Judgment states that the Debtor and the co-defendants are jointly and severally liable to the Creditor for the sum of $567,200 plus statutory interest and attorney fees.

    6.      Under 11 U.S.C.S. § 523(a)(19), Creditor has a non-dischargeable debt against the Debtor. § 523(a)(19) requires the court to deny the dischargeability of debt in a bankruptcy case if 1) the Debtor has been found by a tribunal to have violated state or federal securities laws and 2) the finding of said violation is memorialized in a judgment. The Creditor has not sought enforcement of the Judgment against the Debtor due to the Automatic Stay in place following the commencement of the bankruptcy case, but is now seeking for the debt to be declared nondischargeable.

    7.      Creditor does not have nor has it been offered adequate protection of its awarded sum. To ensure that this court deny dischargeability of Creditor's debt, Creditor requires relief from the Automatic Stay to enforce the awarded Judgment against Debtor. Accordingly, pursuant to § 362(d)(1) of the Code, cause exists for relief from the automatic stay.

    8.      Under § 362(d) a bankruptcy court is required to "'grant relief from the stay . . . such as by terminating, *annulling*, modifying, or conditioning such stay' for, among other reasons,

cause.'" *CLMG Corp. v. Dyer (In re Dyer)*, Nos. 18-62156, 12, 2019 Bankr. LEXIS 652, at *4 (Bankr. W.D. Va. Mar. 1, 2019); quoting § 362(d)(1). "The inclusion of 'annulling' in this subsection emphasizes that the Court may grant relief from stay retroactively. This means that actions, which would otherwise be void as a violation of the automatic stay, may be validated by the bankruptcy court in annulling the stay." *Id.* at 4-5. A court retroactively annulling the automatic stay due to a technical violation has been deemed proper. *Id.* at 5. Creditor filed a proposed Judgment with the court pursuant to the district court's order and ensured that all parties were aware that Creditor did not intend to enforce the Judgment against Debtor at that time due to the automatic stay. However, to qualify for a nondischargeable debt under § 523(a)(19) and protect Creditor's awarded sum, Creditor required a Judgment be entered.

9. The awarded to Creditor by the Judgment includes statutory interest through the end of 2024, which has not been set by the court. As such, the balance owed until December 31, 2024 is $567,200 plus attorneys fees.

**PRAYER FOR RELIEF**

1. WHEREFORE, Creditor requests that this Court enter an order as follows:

1) Granting Creditor retroactive relief from the automatic stay, thus annulling the automatic stay effective September 27, 2024;

2) Permitting Creditor to exercise all of its non-bankruptcy rights in and to the awarded sum;

3) Waiving Rule 4001(a)(3) so that Creditor may immediately enforce and implement the court's order granting relief from the automatic stay.

4) Granting such other and further relief as is just and equitable.

3

Dated: December 12, 2024                      Respectfully submitted,

*/s/ Christopher McShane*
Christopher M. McShane, ND ID # 06278
OHNSTAD TWICHELL, P.C.
444 Sheyenne Street, Suite 102
P.O. Box 458
West Fargo, ND 58078-0458
Tel: (701) 282-3249
Fax: (701) 282-0825
cmcshane@ohnstadlaw.com
*Counsel for Defendant*