# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NORTH DAKOTA

---

In re:                                                                   Case No. 24-30422
                                                                         (Chapter 11)

JAMIESON CAPEX FUND, LLC.

                    Debtor.

                                                               **BRIEF IN SUPPORT OF**
                                                              **MOTION FOR RELIEF**
                                                         **FROM THE AUTOMATIC STAY**

---

### I.       INTRODUCTION

[¶ 1]       Jeff Johnson ("Creditor"), a party-in-interest in the above-entitled case, respectfully

submits this Motion for Relief from the Automatic Stay to enforce the Judgment for damages

caused by securities fraud entered against Jamieson CAPEX Fund, LLC ("Debtor") by the Cass

County District Court on October 25, 2024, pursuant to an Order for Summary Judgment entered

on September 26, 2024.  To the extent necessary, Creditor requests and order that he has cause

which allows the bankruptcy court to grant Creditor retroactive relief from the Automatic Stay

regarding the Judgement for securities fraud damages entered on October 25, 2024.

[¶ 2]       On June 29, 2023, prior to the commencement of the above bankruptcy filing,

Creditor brought suit against Debtor and other co-defendants. Creditor alleged violations of state

securities laws perpetrated by the Debtor and other co-defendants.

[¶ 3]       Creditor filed a Motion for Summary Judgment on August 1, 2024, requesting the

district court find that Debtor and co-defendants violated state securities laws which would entitle

Creditor to rescind their investments made with Debtor and the co-defendants. As noted by the

district court in their Order for Summary Judgment, Debtor did not respond to Creditor's motion.

Thus, as noted by the district court, under N.D.R. Civ. P. Rule 56, "[i]f the opposing party does not so respond, summary judgment shall, if appropriate, be entered against that party."

[¶ 4]    On September 26, 2024, Debtor's bankruptcy petition was accepted, and notice was mailed to Jeff Johnson..

[¶ 5]    On September 27, 2024, the district court granted summary judgment in favor of Creditor, finding that Debtor and co-defendants violated state securities laws by selling Creditor unregistered securities as unregistered broker-dealers. As a result, the court awarded Creditor the sum of his investments made with Debtor and other co-defendants in the amount of $567,200 plus statutory interest and attorney's fees. Additionally, the court found that Debtor and other co-defendants were jointly and severally liable for the awarded sum.

[¶ 6]    In the Order for Summary Judgment, the district court directed counsel for the Creditor to file a proposed Judgment reflecting the findings expressed in the Order for Summary Judgment. Creditor followed the instructions of the state district court judge by preparing a proposed Judgment, but Creditor did not take any other action to progress the litigation after Debtor filed their petition with the bankruptcy court. On October 25, 2024, the district court entered Judgment that Debtor and co-defendants violated state securities law and thus, Creditor's investments with Debtor and other co-defendants were void and permitted Creditor to rescind their investments.

[¶ 7]    On November 12, 2024, Debtor filed a Complaint, alleging that Creditor had violated the Automatic Stay in place in the bankruptcy case by filing the proposed Judgment in the district court case. The Creditor's Answer, Counterclaim, and Motion for Relief from the Automatic Stay followed.

2

## II.    LAW & ANALYSIS

[¶ 8]    The decision to grant relief from the automatic stay is at the discretion of the bankruptcy court. *Kirwan v. Vanderwerf* (In re Kirwan), 164 F.3d 1175, 1178 (8th Cir. 1999). "The purpose of the automatic stay is to give the debtor a breathing spell from his creditors in which he may attempt a repayment or reorganization plan." *Indigo Marketplace, LLC v. FarmOp Capital, LLC*, No. 4:22-CV-00618-LPR, 2023 U.S. Dist. LEXIS 92775, at *9 (E.D. Ark. May 26, 2023). However, "[t]he mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, its opportunity to litigate, or the fact that the debtor may be liable to the plaintiff in some amount." *Wiley v. Hartzler (in Re Wiley)*, 288 B.R. 818, 822 (B.A.P. 8th Cir. 2003).

[¶ 9]    Here, the Creditor seeks relief from the Automatic Stay for "cause" pursuant to 11 U.S.C.S. § 362(d)(1). Although the Bankruptcy Code does not define "cause," the Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") has consistently ruled that relief may be granted for "cause" to permit litigation against a debtor to continue in non-bankruptcy forums under appropriate circumstances. Id.; *Blan v. Nachogdoches County Hospital (In re Blan)*, 237 B.R. 737, 739 (B.A.P. 8th Cir. 1999). In *Wiley* and *Blan*, the BAP cited to legislative history which stated, "[i]t would often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere."

