Docusign Envelope ID: 681F33C5-5B4D-4A50-A4C7-DDB5A0DFFDC0

Case 24-30422    Doc 89-1    Filed 01/12/25    Entered 01/12/25 17:21:02    Desc Exhibit
1 - Declaration of Michael Schmitz in Favor of Confirmation    Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## **DECLARATION OF MICHAEL SCHMITZ IN FAVOR OF CONFIRMATION**

1. My name is Michael Schmitz, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. Since December 23, 2024, I have served as the chief restructuring officer ("CRO") of Jamieson CAPEX Fund, LLC ("CAPEX" or the "Debtor").

3. In my capacity as CRO, I have had occasion to review Jamies CAPEX Fund, LLC's Subchapter V Plan of Reorganization (the "Plan," as found at DE #37).

4. Upon consultation with counsel for CAPEX, I believe the Plan is compliant with the provisions of Title 11 of the United States Code (the "Bankruptcy Code").

5. Upon consultation with counsel for CAPEX, I believe the Debtor is in compliance with the Bankruptcy Code.

6. While I was not employed as CRO at the time the Plan was initially proposed, I do know that efforts to confirm the Plan are rooted in a good faith belief the Plan represents the optimal means of seeing to the payments of the claims of creditors, while also preserving the best interests of the Debtor's equity interests.

7. I believe my ongoing service as CRO is consistent with the best interests of creditors, equity security holders, and public policy.

1

8. Upon consultation with counsel for CAPEX, I do not understand any governmental regulatory commission to have jurisdiction over the rates charged by the Debtor, understanding that CAPEX must remain in compliance with governing securities laws and all other laws.

9. The sole class identified in the Plan is impaired and has voted to accept the plan.

10. Upon consultation with counsel for CAPEX, I believe the Plan provides for the payment of administrative expense obligations in accord with Section 1191(e) of the Bankruptcy Code.

11. While I do not believe CAPEX to owe any monies to taxing authorities, the Plan does provide for the payment of such claims, if any, within five years of the date on which CAPEX petitioned for bankruptcy relief.

12. Confirmation of the Plan is not likely to be followed by liquidation, especially insofar as the Plan contains a self-executing mechanism for liquidation of the Debtor if sufficient funds are not timely procured to pay all claims in full.

13. Upon consultation with counsel for CAPEX, I do not believe any filings fees to be unpaid in connection with this case, nor do I believe any quarterly fees to be due an owing to the Untied States Trustee.

14. To the best of my knowledge, CAPEX has never had any employees and, as such, is not obligated to furnish any retiree benefits.

15. Insofar as CAPEX is not a natural person, it is my good faith belief that the Debtor is not obligated to pay any child support or alimony.

16. Upon consultation with counsel for CAPEX, it is my good faith belief that all transfers to be effectuated under the plan will be so effectuated in accord with governing law.

*[Continued on Following Page]*

Docusign Envelope ID: 681F33C5-5B4D-4A50-A4C7-DDB5A0DFFDC0

Case 24-30422    Doc 89-1    Filed 01/12/25    Entered 01/12/25 17:21:02    Desc Exhibit
1 - Declaration of Michael Schmitz in Favor of Confirmation    Page 3 of 3

17. Further declarant sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On 1/12/2025

Signed by:

Michael Schmitz

3