United States Bankruptcy Court

District of North Dakota

In re:     Case No. 24-30422-skh

Jamieson CAPEX Fund, LLC     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0868-3     User: admin     Page 1 of 2

Date Rcvd: Jan 15, 2025     Form ID: pdf2some     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 17, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Jamieson CAPEX Fund, LLC, 2865 Lilac LN N, Fargo, ND 58102-1706 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 17, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Ana Neir | on behalf of Defendant Timothy Karsky in his official capacity as the Securities Commissioner of the North Dakota Department of Securities, aneir@serklandlaw.com |
| Ana Neir | on behalf of Interested Party State of North Dakota aneir@serklandlaw.com |
| Ana Neir | on behalf of Defendant The State of North Dakota aneir@serklandlaw.com |
| Ana Neir | on behalf of Interested Party Commissioner of the North Dakota Securities Department aneir@serklandlaw.com |
| Berly D. Nelson | on behalf of Defendant Timothy Karsky in his official capacity as the Securities Commissioner of the North Dakota Department of Securities, bnelson@serklandlaw.com, rtande@serklandlaw.com;aneir@serklandlaw.com;amcdarby@serklandlaw.com;lhruby@serklandlaw.com |
| Berly D. Nelson | on behalf of Interested Party Commissioner of the North Dakota Securities Department bnelson@serklandlaw.com rtande@serklandlaw.com;aneir@serklandlaw.com;amcdarby@serklandlaw.com;lhruby@serklandlaw.com |
| Berly D. Nelson | |

| | |
|---|---|
| | on behalf of Defendant The State of North Dakota bnelson@serklandlaw.com rtande@serklandlaw.com;aneir@serklandlaw.com;amcdarby@serklandlaw.com;lhruby@serklandlaw.com |
| Berly D. Nelson | on behalf of Interested Party State of North Dakota bnelson@serklandlaw.com rtande@serklandlaw.com;aneir@serklandlaw.com;amcdarby@serklandlaw.com;lhruby@serklandlaw.com |
| Christianna A. Cathcart | on behalf of Debtor Jamieson CAPEX Fund  LLC christianna@dakotabankruptcy.com, Cathcart.ChristiannaB114029@notify.bestcase.com |
| Christianna A. Cathcart | on behalf of Plaintiff Jamieson CAPEX Fund  LLC christianna@dakotabankruptcy.com, Cathcart.ChristiannaB114029@notify.bestcase.com |
| Christopher M. McShane | on behalf of Defendant Jeff Johnson cmcshane@ohnstadlaw.com  kthompson@ohnstadlaw.com;jroaldson@ohnstadlaw.com |
| Christopher M. McShane | on behalf of Creditor Jeff Johnson cmcshane@ohnstadlaw.com  kthompson@ohnstadlaw.com;jroaldson@ohnstadlaw.com |
| Christopher M. McShane | on behalf of Counter-Claimant Jeff Johnson cmcshane@ohnstadlaw.com kthompson@ohnstadlaw.com;jroaldson@ohnstadlaw.com |
| Katrina A. Turman Lang | on behalf of Creditor Jamieson Natural Resources Fund  LLC klang@woldlaw.com, melanie@turmanlaw.com |
| Maurice VerStandig | on behalf of Debtor Jamieson CAPEX Fund  LLC mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email |
| Maurice VerStandig | on behalf of Counter-Defendant Jamieson CAPEX Fund  LLC mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email |
| Maurice VerStandig | on behalf of Plaintiff Jamieson CAPEX Fund  LLC mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email |
| Robert B. Raschke | USTPRegion12.SX.ECF@usdoj.gov |
| Sarah J. Wencil | on behalf of U.S. Trustee Robert B. Raschke sarah.j.wencil@usdoj.gov |
| Thomas Kapusta | tkapusta@aol.com |

TOTAL: 20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                           Bankruptcy No. 24-30422
                                                                 Chapter 11, Subchapter V
Jamieson CAPEX Fund, LLC,

                    Debtor.
_____/

**ORDER CONFIRMING DEBTOR'S CONSENSUAL FIRST AMENDED PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11**

Debtor Jamieson CAPEX Fund, LLC filed its Subchapter V Plan of Reorganization on November 19, 2024, and served it with the Court's scheduling order and a ballot form on December 12, 2024. Docs. 37, 55. The Court received no objections to the plan.

