IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC | ) | |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**MOTION TO APPROVE COMPROMISE WITH JEFF JOHNSON**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, and moves to approve a compromise with Jeff Johnson ("Mr. Johnson" or the "Defendant") that will resolve the matter of *Jamieson CAPEX Fund, LLC v. Johnson*, Case No. 24-07028 (Bankr. D.N.D. 2024) (the "Adversary Proceeding"),[1] and in support thereof states as follows:

I.  **Introduction**

The Defendant is a putative creditor of CAPEX who was on the cusp of receiving a summary judgment ruling against CAPEX and three co-defendants in state court when CAPEX petitioned for bankruptcy relief. Although other defendants had actively participated in the state court action, CAPEX had not answered the state court Complaint nor had it responded to the pending summary judgment motion. CAPEX, in turn, designed its chapter 11 filing to bring about a swift end to the state court proceedings. The parties have, since, propagated respective sides of a cordial-yet-potent dispute over the reaches of the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay"), the applicability of Section 523 of Title 11

---

[1] For the avoidance of ambiguity, one other adversary proceeding—to which Mr. Johnson is not a party—is currently pending in connection with the CAPEX bankruptcy. This motion has no bearing on that separate adversary proceeding.

1

of the United States Code to proceedings under subchapter V of chapter 11, and myriad related issues. They now wish to resolve these disputes—sort of.

At core, Mr. Johnson has always maintained that he is owed monies by CAPEX and CAPEX has always maintained that Mr. Johnson's entitlement is pegged to an act void by virtue of occurring in contravention of the Automatic Stay. CAPEX has, however, also always equally maintained that Mr. Johnson is welcome to file a proof of claim premised upon a merit-based assertion of some entitlement to relief, so long as the filing is not predicated upon a post-petition state court judgment.

The parties have now reached a procedural resolution to these disputes and, for the reasons set forth *infra*, respectfully urge such be approved by this Honorable Court.

**II.    Terms of Agreement**

What the parties propose is a relatively straightforward, comprehensive settlement that will defuse much of the procedural animus attendant to this dispute whilst allowing both Mr. Johnson and CAPEX an opportunity to litigate the existence, *vel non*, of a debt on another day. Since the agreement is purely procedural in nature, and does not embody an ultimate resolution of Mr. Johnson's alleged entitlement to collect monies from the Reorganized Debtor, such is fully reduced to writing in this motion and not through a separate agreement. The terms are as follows:

1.    The Adversary Proceeding shall be dismissed, by consent and with prejudice, with the parties thereto stipulating that the state court judgment obtained by Mr. Johnson, post-petition, is void. The order dismissing the counterclaim already entered by this Honorable Court, DE #12 in the Adversary Proceeding, shall be construed as an order of dismissal with prejudice to the extent not already so deemed by operation of law.

2.  The parties shall bear their own respective fees and costs in connection with the Adversary Proceeding.

3.  Mr. Johnson shall be free to petition the state court for entry of a new judgment or amended judgment, against all parties to the state court proceeding *except* for CAPEX.

4.  Mr. Johnson will withdraw his pending motion for relief from the Automatic Stay, DE #56, with prejudice.

5.  Mr. Johnson has already filed an amended proof of claim herein (the "Amended Claim"), to which CAPEX shall be free to object on any grounds permitted by law, at any time permitted by the confirmed plan of reorganization in this case, *except* CAPEX may not base its objection on any argument tethered to Mr. Johnson having previously allegedly violated the Automatic Stay.

6.  Mr. Johnson is free to again amend his proof of claim, as would be any creditor in any case, within the parameters established by governing law, *except* Mr. Johnson may not subsequently amend his proof of claim so as to be reliant, in part or whole, upon the entry of a post-petition judgment in any state court proceeding.

**III.   Standard**

Familiarly, ". . . the court may approve a compromise or settlement" upon appropriate notice to parties in interest. Fed. R. Bankr. P. 9019(a).

