UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

**Jamieson CAPEX Fund, LLC**  Bankr. No. 24-30422

Debtor.  Chapter 11

## REPLY

The Acting United States Trustee (UST) files this reply to the Application for Compensation of Chief Restructuring Office (Doc. 110)[ "Application"]; Objection to Application (Doc. 111) ["Objection"] and Reply to Objection by The Dakota Bankruptcy Firm (Doc. 113) ["Reply" and Joinder by Debtor to Doc. 113(Doc. 114)["Joinder"]. In support of the reply, she states the following:

    1.    A hearing has been scheduled for May 21, 2025 at 10:00 a.m.

    2.    The UST has no objection to the request for fees under Section 330.

    3.    The UST takes the position that chapter 11 administrative expenses must be paid on a pro rata basis. The UST takes the position that all Section 507(a)(2) administrative expenses be treated fairly. *See e.g. Specker Motor Sales Co. v. Eisen,* 393 F.3d 659 (6th Cir. 2004); *In re Hyman Freightways, Inc.*, 2006 WL 3757972 * 3 (D. Minn. 2006)( "unpaid administrative expense claims of creditors in the same class should be paid pro rata from the available funds constituting the property of the estate.").

    4.    In the non-subchapter V context, the UST has routinely files objections to fee applications were the UST's quarterly fees pursuant to 28 U.S.C. 1930(a)(6) were not current on the basis that payments of other allowed chapter 11 administrative expenses

should not be paid by the Debtor unless the UST was also paid.  Therefore, the UST does not see anything wrong with the Subchapter V Trustee raising a similar objection.

5. The UST was aware that the Subchapter V Trustee was going to file an objection to a distribution to the Chief Restructuring Officer.   In retrospect, the Objection is poorly worded by requesting that the Subchapter V Trustee be paid in full <u>before</u> any fees are paid to the Chief Restructuring Officer.  The better wording would have been a request that the Chief Restructuring Office should not be paid in full unless the Subchapter V Trustee is also paid in full and anything less should be paid on a pro rata basis (assuming that Debtor's Counsel consents to being paid later as indicated in the response;  otherwise, Debtor's Counsel may of course also be included in the pro rata division of funds that are presently available).

6. Nonetheless, the poor wording set off a fire storm in the Reply and the Joinder.   However, most of the allegations in the Reply are not relevant to the proceedings before the Court.  The Subchapter V Trustee's fees have already been allowed, and no objections were filed opposing the allowance of those fees.  The UST is not aware of any allegations that the Subchapter V Trustee billed the estate for any of the emails related to his fee collection efforts (and such billing would in most circumstances be inappropriate as not beneficial to the estate).  There are no allegations that the Subchapter V Trustee has sought to collect any fees, other than those allowed by the Bankruptcy Court, and there are no allegations that the Subchapter V Trustee's emails were not legitimate, that the fees subject to the emails were in fact outstanding.  Finally, many of the points in the Reply were previously raised by the Court in the concurrently running case of *The Fargo Brewing Company*, BK 24-30152,  at a hearing on December

3, 2024. Since that date, no new subchapter V cases have been filed in the District of North Dakota, so it is unfair to conclude at this point that your Honor's concerns have not been taken into consideration by the Subchapter V Trustee.

Dated: April 23, 2025

MARY R. JENSEN
ACTING U.S. TRUSTEE REGION 12

/s/ Sarah J. Wencil
Sarah J. Wencil
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth St.
Minneapolis, MN 55415
Telephone: (612) 334-1366
Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re:

| | |
|---|---|
| **Jamieson CAPEX Fund, LLC** | **Bankr. No. 24-30422** |
| **Debtor.** | **Chapter 11** |

**CERTIFICATE OF SERVICE**

Sarah J. Wencil, an employee of the U.S. Trustee office, hereby certifies that a true and correct copy of the Reply was electronically transmitted via CM/ECF.

Dated:   April 23, 2025

/s/ Sarah J. Wencil
Sarah J. Wencil