[¶ 10]    Under § 362(d) a bankruptcy court is required to "'grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay for, among other reasons, cause.'" *CLMG Corp. v. Dyer (In re Dyer)*, Nos. 18-62156, 12, 2019 Bankr. LEXIS 652, at *4 (Bankr. W.D. Va. Mar. 1, 2019); quoting  § 362(d)(1). "The inclusion of 'annulling' in this subsection emphasizes that the Court may grant relief from stay retroactively. This means that

actions, which would otherwise be void as a violation of the automatic stay, may be validated by the bankruptcy court in annulling the stay." *Id.* at 4-5. A court retroactively annulling the automatic stay due to a technical violation has been deemed proper. *Id.* at 5.

[¶ 11]    11 U.S.C.S. § 523(a)(19) requires the court to deny the dischargeability of debt in a bankruptcy case if 1) the Debtor has been found by a tribunal to have violated state or federal securities laws and 2) the finding of said violation is memorialized in a judgment.

[¶ 12]    Here, the Creditor began a cause of action against the Debtor and other co-defendants for violations of state securities laws more than a year prior to the Debtor filing a petition in bankruptcy court. As such, the Debtor seeking relief through the bankruptcy process does not erase Creditor's claim and opportunity to litigate their cause of action. Additionally, Debtor's bankruptcy petition was accepted and mailed to the Creditor just one day prior to the district court issuing their Order for Summary Judgment.

[¶ 13]    Creditor did not take any action to further his position within the district court litigation after Debtor filed its petition. However, the litigation was in the final stage when Debtor filed its petition. Thus, it makes the most sense for relief from the Automatic Stay to be retroactive so the district court judgment – which was not contested by the Debtor – can remain effective. The Judgment that was entered in the district court case serves two important functions: 1) it ends the litigation between Creditor and Debtor finding a violation of state securities laws and 2) the Judgment is necessary for the Creditor to deny dischargeability of the awarded sum by the bankruptcy court to protect Creditor's interests under § 523(a)(19).

[¶ 14]    In order to "continue" the litigation and allow the entry and enforcement of the Judgment, the bankruptcy court must grant retroactive relief from the automatic stay. The "continuation" of the district court litigation action provides an opportunity for Creditor to protect

4

his awarded sum because a tribunal finding that Debtor violated state or federal securities law and that finding being memorialized in a judgment is required under § 523(a)(19). As such, should the bankruptcy court apply the relief from the Automatic Stay effective September 27, 2024, Creditor would be permitted to enter and enforce the Judgment against the Debtor to ensure the bankruptcy court deems the awarded sum non-dischargeable without violating the Automatic Stay.

[¶ 15]    Creditor filed a proposed Judgment with the district court prior to seeking relief from the Automatic Stay for one purpose: to ensure adherence to the district court's order. Thus, Creditor did not violate the Automatic Stay because Creditor took no action to progress the litigation. The Judgment entered was the result of actions that took place before Debtor's petition in bankruptcy.  Furthermore, the Judgment renders the debt caused by the securities fraud to be nondischargeable pursuant to § 523(a)(19). As a result, Creditor had cause to obtain relief from the Automatic Stay prior to filing the proposed judgment because obtaining a judgment was the only way to protect Creditor's interests. Thus, if any violation was made, it was technical in nature. Creditor was following the district court's order as is required and did not seek to enforce the Judgment against Debtor which means the purpose of the Automatic Stay was not thwarted.

### III.    CONCLUSION

[¶ 16]    Creditor has cause to be granted retroactive relief from the Automatic Stay. Creditor filed their cause of action against the Debtor June 29, 2023. The litigation was in the final stage when Debtor filed its petition with the bankruptcy court. By granting Creditor retroactive relief from the Automatic Stay to enter and enforce the Judgment awarded in favor of Creditor, said awarded sum becomes non-dischargeable and Creditor's interest can be protected. As such, cause exists to grant Creditor retroactive relief from the Automatic Stay.

758740120
4934-4595-8661, v. 2

Dated: December 12, 2024                    Respectfully submitted,

*/s/ Christopher McShane*
Christopher M. McShane, ND ID # 06278
OHNSTAD TWICHELL, P.C.
444 Sheyenne Street, Suite 102
P.O. Box 458
West Fargo, ND 58078-0458
Tel: (701) 282-3249
Fax: (701) 282-0825
cmcshane@ohnstadlaw.com
*Counsel for Defendant*

758740120
4934-4595-8661, v. 2