On January 9, 2025, Debtor filed its First Amended Subchapter V Plan of Reorganization. Doc. 88. The First Amended Subchapter V Plan alters the procedure for postconfirmation payment of fees charged by the Subchapter V Trustee and corrects typographical errors. In its Summary of Ballots and Request for Consensual Confirmation, Debtor represents that the Subchapter V Trustee and the United States Trustee consent to the First Amended Subchapter V Plan. Doc. 87. Debtor did not materially modify the terms and provisions specifically applicable to other interested parties. The Court finds that the revisions in the First Amended Subchapter V Plan do not materially or adversely affect the substantive rights of creditors and other interested parties who received notice of the original plan. See Fed. R. Bankr. P. 3019(a).

Based on the First Amended Subchapter V Plan of Reorganization [Doc. 88], the plan exhibits, the Declaration of Michael Schmitz [Doc. 89-1] and other documents filed in this case, the Court also finds:

1. The First Amended Subchapter V Plan of Reorganization includes a brief history of Debtor's business operations, a liquidation analysis and projections showing Debtor's ability to make payments under the plan.

2. The First Amended Subchapter V Plan of Reorganization and the proponent of the First Amended Subchapter V Plan of Reorganization comply with the applicable provisions of Chapter 11.

3. Debtor is making its best efforts and has proposed the First Amended Subchapter V Plan of Reorganization in good faith and not by any means forbidden by law.

4. Debtor disclosed the identity and affiliations of individuals proposed to serve as director, officer or voting trustee after confirmation of the plan. According to Chief Restructuring Officer Michael T. Schmitz, Debtor has no employees. See Doc. 89-1.

5. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the First Amended Subchapter V Plan, is deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor liquidated its assets on the Effective Date under Chapter 7 of the Bankruptcy Code. As a result, the requirements of 11 U.S.C. § 1129(a)(7) and (8) are satisfied.

6. The First Amended Subchapter V Plan of Reorganization complies with 11 U.S.C. § 1129(a)(9) and (10).

7. Debtor will generate earnings or other income sufficient to meet its needs and make its proposed payments over the term of the plan. Accordingly, the plan is feasible, and confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization. The plan provides for appropriate remedies in the event Debtor fails to make all the payments under the plan.

8. The term of the First Amended Subchapter V Plan of Reorganization is reasonable and appropriate under the circumstances.

9. The First Amended Subchapter V Plan of Reorganization is a consensual plan. All general unsecured creditors comprise Class 1 under the First Amended Subchapter V Plan of Reorganization. Doc. 88. Six creditors, representing $1,925,538.90 of the total $2,631,538.90 in allowed claims, voted to accept Debtor's Subchapter V Plan of Reorganization. One creditor, representing $706,000 of the allowed claims, voted to reject it. With more than half the ballots in favor of confirmation and more than two-thirds of the total claim dollars voting in favor of confirmation, the Court finds that Class 1 accepted the plan under 11 U.S.C. § 1126(c). Debtor's equity interests comprise Class 2, the only other class under the plan. Class 2 is unimpaired and presumed to have accepted the plan. Accordingly, the Court finds cause for granting Debtor's

      request to confirm the First Amended Subchapter V Plan as a consensual plan under 11 U.S.C. § 1191(a).  <u>See</u> Doc. 87.

10. Based on the terms of the plan, Debtor will act as disbursing agent. The Subchapter V Trustee shall perform the other duties listed in section 1183(b).

11. The First Amended Subchapter V Plan of Reorganization meets the other applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

12. The Court is not bound by legal conclusions included in the First Amended Plan.

Accordingly, IT IS ORDERED that Debtor's First Amended Subchapter V Plan of Reorganization [Doc. 88] is CONFIRMED under 11 U.S.C. § 1191(a).  Pursuant to 11 U.S.C. § 1141, Debtor's debts are discharged immediately to the extent allowed under the Bankruptcy Code.

IT IS ALSO ORDERED that Debtor shall file and serve a notice of substantial consummation as required by 11 U.S.C. § 1183(c)(2).

    Dated: January 15, 2025.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

Copy served electronically January 15, 2025, to Attorney Maurice V. VerStandig for service.