In this judicial circuit, ". . . the standard for evaluation of a settlement 'is whether the settlement is fair and equitable and in the best interests of the estate.'" *Wigley v. Wigley (In re Wigley)*, 557 B.R. 678, 685 (B.A.P. 8th Cir. 2016) (quoting *Tri-State Financial, LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) (citing *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (8th Cir. BAP 1997))).

In assessing fairness, equitability, and the best interests of an estate, a bankruptcy court is charged with examination of four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wigley*, 557 B.R. at 685 (quoting *Drexel Burnham Lambert Corp. v. Flight Transp. Corp. (In re Flight Transp. Sec. Litigation)*, 730 F.2d 1128, 1135 (8th Cir.1984) (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929))).

### IV.  Argument: The Compromise Should be Approved

Insofar as the settlement proposed herein is largely procedural, analysis under the four governing factors is somewhat stilted in nature. However, at core, the proposed arrangement embodies two substantive concessions: (i) Mr. Johnson is ceding his ability to rely on a post-petition state court judgment, acknowledging such to be void as to CAPEX; and (ii) the Reorganized Debtor is giving up its ability to seek attorneys' fees and suit costs from Mr. Johnson. There are, to be sure, other terms (dispensing with any request for stay relief, agreeing on the parameters of future claim objections, etc.), but those seem to naturally follow the two substantive concessions of the parties.

In terms of the probability of success in litigation, CAPEX likely would have prevailed in its stay violation suit. A post-petition judgment is, by just about any estimation, void. And efforts to obtain such a post-petition judgment are violative of the Automatic Stay. But "success" in the litigation would have scantly yielded a result more beneficial to the Reorganized Debtor than that occasioned herein. Yes, CAPEX could potentially have recovered attorneys' fees and suit costs, but Mr. Johnson, in turn, would have been able to urge that (i) no actual monetary damages were occasioned by the alleged stay violation; and (ii) any award of legal fees and suit costs should be

4

setoff against any debt owed by CAPEX to Mr. Johnson. So while CAPEX would have been likely to succeed in the Adversary Proceeding, such success would have been scantly greater than what is provided for hereunder.

Vis a vis the second element of the test, CAPEX does not feign that there would be any difficulty collecting from Mr. Johnson, who is a member of the local community and whose financial health is not in doubt.

In terms of the complexity of the litigation, disputes over alleged violations of the Automatic Stay are assuredly not the most novel or intricate of proceedings to grace the docket of this Honorable Court. Yet such proceedings are still not simple in nature and some attention would, invariably, have been expended further studying the various defenses invoked by Mr. Johnson.

Finally, this resolution conforms to the paramount interests of creditors, who are best served by having the Reorganized Debtor focus on collecting monies that can be distributed in accord with a confirmed plan and not expending time on stay violation litigation. No monies collected in the Adversary Proceeding would have directly benefited general unsecured creditors, with CAPEX only seeking to collect attorneys' fees and suit costs. Assuredly, bringing about an end to this episode, and allowing CAPEX to focus on other matters—while also permitting a merit-based analysis of Mr. Johnson's claim—is in the best interests of all parties.

### V.    Conclusion

WHEREFORE, Jamieson CAPEX Fund, LLC respectfully prays this Honorable Court (i) approve the compromise set forth herein; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: January 28, 2025 | By: | /s/ Maurice B. VerStandig |
|  |  | Maurice B. VerStandig, Esq. |
|  |  | The Dakota Bankruptcy Firm |
|  |  | 1630 1st Avenue N |
|  |  | Suite B PMB 24 |
|  |  | Fargo, North Dakota 58102-4246 |
|  |  | Phone: (701) 394-3215 |
|  |  | mac@dakotabankruptcy.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), a copy of the notice attached hereto as Exhibit A (but not of this application or the other exhibits) is being sent, on the 28th day of January, 2025, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit B, *except* no copy will be mailed to (i) this Honorable Court; or (ii) attorneys employed by The Dakota Bankruptcy Firm.

/s/ Maurice B. VerStandig
Maurice B. VerStandig