| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Monday, February 24, 2025 1:14:06 PM |

Erik, I received a $1500 retainer payment for February from debtor.  I do not think a March payment will be needed at this point.  Hopefully, what retainers have been paid will cover future fee applications depending upon how soon the plan may be confirmed or the case dismissed.  Hopefully, the former.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Saturday, December 7, 2024 at 09:46:31 AM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, would debtor re-start the payments in January?  If debtor made January and February payments that would most likely cover all of the administrative fees that would be billed through substantial consummation.  Would that work for the debtor?  That way debtor could skip December and make the January and February deposits to ensure sufficient funds for the administration expenses.
>
> Please let me know.  Thank you.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee

On Friday, December 6, 2024 at 03:19:39 PM CST, Erik Ahlgren <erik@ahlgrenlawoffice.net> wrote:

>> Tom,
>>
>> Given the amount of retainer, would you agree to skipping this month's payment?
>>
>> Erik

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Friday, December 6, 2024 2:47 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>; mac@dakotabankruptcy.com
**Subject:** Re: Stark Energy 24-30168

**Correction:**

Debtor has sent 5 payments of $1500.  The approximate receiving dates are July 9, August 12, September 23, October 10 and December 6 (mailed approximately 11/27/2024).  The total is $7500 representing monthly payments July - November.  The court approved fee July 31, 2024 was $5020.66.  That should leave $2479.34 held as retainer deposit if my math is correct.

Erik, if the above is incorrect, please let me know.  I presume the December payment will be sent sometime yet this month.

There is currently about 12.9 unbilled hours.

Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Friday, December 6, 2024 at 01:52:14 PM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, debtor's November retainer deposit monthly amount of $1500 has been received.  $520.66 will be applied to the outstanding balance of the court approved trustee fee application.  The rest

will be held in my trustee account.

I appreciate the effort debtor is making to try to keep the monthly payments current.  I will let you know when the December payment arrives.

Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Wednesday, November 27, 2024 at 09:13:52 AM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, still no November payment received from Stark Energy.

Tom Kapusta

Subchapter V Trustee

On Thursday, November 14, 2024, 2:32 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

As today still no November payment, Erik.

Sent from the all new AOL app for iOS

On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the November 1st payment has not been received as of today.

Please let me know when it will be received.  Thank you.

Regards,


Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com


On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will be sending the payment due October 1st?


Tom Kapusta

Subchapter V Trustee

tkapusta@aol.com


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.

Regards,


Tom Kapusta

Subchapter V Trustee

tkapusta@aol.com


On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, as of today, the September 1st payment of $1500 has still not

been received. Approximately $2000 remains to be paid for the court approved trustee fees and expenses.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com>

wrote:

Erik, I have approximately $2700 in accrued fees and expected expenses to date. Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan. If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid and expected fees and expenses. If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts? The September 1st agreed payment

of $1500 is only days away. I presume debtor will be making timely payment. That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know. Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I am out of town. I will have to get to you Monday.
>
> Tom Kapusta
>
> Subchapter V Trustee
>
> tkapusta@aol.com
>
> On Thursday,

August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you

may
submit
a
final
application
for
compensation
and
Debtor
shall
promptly
begin
payment
of
any
Professional
Fees
that
are
allowed
by
the
court.

This
is
a
pretty
standard
way
of
addressing
the
administrative
expense
issue
but,
if
you
have
modified
language
you
would
prefer,
please
propose
some.

Erik

_

**From:**
THOMAS
KAPUSTA
<tkapusta@aol.com>
**Sent:**
Thursday,
August
22,
2024
4:55
PM
**To:**
Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>
**Cc:**
Wencil
Sarah
(USTP)
<sarah.j.wencil@usdoj.gov>
**Subject:**
Re:
Stark
Energy
24-
30168

Erik,

My
preference
is
to
receive
the
$1500
on
the
first
of
the
month
pre-

confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and

the
next
fee
application
paid
per
statute.
 If
the
debtor
is
unable
to
pay
my
fees
within
that
framework,
does
that
not
then
call
into
question
debtor's
ability
to
make
the
proposed
plan
payments?

And
unless
the
plan
is
confirmed
consensually,
I
would
expect
additional
fees
accruing
post
confirmation
hearing.

Just

trying
to
be
transparent.

Thomas Kapusta

Subchapter
V
Trustee

[tkapusta@aol.com](mailto:tkapusta@aol.com)

On
Thursday,
August
22,
2024,
1:57
PM,
Erik
Ahlgren
<[Erik@Ahlgrenlawoffice.net](mailto:Erik@Ahlgrenlawoffice.net)>
wrote:

Tom,

Paragraph
4
of
the
UST
objection
(attached)
raises
the
issue
of
whether
you
consent
to
the
process
for
paying
your
fees.

Section
3.4

of
the
Plan
provides
that
you
may
submit
a
final
application
for
compensation
and
Debtor
shall
promptly
begin
payment
of
any
Professional
Fees
that
are
allowed
by
the
court.
Upon
Court
approval
of
any
post-
confirmation
fees,
the
Debtor
will
pay
the
approved
expense
as
soon
as
reasonably
possible
in
the
ordinary
course
of
business,
unless
otherwise

agreed.
By
statute,
you
could
require
payment
on
the
effective
date,
but
if
they
don't
have
it
the
statutory
provision
isn't
of
much
help.

Let
me
know
if
you
object
to
this
provision.

Feel
free
to
call
me
at
218-
205-
7356
to
discuss.

**Erik
A.
Ahlgren** |

**Attorney**

Wells
Fargo
Center

Suite
105
(East
Entrance)

220
West
Washington
Ave

Fergus
Falls,
MN
56537

Office:
218-
998-
2775

Fax:
218-
998-
6404

Cell:
218-
205-
7356

[erik@ahlgrenlawoffice.net](mailto:erik@ahlgrenlawoffice.net)

This
message
and
any
attachments
are
intended
only
for
the
named
recipient(s),
and
may

contain
information
that
is
confidential,
privileged,
attorney
work
product,
or
exempt
or
protected
from
disclosure
under
applicable
laws
and
rules.
If
you
are
not
the
intended
recipient(s),
you
are
notified
that
the
dissemination,
distribution,
or
copying
of
this
message
and
any
attachments
is
strictly
prohibited.
Please
notify
the
sender
if
this
email
reaches
you
and
you
are

not
the
intended
recipient(s).
If
this
communication
concerns
negotiation
of
a
contract
or
agreement,
the
Uniform
Electronic
Transactions
Act
("UETA")
does
not
apply
to
this
communication.
To
comply
with
IRS
requirements,
you
are
informed
that
any
tax
advice
contained
in
this
communication
(including
any
attachments)
cannot
be
used
for
the
purpose
of
avoiding
tax-
related
penalties
under

the
Internal
Revenue
Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Saturday, December 7, 2024 10:46:44 AM |

Erik, would debtor re-start the payments in January?  If debtor made January and February payments that would most likely cover all of the administrative fees that would be billed through substantial consummation.  Would that work for the debtor? That way debtor could skip December and make the January and February deposits to ensure sufficient funds for the administration expenses.

Please let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, December 6, 2024 at 03:19:39 PM CST, Erik Ahlgren <erik@ahlgrenlawoffice.net> wrote:

Tom,

Given the amount of retainer, would you agree to skipping this month's payment?

Erik

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Friday, December 6, 2024 2:47 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>; mac@dakotabankruptcy.com
**Subject:** Re: Stark Energy 24-30168

**Correction:**

Debtor has sent 5 payments of $1500.  The approximate receiving dates are July 9, August 12, September 23, October 10 and December 6 (mailed approximately 11/27/2024).  The total is $7500 representing monthly payments July - November.  The court approved fee July 31, 2024 was $5020.66.  That should leave $2479.34 held as retainer deposit if my math is correct.

Erik, if the above is incorrect, please let me know.  I presume the December payment will be sent sometime yet this month.

There is currently about 12.9 unbilled hours.

Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Friday, December 6, 2024 at 01:52:14 PM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, debtor's November retainer deposit monthly amount of $1500 has been received.  $520.66 will be applied to the outstanding balance of the court approved trustee fee application.  The rest will be held in my trustee account.

I appreciate the effort debtor is making to try to keep the monthly payments current.  I will let you know when the December payment arrives.

Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Wednesday, November 27, 2024 at 09:13:52 AM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, still no November payment received from Stark Energy.

Tom Kapusta

Subchapter V Trustee

On Thursday, November 14, 2024, 2:32 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

As today still no November payment, Erik.

Sent from the all new AOL app for iOS

On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the November 1st payment has not been received as of today.

Please let me know when it will be received.  Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will be sending the payment due October 1st?

Tom Kapusta

Subchapter V Trustee

[tkapusta@aol.com](mailto:tkapusta@aol.com)


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <[tkapusta@aol.com](mailto:tkapusta@aol.com)> wrote:

> Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.
>
> Regards,
>
>
> Tom Kapusta
>
> Subchapter V Trustee
>
> [tkapusta@aol.com](mailto:tkapusta@aol.com)


On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <[tkapusta@aol.com](mailto:tkapusta@aol.com)> wrote:

> > Erik, as of today, the September 1st payment of $1500 has still not been received.  Approximately $2000 remains to be paid for the court approved trustee fees and expenses.
> >
> >
> >
> >
> > Regards,
> >
> >
> > Thomas Kapusta
> >
> > Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I have approximately $2700 in accrued fees and expected expenses to date.  Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan.  If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid

and expected fees and expenses.  If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta

Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I am out of
town. I will have
to get to you
Monday.


Tom Kapusta

Subchapter V
Trustee

tkapusta@aol.com


On Thursday,
August 22,
2024, 7:28 PM,
Erik Ahlgren
<Erik@Ahlgrenlawoffice.net>
wrote:

Tom,


The
$1,500
per
month
is
likely
doable,
and
you
may
not
have
much
for
fees
upon
confirmation,
but
I
just
wanted
to
be
sure

you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative

expense
issue
but,
if
you
have
modified
language
you
would
prefer,
please
propose
some.

Erik

___

**From:**
THOMAS
KAPUSTA
<tkapusta@aol.com>
**Sent:**
Thursday,
August
22,
2024
4:55
PM
**To:**
Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>
**Cc:**
Wencil
Sarah
(USTP)
<sarah.j.wencil@usdoj.gov>
**Subject:**
Re:
Stark
Energy
24-
30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the

amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is



confirmed
consensually,
I
would
expect
additional
fees
accruing
post
confirmation
hearing.

Just
trying
to
be
transparent.

Thomas Kapusta

Subchapter
V
Trustee

tkapusta@aol.com

On
Thursday,
August
22,
2024,
1:57
PM,
Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>
wrote:

Tom,

Paragraph
4
of
the
UST
objection
(attached)
raises
the
issue
of

whether
you
consent
to
the
process
for
paying
your
fees.

Section
3.4
of
the
Plan
provides
that
you
may
submit
a
final
application
for
compensation
and
Debtor
shall
promptly
begin
payment
of
any
Professional
Fees
that
are
allowed
by
the
court.
Upon
Court
approval
of
any
post-
confirmation
fees,
the
Debtor
will
pay
the

approved
expense
as
soon
as
reasonably
possible
in
the
ordinary
course
of
business,
unless
otherwise
agreed.
By
statute,
you
could
require
payment
on
the
effective
date,
but
if
they
don't
have
it
the
statutory
provision
isn't
of
much
help.

Let
me
know
if
you
object
to
this
provision.

Feel
free
to

call
me
at
218-
205-
7356
to
discuss.

**Erik
A.
Ahlgren |
Attorney**

Wells
Fargo
Center

Suite
105
(East
Entrance)

220
West
Washington
Ave

Fergus
Falls,
MN
56537

Office:
218-
998-
2775

Fax:
218-
998-
6404

Cell:
218-
205-
7356

erik@ahlgrenlawoffice.net

This
message
and
any
attachments
are
intended
only
for
the
named
recipient(s),
and
may
contain
information
that
is
confidential,
privileged,
attorney
work
product,
or
exempt
or
protected
from
disclosure
under
applicable
laws
and
rules.
If
you
are
not
the
intended
recipient(s),
you
are
notified
that
the
dissemination,
distribution,
or
copying
of
this
message
and
any
attachments

is
strictly
prohibited.
Please
notify
the
sender
if
this
email
reaches
you
and
you
are
not
the
intended
recipient(s).
If
this
communication
concerns
negotiation
of
a
contract
or
agreement,
the
Uniform
Electronic
Transactions
Act
("UETA")
does
not
apply
to
this
communication.
To
comply
with
IRS
requirements,
you
are
informed
that
any
tax
advice
contained
in
this
communication

(including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Friday, December 6, 2024 3:47:06 PM |

**Correction:**

Debtor has sent 5 payments of $1500.  The approximate receiving dates are July 9, August 12, September 23, October 10 and December 6 (mailed approximately 11/27/2024).  The total is $7500 representing monthly payments July - November.  The court approved fee July 31, 2024 was $5020.66.  That should leave $2479.34 held as retainer deposit if my math is correct.

Erik, if the above is incorrect, please let me know.  I presume the December payment will be sent sometime yet this month.

There is currently about 12.9 unbilled hours.

Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, December 6, 2024 at 01:52:14 PM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, debtor's November retainer deposit monthly amount of $1500 has been received.  $520.66 will be applied to the outstanding balance of the court approved trustee fee application.  The rest will be held in my trustee account.

I appreciate the effort debtor is making to try to keep the monthly payments current.  I will let you know when the December payment arrives.

Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Wednesday, November 27, 2024 at 09:13:52 AM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, still no November payment received from Stark Energy.

Tom Kapusta
Subchapter V Trustee

On Thursday, November 14, 2024, 2:32 PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

As today still no November payment, Erik.

Sent from the all new AOL app for iOS

On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, the November 1st payment has not been received as
of today.

Please let me know when it will be received.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will
be sending the payment due October 1st?

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Sunday, September 22, 2024, 1:37 PM,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of
$1500 was received and will be
applied to the outstanding balance
of the court approved trustee fee

application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Tuesday, September 17, 2024,
4:17 PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

> Erik, as of today, the
> September 1st payment
> of $1500 has still not
> been received.
> Approximately $2000
> remains to be paid for
> the court approved
> trustee fees and
> expenses.
>
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
>
>
> On Monday, September 9,
> 2024 at 11:40:52 AM CDT,
> THOMAS KAPUSTA
> <tkapusta@aol.com> wrote:
>
> > Erik, the September
> > 1st payment of $1500
> > has not been
> > received as of today.
> >
> > Regards,
> >
> > Thomas Kapusta
> > Subchapter V Trustee
> > tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I have approximately $2700 in accrued fees and expected expenses to date. Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan.  If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid and expected fees and expenses.  If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know. Thank you.

Regards,

Thomas Kapusta
Subchapter V
Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I am out of town. I will have to get to you Monday.

Tom Kapusta
Subchapter V
Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The
$1,500
per
month
is
likely
doable,
and
you
may
not
have
much
for
fees
upon
confirmation,
but I
just
wanted
to be
sure
you
would
be OK
with
the
plan
language.
Section
3.4 of
the
Plan
provides
that
you
may
submit
a final
application
for
compensation
and
Debtor
shall
promptly
begin
payment
of any

Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:**
THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:**
Thursday, August 22, 2024 4:55 PM
**To:**

Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>
**Cc:**
Wencil
Sarah
(USTP)
<sarah.j.wencil@usdoj.gov>
**Subject:**
Re:
Stark
Energy
24-
30168


Erik,


My
preference
is to
receive
the
$1500
on the
first of
the
month
pre-
confirmation
as
previously
agreed.
 I trust
the
September
1st will
be
timely.
Even
with
that
payment,
the first
fee
application
won't
be paid
in its
entirely
(around
$500
short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection

(attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees,

the
Debtor
will
pay
the
approved
expense
as
soon
as
reasonably
possible
in
the
ordinary
course
of
business,
unless
otherwise
agreed.
By
statute,
you
could
require
payment
on
the
effective
date,
but
if
they
don't
have
it
the
statutory
provision
isn't
of
much
help.

Let
me
know
if
you
object
to
this
provision.

Feel free to call me at 218-205-7356 to discuss.

**Erik A. Ahlgren** | **Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell: 218-205-

7356

erik@ahlgrenlawoffice.net

This
message
and
any
attachments
are
intended
only
for
the
named
recipient(s),
and
may
contain
information
that
is
confidential,
privileged,
attorney
work
product,
or
exempt
or
protected
from
disclosure
under
applicable
laws
and
rules.
If
you
are
not
the
intended
recipient(s),
you
are
notified
that
the
dissemination,
distribution,
or
copying
of

this
message
and
any
attachments
is
strictly
prohibited.
Please
notify
the
sender
if
this
email
reaches
you
and
you
are
not
the
intended
recipient(s).
If
this
communication
concerns
negotiation
of
a
contract
or
agreement,
the
Uniform
Electronic
Transactions
Act
("UETA")
does
not
apply
to
this
communication.
To
comply
with
IRS
requirements,
you
are
informed
that
any
tax

advice
contained
in
this
communication
(including
any
attachments)
cannot
be
used
for
the
purpose
of
avoiding
tax-
related
penalties
under
the
Internal
Revenue
Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Friday, December 6, 2024 2:52:27 PM |

Erik, debtor's November retainer deposit monthly amount of $1500 has been received.  $520.66 will be applied to the outstanding balance of the court approved trustee fee application.  The rest will be held in my trustee account.

I appreciate the effort debtor is making to try to keep the monthly payments current.  I will let you know when the December payment arrives.

Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Wednesday, November 27, 2024 at 09:13:52 AM CST, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, still no November payment received from Stark Energy.
>
> Tom Kapusta
> Subchapter V Trustee
>
> On Thursday, November 14, 2024, 2:32 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> As today still no November payment, Erik.
>>
>> Sent from the all new AOL app for iOS
>>
>> On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>>
>>> Erik, the November 1st payment has not been received as of today.
>>>
>>> Please let me know when it will be received.  Thank you.
>>>
>>> Regards,
>>>
>>> Thomas Kapusta

Subchapter V Trustee
tkapusta@aol.com

On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will be
sending the payment due October 1st?

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Sunday, September 22, 2024, 1:37 PM,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of
$1500 was received and will be
applied to the outstanding balance of
the court approved trustee fee
application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Tuesday, September 17, 2024, 4:17
PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, as of today, the
September 1st payment of
$1500 has still not been
received.  Approximately
$2000 remains to be paid
for the court approved
trustee fees and
expenses.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Monday, September 9, 2024
at 11:40:52 AM CDT, THOMAS
KAPUSTA <tkapusta@aol.com>
wrote:

> Erik, the September 1st
> payment of $1500 has
> not been received as of
> today.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Monday, August 26, 2024
> at 04:37:47 PM CDT,
> THOMAS KAPUSTA
> <tkapusta@aol.com> wrote:
>
>> Erik, I have
>> approximately $2700
>> in accrued fees and
>> expected expenses to
>> date.  Assuming plan
>> confirmation goes
>> smoothly there could
>> be about another
>> $1000 or so up to the
>> effective date of the
>> plan.  If debtor
>> continues to pay
>> $1500 the first of the
>> month, September
>> through December,
>> that would appear
>> possible to cover my
>> remaining unpaid and
>> expected fees and
>> expenses.  If you are
>> saying that it is not

possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I am out of town. I will have to get to you Monday.

> Tom Kapusta
> Subchapter V Trustee

tkapusta@aol.com

On Thursday,
August 22, 2024,
7:28 PM, Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>
wrote:

Tom,

The
$1,500
per
month is
likely
doable,
and you
may not
have
much for
fees
upon
confirmation,
but I just
wanted
to be
sure you
would
be OK
with the
plan
language.
Section
3.4 of
the Plan
provides
that you
may
submit a
final
application
for
compensation
and
Debtor
shall
promptly

begin
payment
of any
Professional
Fees
that are
allowed
by the
court.

This is a
pretty
standard
way of
addressing
the
administrative
expense
issue
but, if
you
have
modified
language
you
would
prefer,
please
propose
some.

Erik

**From:**
THOMAS
KAPUSTA
<tkapusta@aol.com>
**Sent:**
Thursday,
August
22, 2024
4:55 PM
**To:** Erik
Ahlgren
<Erik@Ahlgrenlawoffice.net>

**Cc:**
Wencil
Sarah
(USTP)
<sarah.j.wencil@usdoj.gov>
**Subject:**
Re:
Stark
Energy
24-
30168

Erik,

My
preference
is to
receive
the $1500
on the
first of the
month
pre-
confirmation
as
previously
agreed.  I
trust the
September
1st will be
timely.
Even with
that
payment,
the first
fee
application
won't be
paid in its
entirely
(around
$500
short).

I can let
you know
sometime
next week
the
amount

accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter

V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final

application
for
compensation
and
Debtor
shall
promptly
begin
payment
of
any
Professional
Fees
that
are
allowed
by
the
court.
Upon
Court
approval
of
any
post-
confirmation
fees,
the
Debtor
will
pay
the
approved
expense
as
soon
as
reasonably
possible
in
the
ordinary
course
of
business,
unless
otherwise
agreed.
By
statute,
you
could
require
payment
on
the
effective

date,
but
if
they
don't
have
it
the
statutory
provision
isn't
of
much
help.

Let
me
know
if
you
object
to
this
provision.

Feel
free
to
call
me
at
218-
205-
7356
to
discuss.

**Erik
A.
Ahlgren** |
**Attorney**

Wells
Fargo
Center

Suite
105

(East
Entrance)

220
West
Washington
Ave

Fergus
Falls,
MN
56537

Office:
218-
998-
2775

Fax:
218-
998-
6404

Cell:
218-
205-
7356

erik@ahlgrenlawoffice.net

This
message
and
any
attachments
are
intended
only
for
the
named
recipient(s),
and
may
contain
information
that
is
confidential,
privileged,
attorney
work
product,
or

exempt
or
protected
from
disclosure
under
applicable
laws
and
rules.
If
you
are
not
the
intended
recipient(s),
you
are
notified
that
the
dissemination,
distribution,
or
copying
of
this
message
and
any
attachments
is
strictly
prohibited.
Please
notify
the
sender
if
this
email
reaches
you
and
you
are
not
the
intended
recipient(s).
If
this
communication
concerns
negotiation
of

a
contract
or
agreement,
the
Uniform
Electronic
Transactions
Act
("UETA")
does
not
apply
to
this
communication.
To
comply
with
IRS
requirements,
you
are
informed
that
any
tax
advice
contained
in
this
communication
(including
any
attachments)
cannot
be
used
for
the
purpose
of
avoiding
tax-
related
penalties
under
the
Internal
Revenue
Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Wednesday, November 27, 2024 10:14:08 AM |

Erik, still no November payment received from Stark Energy.


Tom Kapusta
Subchapter V Trustee


On Thursday, November 14, 2024, 2:32 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> As today still no November payment, Erik.
>
>
> Sent from the all new AOL app for iOS


On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the November 1st payment has not been received as of today.
>
> Please let me know when it will be received.  Thank you.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com


On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, do you know if or when Stark Energy will be sending the payment due October 1st?
>
>
> Tom Kapusta
> Subchapter V Trustee
> tkapusta@aol.com


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of
$1500 was received and will be applied
to the outstanding balance of the court
approved trustee fee application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Tuesday, September 17, 2024, 4:17
PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, as of today, the
September 1st payment of
$1500 has still not been
received.  Approximately
$2000 remains to be paid for
the court approved trustee
fees and expenses.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Monday, September 9, 2024 at
11:40:52 AM CDT, THOMAS
KAPUSTA <tkapusta@aol.com>
wrote:

Erik, the September 1st
payment of $1500 has not
been received as of today.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Monday, August 26, 2024 at
04:37:47 PM CDT, THOMAS
KAPUSTA <tkapusta@aol.com>
wrote:

> Erik, I have
> approximately $2700 in
> accrued fees and
> expected expenses to
> date.  Assuming plan
> confirmation goes
> smoothly there could be
> about another $1000 or
> so up to the effective
> date of the plan.  If
> debtor continues to pay
> $1500 the first of the
> month, September
> through December, that
> would appear possible
> to cover my remaining
> unpaid and expected
> fees and expenses.  If
> you are saying that it is
> not possible to have all
> fees and expenses paid
> by the effective date of
> the plan, I think I would
> be willing to accept
> $1500 the first of every
> month through
> December 1, 2024 at
> which point any
> outstanding and
> approved fees and
> expenses would need to
> be paid in full.
>
> Thoughts?  The
> September 1st agreed
> payment of $1500 is
> only days away.  I
> presume debtor will be
> making timely payment.
> That still leaves
> approximately $500
> remaining to be paid for

what the court has
already approved.

Let me know.  Thank
you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at
08:29:25 AM CDT, THOMAS
KAPUSTA
<tkapusta@aol.com> wrote:

> Erik, I am out of town. I will
> have to get to you Monday.
>
>
> Tom Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Thursday, August
> 22, 2024, 7:28 PM, Erik
> Ahlgren
> <Erik@Ahlgrenlawoffice.net>
> wrote:
>
>> Tom,
>>
>>
>> The $1,500
>> per month
>> is likely
>> doable,
>> and you
>> may not
>> have much
>> for fees
>> upon
>> confirmation,
>> but I just
>> wanted to
>> be sure
>> you would
>> be OK with
>> the plan

language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:**
THOMAS
KAPUSTA

<tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first

application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday,

August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of

any
Professional
Fees
that
are
allowed
by
the
court.
Upon
Court
approval
of
any
post-
confirmation
fees,
the
Debtor
will
pay
the
approved
expense
as
soon
as
reasonably
possible
in
the
ordinary
course
of
business,
unless
otherwise
agreed.
By
statute,
you
could
require
payment
on
the
effective
date,
but
if
they
don't
have
it
the
statutory
provision

isn't
of
much
help.

Let
me
know
if
you
object
to
this
provision.

Feel
free
to
call
me
at
218-
205-
7356
to
discuss.

**Erik
A.
Ahlgren** |
**Attorney**

Wells
Fargo
Center

Suite
105
(East
Entrance)

220
West
Washington
Ave

Fergus
Falls,
MN

56537

Office:
218-
998-
2775

Fax:
218-
998-
6404

Cell:
218-
205-
7356

erik@ahlgrenlawoffice.net

This
message
and
any
attachments
are
intended
only
for
the
named
recipient(s),
and
may
contain
information
that
is
confidential,
privileged,
attorney
work
product,
or
exempt
or
protected
from
disclosure
under
applicable
laws
and
rules.
If

you
are
not
the
intended
recipient(s),
you
are
notified
that
the
dissemination,
distribution,
or
copying
of
this
message
and
any
attachments
is
strictly
prohibited.
Please
notify
the
sender
if
this
email
reaches
you
and
you
are
not
the
intended
recipient(s).
If
this
communication
concerns
negotiation
of
a
contract
or
agreement,
the
Uniform
Electronic
Transactions
Act
("UETA")
does

not
apply
to
this
communication.
To
comply
with
IRS
requirements,
you
are
informed
that
any
tax
advice
contained
in
this
communication
(including
any
attachments)
cannot
be
used
for
the
purpose
of
avoiding
tax-
related
penalties
under
the
Internal
Revenue
Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig; Mac VerStandig |
| **Subject:** | Stark Energy 24-30168 |
| **Date:** | Tuesday, November 19, 2024 11:48:25 AM |

Erik, I received a call yesterday from Justin Bacon regarding his wage claim that was approved by the court on October 23.  He inquired when that would be paid.  Would you respond to him?  I believe you have his phone number.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Thursday, November 14, 2024 3:33:11 PM |

As today still no November payment, Erik.


Sent from the all new AOL app for iOS


On Friday, November 8, 2024, 10:07 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the November 1st payment has not been received as of today.
>
> Please let me know when it will be received.  Thank you.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> Erik, do you know if or when Stark Energy will be sending the payment due October 1st?
>>
>> Tom Kapusta
>> Subchapter V Trustee
>> tkapusta@aol.com
>>
>> On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>>
>>> Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.
>>>
>>> Regards,
>>>
>>> Tom Kapusta
>>> Subchapter V Trustee

tkapusta@aol.com

On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, as of today, the September 1st payment of $1500 has still not been received.  Approximately $2000 remains to be paid for the court approved trustee fees and expenses.
>
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the September 1st payment of $1500 has not been received as of today.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I have approximately $2700 in accrued fees and expected expenses to date.  Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan. If debtor continues to pay $1500 the first of the month, September through December, that would

appear possible to cover my remaining unpaid and expected fees and expenses. If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts? The September 1st agreed payment of $1500 is only days away. I presume debtor will be making timely payment. That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know. Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I am out of town. I will have to get to you Monday.
>
> Tom Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:
>
>> Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren

<Erik@Ahlgrenlawoffice.net>
wrote:

Tom,

Paragraph 4
of the UST
objection
(attached)
raises the
issue of
whether you
consent to
the process
for paying
your fees.

Section 3.4
of the Plan
provides that
you may
submit a final
application
for
compensation
and Debtor
shall
promptly
begin
payment of
any
Professional
Fees that are
allowed by
the court.
Upon Court
approval of
any post-
confirmation
fees, the
Debtor will
pay the
approved
expense as
soon as
reasonably
possible in
the ordinary
course of
business,
unless
otherwise
agreed. By

statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

**Erik A. Ahlgren** | **Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-

205-7356

erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement,

the Uniform Electronic Transactions Act ("UETA") does not apply to this communication. To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Friday, November 8, 2024 11:07:39 AM |

Erik, the November 1st payment has not been received as of today.

Please let me know when it will be received.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will be sending the payment
due October 1st?


Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 was received and
will be applied to the outstanding balance of the court
approved trustee fee application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, as of today, the September 1st payment of
$1500 has still not been received.  Approximately
$2000 remains to be paid for the court approved
trustee fees and expenses.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the September 1st payment of $1500 has
> not been received as of today.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Monday, August 26, 2024 at 04:37:47 PM CDT,
> THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> Erik, I have approximately $2700 in accrued
>> fees and expected expenses to date.
>> Assuming plan confirmation goes smoothly
>> there could be about another $1000 or so up to
>> the effective date of the plan.  If debtor
>> continues to pay $1500 the first of the month,
>> September through December, that would
>> appear possible to cover my remaining unpaid
>> and expected fees and expenses.  If you are
>> saying that it is not possible to have all fees
>> and expenses paid by the effective date of the
>> plan, I think I would be willing to accept $1500
>> the first of every month through December 1,
>> 2024 at which point any outstanding and
>> approved fees and expenses would need to be
>> paid in full.
>>
>> Thoughts?  The September 1st agreed
>> payment of $1500 is only days away.  I
>> presume debtor will be making timely
>> payment.  That still leaves approximately $500
>> remaining to be paid for what the court has
>> already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I am out of town. I will have to get to you Monday.
>
> Tom Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Thursday, August 22, 2024, 7:28 PM, Erik
> Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:
>
>> Tom,
>>
>> The $1,500 per month is likely
>> doable, and you may not have
>> much for fees upon confirmation,
>> but I just wanted to be sure you
>> would be OK with the plan
>> language. Section 3.4 of the Plan
>> provides that you may submit a
>> final application for compensation
>> and Debtor shall promptly begin
>> payment of any Professional Fees
>> that are allowed by the court.
>>
>> This is a pretty standard way of
>> addressing the administrative
>> expense issue but, if you have
>> modified language you would
>> prefer, please propose some.
>>
>> Erik

**From:** THOMAS KAPUSTA
<tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024
4:55 PM
**To:** Erik Ahlgren
<Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP)
<sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-
30168

Erik,

My preference is to receive the $1500 on
the first of the month pre-confirmation as
previously agreed.  I trust the September
1st will be timely. Even with that
payment, the first fee application won't
be paid in its entirely (around $500
short).

I can let you know sometime next week
the amount accrued since my first
application.  I obviously prefer the
balance of the payment and the next fee
application paid per statute.  If the debtor
is unable to pay my fees within that
framework, does that not then call into
question debtor's ability to make the
proposed plan payments?

And unless the plan is confirmed
consensually, I would expect additional
fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024,
1:57 PM, Erik Ahlgren

<Erik@Ahlgrenlawoffice.net>
wrote:

Tom,

Paragraph 4 of the UST
objection (attached) raises
the issue of whether you
consent to the process for
paying your fees.

Section 3.4 of the Plan
provides that you may
submit a final application
for compensation and
Debtor shall promptly
begin payment of any
Professional Fees that are
allowed by the court. Upon
Court approval of any post-
confirmation fees, the
Debtor will pay the
approved expense as soon
as reasonably possible in
the ordinary course of
business, unless otherwise
agreed. By statute, you
could require payment on
the effective date, but if
they don't have it the
statutory provision isn't of
much help.

Let me know if you object
to this provision.

Feel free to call me at 218-
205-7356 to discuss.

**Erik A. Ahlgren |
Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net

This message and any
attachments are intended
only for the named
recipient(s), and may contain
information that is
confidential, privileged,
attorney work product, or
exempt or protected from
disclosure under applicable
laws and rules. If you are not
the intended recipient(s), you
are notified that the
dissemination, distribution, or
copying of this message and
any attachments is strictly
prohibited. Please notify the
sender if this email reaches
you and you are not the
intended recipient(s). If this
communication concerns
negotiation of a contract or
agreement, the Uniform
Electronic Transactions Act
("UETA") does not apply to
this communication.  To
comply with IRS
requirements, you are
informed that any tax advice
contained in this
communication (including
any attachments) cannot be
used for the purpose of
avoiding tax-related penalties
under the Internal Revenue
Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Thursday, October 10, 2024 11:13:19 AM |

Erik,

The October payment of $1500 was received.  $520.66 will be applied to the remaining balance of the court approved initial fee application which is now paid.  The rest will be held as the retainer deposit.

Thank you

Regards,

Thomas Kapusta
Subchapter V Trustee

On Sunday, October 6, 2024 at 10:36:21 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the October 1st payment has not been received as of today.
>
> Sent from the all new AOL app for iOS
>
> On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> Erik, do you know if or when Stark Energy will be sending the payment due October 1st?
>>
>> Tom Kapusta
>> Subchapter V Trustee
>> tkapusta@aol.com
>>
>> On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>>
>>> Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.
>>>
>>> Regards,
>>>
>>> Tom Kapusta
>>> Subchapter V Trustee
>>> tkapusta@aol.com
>>>
>>> On Tuesday, September 17, 2024, 4:17 PM, THOMAS

KAPUSTA <tkapusta@aol.com> wrote:

> Erik, as of today, the September 1st payment of
> $1500 has still not been received.  Approximately
> $2000 remains to be paid for the court approved
> trustee fees and expenses.
>
>
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
>
>
> On Monday, September 9, 2024 at 11:40:52 AM CDT,
> THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> Erik, the September 1st payment of $1500 has
>> not been received as of today.
>>
>> Regards,
>>
>> Thomas Kapusta
>> Subchapter V Trustee
>> tkapusta@aol.com
>>
>> On Monday, August 26, 2024 at 04:37:47 PM CDT,
>> THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>>
>>> Erik, I have approximately $2700 in accrued
>>> fees and expected expenses to date.
>>> Assuming plan confirmation goes smoothly
>>> there could be about another $1000 or so up
>>> to the effective date of the plan.  If debtor
>>> continues to pay $1500 the first of the
>>> month, September through December, that
>>> would appear possible to cover my
>>> remaining unpaid and expected fees and
>>> expenses.  If you are saying that it is not
>>> possible to have all fees and expenses paid
>>> by the effective date of the plan, I think I
>>> would be willing to accept $1500 the first of
>>> every month through December 1, 2024 at
>>> which point any outstanding and approved
>>> fees and expenses would need to be paid in

full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I am out of town. I will have to get to you Monday.
>
> Tom Kapusta
> Subchapter V Trustee
> tkapusta@aol.com
>
> On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:
>
>> Tom,
>>
>> The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.


Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168


Erik,


My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed.  I trust the September 1st will be timely.  Even with that payment, the first fee application won't be paid in its entirely (around $500 short).


I can let you know sometime next week the amount accrued since my first application.  I obviously prefer the balance of the payment and the next fee application paid per statute.  If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?


And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024,
1:57 PM, Erik Ahlgren
<Erik@Ahlgrenlawoffice.net>
wrote:

> Tom,

> Paragraph 4 of the UST
> objection (attached)
> raises the issue of
> whether you consent to
> the process for paying
> your fees.

> Section 3.4 of the Plan
> provides that you may
> submit a final
> application for
> compensation and
> Debtor shall promptly
> begin payment of any
> Professional Fees that
> are allowed by the
> court. Upon Court
> approval of any post-
> confirmation fees, the
> Debtor will pay the
> approved expense as
> soon as reasonably
> possible in the ordinary
> course of business,
> unless otherwise
> agreed. By statute, you
> could require payment
> on the effective date,
> but if they don't have it
> the statutory provision
> isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

## Erik A. Ahlgren | Attorney

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

[erik@ahlgrenlawoffice.net](mailto:erik@ahlgrenlawoffice.net)

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email

reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication. To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Sunday, October 6, 2024 11:36:35 AM |

Erik, the October 1st payment has not been received as of today.


Sent from the all new AOL app for iOS


On Thursday, October 3, 2024, 8:23 AM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, do you know if or when Stark Energy will be sending the payment due October 1st?


Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, as of today, the September 1st payment of $1500 has still not been received.  Approximately $2000 remains to be paid for the court approved trustee fees and expenses.



Regards,

Thomas Kapusta
Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, the September 1st payment of $1500 has
> not been received as of today.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
> tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I have approximately $2700 in accrued
> fees and expected expenses to date.
> Assuming plan confirmation goes smoothly
> there could be about another $1000 or so up to
> the effective date of the plan.  If debtor
> continues to pay $1500 the first of the month,
> September through December, that would
> appear possible to cover my remaining unpaid
> and expected fees and expenses.  If you are
> saying that it is not possible to have all fees
> and expenses paid by the effective date of the
> plan, I think I would be willing to accept $1500
> the first of every month through December 1,
> 2024 at which point any outstanding and
> approved fees and expenses would need to be
> paid in full.
>
> Thoughts?  The September 1st agreed
> payment of $1500 is only days away.  I
> presume debtor will be making timely
> payment.  That still leaves approximately $500
> remaining to be paid for what the court has
> already approved.
>
> Let me know.  Thank you.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT,
THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I am out of town. I will have to get to you Monday.

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik
Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The $1,500 per month is likely
doable, and you may not have
much for fees upon confirmation,
but I just wanted to be sure you
would be OK with the plan
language. Section 3.4 of the Plan
provides that you may submit a
final application for compensation
and Debtor shall promptly begin
payment of any Professional Fees
that are allowed by the court.

This is a pretty standard way of
addressing the administrative
expense issue but, if you have
modified language you would
prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA
<tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024
4:55 PM
**To:** Erik Ahlgren
<Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP)

<sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST

objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

**Erik A. Ahlgren |
Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

[erik@ahlgrenlawoffice.net](mailto:erik@ahlgrenlawoffice.net)

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Thursday, October 3, 2024 9:23:43 AM |

Erik, do you know if or when Stark Energy will be sending the payment due October 1st?


Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Sunday, September 22, 2024, 1:37 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com


On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, as of today, the September 1st payment of $1500 has still not been received.  Approximately $2000 remains to be paid for the court approved trustee fees and expenses.



Regards,

Thomas Kapusta
Subchapter V Trustee


On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, I have approximately $2700 in accrued fees and
expected expenses to date.  Assuming plan confirmation
goes smoothly there could be about another $1000 or so
up to the effective date of the plan.  If debtor continues to
pay $1500 the first of the month, September through
December, that would appear possible to cover my
remaining unpaid and expected fees and expenses.  If
you are saying that it is not possible to have all fees and
expenses paid by the effective date of the plan, I think I
would be willing to accept $1500 the first of every month
through December 1, 2024 at which point any outstanding
and approved fees and expenses would need to be paid
in full.

Thoughts?  The September 1st agreed payment of $1500
is only days away.  I presume debtor will be making timely
payment.  That still leaves approximately $500 remaining
to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA
<tkapusta@aol.com> wrote:

Erik, I am out of town. I will have to get to you Monday.

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren
<Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed.  I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application.  I obviously prefer the balance of the payment and the next fee application paid per statute.  If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

**Erik A. Ahlgren | Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Sunday, September 22, 2024 2:38:12 PM |

Erik, the September 1st payment of $1500 was received and will be applied to the outstanding balance of the court approved trustee fee application.

Regards,

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Tuesday, September 17, 2024, 4:17 PM, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, as of today, the September 1st payment of $1500 has still not been received.  Approximately $2000 remains to be paid for the court approved trustee fees and expenses.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I have approximately $2700 in accrued fees and expected expenses to date.  Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the

plan.  If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid and expected fees and expenses.  If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:


Erik, I am out of town. I will have to get to you Monday.


Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,


The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.


This is a pretty standard way of addressing the administrative expense issue but, if you have modified

language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed.  I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application.  I obviously prefer the balance of the payment and the next fee application paid per statute.  If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

## Erik A. Ahlgren | Attorney

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns



negotiation of a contract or agreement, the Uniform
Electronic Transactions Act ("UETA") does not apply to this
communication.  To comply with IRS requirements, you are
informed that any tax advice contained in this
communication (including any attachments) cannot be used
for the purpose of avoiding tax-related penalties under the
Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Tuesday, September 17, 2024 5:17:27 PM |

Erik, as of today, the September 1st payment of $1500 has still not been received. Approximately $2000 remains to be paid for the court approved trustee fees and expenses.


Regards,

Thomas Kapusta
Subchapter V Trustee


On Monday, September 9, 2024 at 11:40:52 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I have approximately $2700 in accrued fees and expected expenses to date. Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan. If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid and expected fees and expenses. If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts? The September 1st agreed payment of $1500 is only days away. I presume debtor will be making timely payment. That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know. Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I am out of town. I will have to get to you Monday.

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed.  I trust the September 1st will be timely. Even with that

payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application.  I obviously prefer the balance of the payment and the next fee application paid per statute.  If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

**Erik A. Ahlgren | Attorney**

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537


Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net


This message and any attachments are intended only for the named
recipient(s), and may contain information that is confidential, privileged,
attorney work product, or exempt or protected from disclosure under
applicable laws and rules. If you are not the intended recipient(s), you are
notified that the dissemination, distribution, or copying of this message and
any attachments is strictly prohibited. Please notify the sender if this email
reaches you and you are not the intended recipient(s). If this
communication concerns negotiation of a contract or agreement, the
Uniform Electronic Transactions Act ("UETA") does not apply to this
communication.  To comply with IRS requirements, you are informed that
any tax advice contained in this communication (including any
attachments) cannot be used for the purpose of avoiding tax-related
penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Monday, September 9, 2024 12:41:05 PM |

Erik, the September 1st payment of $1500 has not been received as of today.

Regards,

Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Monday, August 26, 2024 at 04:37:47 PM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

> Erik, I have approximately $2700 in accrued fees and expected expenses to date.
> Assuming plan confirmation goes smoothly there could be about another $1000 or
> so up to the effective date of the plan. If debtor continues to pay $1500 the first of
> the month, September through December, that would appear possible to cover my
> remaining unpaid and expected fees and expenses. If you are saying that it is not
> possible to have all fees and expenses paid by the effective date of the plan, I think
> I would be willing to accept $1500 the first of every month through December 1,
> 2024 at which point any outstanding and approved fees and expenses would need
> to be paid in full.
>
> Thoughts? The September 1st agreed payment of $1500 is only days away. I
> presume debtor will be making timely payment. That still leaves approximately
> $500 remaining to be paid for what the court has already approved.
>
> Let me know. Thank you.
>
> Regards,
>
> Thomas Kapusta
> Subchapter V Trustee
>
> On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:
>
>> Erik, I am out of town. I will have to get to you Monday.
>>
>> Tom Kapusta
>> Subchapter V Trustee
>> tkapusta@aol.com
>>
>> On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
>> wrote:

Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren
<Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether
you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application
for compensation and Debtor shall promptly begin payment of any
Professional Fees that are allowed by the court. Upon Court approval of
any post-confirmation fees, the Debtor will pay the approved expense
as soon as reasonably possible in the ordinary course of business,
unless otherwise agreed. By statute, you could require payment on the
effective date, but if they don't have it the statutory provision isn't of
much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

## Erik A. Ahlgren | Attorney

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Monday, August 26, 2024 5:37:57 PM |

Erik, I have approximately $2700 in accrued fees and expected expenses to date. Assuming plan confirmation goes smoothly there could be about another $1000 or so up to the effective date of the plan.  If debtor continues to pay $1500 the first of the month, September through December, that would appear possible to cover my remaining unpaid and expected fees and expenses.  If you are saying that it is not possible to have all fees and expenses paid by the effective date of the plan, I think I would be willing to accept $1500 the first of every month through December 1, 2024 at which point any outstanding and approved fees and expenses would need to be paid in full.

Thoughts?  The September 1st agreed payment of $1500 is only days away.  I presume debtor will be making timely payment.  That still leaves approximately $500 remaining to be paid for what the court has already approved.

Let me know.  Thank you.

Regards,

Thomas Kapusta
Subchapter V Trustee

On Friday, August 23, 2024 at 08:29:25 AM CDT, THOMAS KAPUSTA <tkapusta@aol.com> wrote:

Erik, I am out of town. I will have to get to you Monday.

Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

The $1,500 per month is likely doable, and you may not have much for fees upon confirmation, but I just wanted to be sure you would be OK with the plan language. Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court.

This is a pretty standard way of addressing the administrative expense issue but, if you have modified language you would prefer, please propose some.

Erik

---

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Thursday, August 22, 2024 4:55 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
**Subject:** Re: Stark Energy 24-30168

Erik,

My preference is to receive the $1500 on the first of the month pre-confirmation as previously agreed. I trust the September 1st will be timely. Even with that payment, the first fee application won't be paid in its entirely (around $500 short).

I can let you know sometime next week the amount accrued since my first application. I obviously prefer the balance of the payment and the next fee application paid per statute. If the debtor is unable to pay my fees within that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.

Thomas Kapusta

Subchapter V Trustee

tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

Tom,

Paragraph 4 of the UST objection (attached) raises the issue of whether

you consent to the process for paying your fees.

Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.

Let me know if you object to this provision.

Feel free to call me at 218-205-7356 to discuss.

## Erik A. Ahlgren | Attorney

Wells Fargo Center

Suite 105 (East Entrance)

220 West Washington Ave

Fergus Falls, MN 56537

Office: 218-998-2775

Fax: 218-998-6404

Cell:  218-205-7356

erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren |
| **Cc:** | Wencil Sarah (USTP); Mac VerStandig |
| **Subject:** | Re: Stark Energy 24-30168 |
| **Date:** | Friday, August 23, 2024 9:29:43 AM |

Erik, I am out of town. I will have to get to you Monday.


Tom Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 7:28 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> Tom,
>
> The $1,500 per month is likely doable, and you may not have much for fees upon
> confirmation, but I just wanted to be sure you would be OK with the plan
> language. Section 3.4 of the Plan provides that you may submit a final application
> for compensation and Debtor shall promptly begin payment of any Professional
> Fees that are allowed by the court.
>
> This is a pretty standard way of addressing the administrative expense issue but, if
> you have modified language you would prefer, please propose some.
>
> Erik
>
> ---
>
> **From:** THOMAS KAPUSTA <tkapusta@aol.com>
> **Sent:** Thursday, August 22, 2024 4:55 PM
> **To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
> **Cc:** Wencil Sarah (USTP) <sarah.j.wencil@usdoj.gov>
> **Subject:** Re: Stark Energy 24-30168
>
> Erik,
>
> My preference is to receive the $1500 on the first of the month pre-
> confirmation as previously agreed. I trust the September 1st will be timely.
> Even with that payment, the first fee application won't be paid in its entirely
> (around $500 short).
>
> I can let you know sometime next week the amount accrued since my first
> application. I obviously prefer the balance of the payment and the next fee
> application paid per statute. If the debtor is unable to pay my fees within

that framework, does that not then call into question debtor's ability to make the proposed plan payments?

And unless the plan is confirmed consensually, I would expect additional fees accruing post confirmation hearing.

Just trying to be transparent.


Thomas Kapusta
Subchapter V Trustee
tkapusta@aol.com

On Thursday, August 22, 2024, 1:57 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> Tom,
>
> Paragraph 4 of the UST objection (attached) raises the issue of whether you consent to the process for paying your fees.
>
> Section 3.4 of the Plan provides that you may submit a final application for compensation and Debtor shall promptly begin payment of any Professional Fees that are allowed by the court. Upon Court approval of any post-confirmation fees, the Debtor will pay the approved expense as soon as reasonably possible in the ordinary course of business, unless otherwise agreed. By statute, you could require payment on the effective date, but if they don't have it the statutory provision isn't of much help.
>
> Let me know if you object to this provision.
>
> Feel free to call me at 218-205-7356 to discuss.
>
> **Erik A. Ahlgren | Attorney**
>
> Wells Fargo Center
> Suite 105 (East Entrance)
> 220 West Washington Ave
> Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Wencil, Sarah J. (USTP); Erik Ahlgren |
| **Cc:** | Mac VerStandig |
| **Subject:** | Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera |
| **Date:** | Thursday, June 13, 2024 9:13:48 AM |

And I would agree with that position as my just sent email stated regarding my objection.


Tom Kapusta
Subchapter V Trustee


On Thursday, June 13, 2024, 8:10 AM, Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
wrote:

> Erik the order is fine, but  I think that the superpriority status is contingent on the
> debtor submitting a budget (as raised in our objection) to show that the super
> priority lien is in the best interest of the estate.
>
> Sarah
>
> ---
>
> **From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
> **Sent:** Wednesday, June 12, 2024 9:40 PM
> **To:** THOMAS KAPUSTA <tkapusta@aol.com>; Wencil, Sarah J. (USTP)
> <Sarah.J.Wencil@usdoj.gov>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>
> **Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19 DIP Order -
> Riviera
>
> Tom,
>
> This is the purchase of accounts receivable so that the Debtor can better manage
> its cash flow and will, therefore, benefit the ability of the Debtor to fund a plan of
> reorganization.
>
> It only creates a lien on unpurchased accounts receivable to the extent a
> purchased account defaults.
>
> The retainer should protect your fees so the administrative expenses at risk are
> more likely to be my fees.
>
> I hope, with this explanation, you will not have a continuing objection to the
> financing motion.
>
> Erik

**From:** THOMAS KAPUSTA <tkapusta@aol.com>
**Sent:** Wednesday, June 12, 2024 9:21 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>; Wencil, Sarah J. (USTP)
<Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>
**Subject:** Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

I still have concern giving the A/R lender priority over administrative claims.

Tom Kapusta
Subchapter V Trustee

On Wednesday, June 12, 2024, 8:53 PM, Erik Ahlgren
<Erik@Ahlgrenlawoffice.net> wrote:

> Sarah,
>
> Your clarification is appreciated.
>
> I added in Section 4: "For the avoidance of doubt, Riviera is not
> being granted a security in pre-petition Collateral pursuant to this
> order; provided, however, Riviera will retain any pre-petition
> security interests to the same extent it would have but for the
> terms of this order."
>
> Let me know if you are OK with the proposed order as shown on
> the attached redline.
>
> Tom,
>
> To address the concern you raised, I added to Section 5: "with
> the first payment on July 1, 2024 and each subsequent retainer
> payment made on the first of each month thereafter."
>
> Erik
>
> **From:** Erik Ahlgren
> **Sent:** Wednesday, June 12, 2024 7:34 AM
> **To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
> THOMAS KAPUSTA <tkapusta@aol.com>

**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

In para. 5, I added: Nothing in this section will create a lien, interest or priority claim in causes of action under 11 U.S.C. Section 544, 545, 547, 548 and 549.

In para. 6, I struck the reference to Section 506.

With respect to paragraph 4, the idea is to make it clear that Riviera has a first priority security interest in all accounts receivable. Pursuant to the terms of 11 U.S.C. §552, no creditor could claim a security interest in post-petition AR but it is still a legitimate issue for Riviera to request a court order making clear that they have a first priority security interest in post-petition AR. If I am not understanding your concern or what you would believe to be an appropriate order, please let me know.

Once I have what will be acceptable to you, I still need to go back to Riviera to get their consent to the order as modified.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 2:03 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Erik,

For paragraph 4,  I think that you should add that the lien will not prime any pre-existing liens.

For paragraph 5, the order specifically states super priority and cites  to the super priority section, so I will stand by my prior comments.

For paragraph 6, we would like the reference to 506 stricken.

Sarah

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 1:52 PM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19
DIP Order - Riviera

Sarah,

Attached is a revision of the proposed order.

I revised paragraph 4 so that it is limited to "Post-petition
accounts, accounts receivable, contract rights, chattel paper,
documents, instruments, reserve accounts, rebates, and
general intangibles, and all books and records pertaining to
accounts". These elements are all related to accounts
receivable and it is my understanding that Riviera wants a
security interest in post-petition accounts receivable but is not
as concerned about the physical assets – which are all
secured by other parties.

Paragraph 5 does not create a super-priority lien. It is
discussing administrative expenses. So, hopefully, that
explanation addresses your concern.

Paragraph 6 addresses assessment of expenses. It simply
establishes that there will be no assessments of expenses on
the post-petition accounts receivable, and I don't think there
would be any basis for doing so. Hopefully, that is not a big
deal.

Tom,

Are you OK with how we propose establishing a retainer?

Sarah/Mac,

Feel free to discuss directly.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 11:11 AM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order -
Riviera

Hi Erik,

To follow up our call, I am putting a list of the issues outstanding.

1. As noted, the motion and new proposed order are much broader than the relief that you have stated that the Debtor wants, which is only to continue the factoring agreement with a superpriority lien.
2. The post-petition lien in paragraph 4 goes beyond the account receivables and any use of those funds.
3. The super priority lien at paragraph 5 should exclude the chapter 5 causes of action.
4. The Section 506(c) language in paragraph 6 should be deleted.
5. If Tom is okay with the $1,500 retainer each month, I am okay with that as the carve-out.
6. We need a budget/projections.

Safe travels.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 9:15 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] Stark Energy, Inc. // 2024-05-19 DIP
Order - Riviera

Sarah,

Please give me a call when you get a chance.

I will be leaving the office about 10:30 to start a vacation trip (to London – I have never been there ). Our flight leaves at 1:00 from Fargo, and will be on the ground between 2:30 and 5:00 in Mpls.

I tell you all this because I would really like to talk over the revised proposed order with you. Since I sent this to you, I have also passed it by Riviera. They are OK with the carve out for the sub-V trustee, but would like to have it be $1,500 per month put into a retainer account for Tom Kapusta; I expect Tom would like that too.

Please call me at 218-205-7356.

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 5, 2024 3:21 PM
**To:** Wencil, Sarah (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revised order for the Riviera financing.

Call me at 218-205-7356 after you have a chance to review. I am hoping that it will adequately address your concerns.


## Erik A. Ahlgren | **Attorney**

Wells Fargo Center
Suite 105 (East Entrance)
220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren; Wencil, Sarah J. (USTP) |
| **Cc:** | Mac VerStandig |
| **Subject:** | Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera |
| **Date:** | Thursday, June 13, 2024 9:11:27 AM |

Erik, provided my retainer and fees are protected as you say and the financing is needed for development of a successful plan and is in the best interests of creditors, I will remove my objection.

Regards,

Tom Kapusta
Subchapter V Trustee

On Wednesday, June 12, 2024, 9:40 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> Tom,
>
> This is the purchase of accounts receivable so that the Debtor can better manage its cash flow and will, therefore, benefit the ability of the Debtor to fund a plan of reorganization.
>
> It only creates a lien on unpurchased accounts receivable to the extent a purchased account defaults.
>
> The retainer should protect your fees so the administrative expenses at risk are more likely to be my fees.
>
> I hope, with this explanation, you will not have a continuing objection to the financing motion.
>
> Erik
>
> ---
>
> **From:** THOMAS KAPUSTA <tkapusta@aol.com>
> **Sent:** Wednesday, June 12, 2024 9:21 PM
> **To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>; Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>
> **Subject:** Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera
>
> I still have concern giving the A/R lender priority over administrative claims.
>
>
> Tom Kapusta
> Subchapter V Trustee
>
> On Wednesday, June 12, 2024, 8:53 PM, Erik Ahlgren

<Erik@Ahlgrenlawoffice.net> wrote:

Sarah,

Your clarification is appreciated.

I added in Section 4: "For the avoidance of doubt, Riviera is not
being granted a security in pre-petition Collateral pursuant to
this order; provided, however, Riviera will retain any pre-
petition security interests to the same extent it would have but
for the terms of this order."

Let me know if you are OK with the proposed order as shown
on the attached redline.

Tom,

To address the concern you raised, I added to Section 5: "with
the first payment on July 1, 2024 and each subsequent retainer
payment made on the first of each month thereafter."

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 12, 2024 7:34 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order -
Riviera

In para. 5, I added: Nothing in this section will create a lien,
interest or priority claim in causes of action under 11 U.S.C.
Section 544, 545, 547, 548 and 549.

In para. 6, I struck the reference to Section 506.

With respect to paragraph 4, the idea is to make it clear that
Riviera has a first priority security interest in all accounts
receivable. Pursuant to the terms of 11 U.S.C. §552, no
creditor could claim a security interest in post-petition AR but it
is still a legitimate issue for Riviera to request a court order
making clear that they have a first priority security interest in
post-petition AR. If I am not understanding your concern or
what you would believe to be an appropriate order, please let
me know.

Once I have what will be acceptable to you, I still need to go

back to Riviera to get their consent to the order as modified.

Erik

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 2:03 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order -
Riviera

Erik,

For paragraph 4,  I think that you should add that the lien will
not prime any pre-existing liens.

For paragraph 5, the order specifically states super priority and
cites  to the super priority section, so I will stand by my prior
comments.

For paragraph 6, we would like the reference to 506 stricken.

Sarah

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 1:52 PM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19
DIP Order - Riviera

Sarah,

Attached is a revision of the proposed order.

I revised paragraph 4 so that it is limited to "Post-petition
accounts, accounts receivable, contract rights, chattel paper,
documents, instruments, reserve accounts, rebates, and
general intangibles, and all books and records pertaining to
accounts". These elements are all related to accounts
receivable and it is my understanding that Riviera wants a
security interest in post-petition accounts receivable but is not
as concerned about the physical assets – which are all
secured by other parties.

Paragraph 5 does not create a super-priority lien. It is discussing administrative expenses. So, hopefully, that explanation addresses your concern.

Paragraph 6 addresses assessment of expenses. It simply establishes that there will be no assessments of expenses on the post-petition accounts receivable, and I don't think there would be any basis for doing so. Hopefully, that is not a big deal.

Tom,

Are you OK with how we propose establishing a retainer?

Sarah/Mac,

Feel free to discuss directly.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 11:11 AM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Hi Erik,

To follow up our call, I am putting a list of the issues outstanding.

1. As noted, the motion and new proposed order are much broader than the relief that you have stated that the Debtor wants, which is only to continue the factoring agreement with a superpriority lien.
2. The post-petition lien in paragraph 4 goes beyond the account receivables and any use of those funds.
3. The super priority lien at paragraph 5 should exclude the chapter 5 causes of action.
4. The Section 506(c) language in paragraph 6 should be deleted.
5. If Tom is okay with the $1,500 retainer each month, I am okay with that as the carve-out.

6.  We need a budget/projections.

Safe travels.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 9:15 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Sarah,

Please give me a call when you get a chance.

I will be leaving the office about 10:30 to start a vacation trip (to London – I have never been there ). Our flight leaves at 1:00 from Fargo, and will be on the ground between 2:30 and 5:00 in Mpls.

I tell you all this because I would really like to talk over the revised proposed order with you. Since I sent this to you, I have also passed it by Riviera. They are OK with the carve out for the sub-V trustee, but would like to have it be $1,500 per month put into a retainer account for Tom Kapusta; I expect Tom would like that too.

Please call me at 218-205-7356.

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 5, 2024 3:21 PM
**To:** Wencil, Sarah (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revised order for the Riviera financing.

Call me at 218-205-7356 after you have a chance to review. I am hoping that it will adequately address your concerns.

**Erik A. Ahlgren | Attorney**

Wells Fargo Center
Suite 105 (East Entrance)
220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s),
and may contain information that is confidential, privileged, attorney work product, or
exempt or protected from disclosure under applicable laws and rules. If you are not
the intended recipient(s), you are notified that the dissemination, distribution, or
copying of this message and any attachments is strictly prohibited. Please notify the
sender if this email reaches you and you are not the intended recipient(s). If this
communication concerns negotiation of a contract or agreement, the Uniform
Electronic Transactions Act ("UETA") does not apply to this communication.  To
comply with IRS requirements, you are informed that any tax advice contained in
this communication (including any attachments) cannot be used for the purpose of
avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren; Wencil, Sarah J. (USTP) |
| **Cc:** | Mac VerStandig |
| **Subject:** | Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera |
| **Date:** | Wednesday, June 12, 2024 10:48:44 PM |

Let me think about it over night.


Tom Kapusta
Subchapter V Trustee


On Wednesday, June 12, 2024, 9:40 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> Tom,
>
> This is the purchase of accounts receivable so that the Debtor can better manage its cash flow and will, therefore, benefit the ability of the Debtor to fund a plan of reorganization.
>
> It only creates a lien on unpurchased accounts receivable to the extent a purchased account defaults.
>
> The retainer should protect your fees so the administrative expenses at risk are more likely to be my fees.
>
> I hope, with this explanation, you will not have a continuing objection to the financing motion.
>
> Erik
>
> ---
>
> **From:** THOMAS KAPUSTA <tkapusta@aol.com>
> **Sent:** Wednesday, June 12, 2024 9:21 PM
> **To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>; Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>
> **Subject:** Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera
>
> I still have concern giving the A/R lender priority over administrative claims.
>
>
> Tom Kapusta
> Subchapter V Trustee
>
> On Wednesday, June 12, 2024, 8:53 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:
>
>> Sarah,

Your clarification is appreciated.

I added in Section 4: "For the avoidance of doubt, Riviera is not being granted a security in pre-petition Collateral pursuant to this order; provided, however, Riviera will retain any pre-petition security interests to the same extent it would have but for the terms of this order."

Let me know if you are OK with the proposed order as shown on the attached redline.

Tom,

To address the concern you raised, I added to Section 5: "with the first payment on July 1, 2024 and each subsequent retainer payment made on the first of each month thereafter."

Erik

**From:** Erik Ahlgren
**Sent:** Wednesday, June 12, 2024 7:34 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

In para. 5, I added: Nothing in this section will create a lien, interest or priority claim in causes of action under 11 U.S.C. Section 544, 545, 547, 548 and 549.

In para. 6, I struck the reference to Section 506.

With respect to paragraph 4, the idea is to make it clear that Riviera has a first priority security interest in all accounts receivable. Pursuant to the terms of 11 U.S.C. §552, no creditor could claim a security interest in post-petition AR but it is still a legitimate issue for Riviera to request a court order making clear that they have a first priority security interest in post-petition AR. If I am not understanding your concern or what you would believe to be an appropriate order, please let me know.

Once I have what will be acceptable to you, I still need to go back to Riviera to get their consent to the order as modified.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 2:03 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order -
Riviera

Erik,

For paragraph 4,  I think that you should add that the lien will
not prime any pre-existing liens.

For paragraph 5, the order specifically states super priority and
cites  to the super priority section, so I will stand by my prior
comments.

For paragraph 6, we would like the reference to 506 stricken.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 1:52 PM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19
DIP Order - Riviera

Sarah,

Attached is a revision of the proposed order.

I revised paragraph 4 so that it is limited to "Post-
petition accounts, accounts receivable, contract rights, chattel paper,
documents, instruments, reserve accounts, rebates, and
general intangibles, and all books and records pertaining to
accounts". These elements are all related to accounts
receivable and it is my understanding that Riviera wants a
security interest in post-petition accounts receivable but is not
as concerned about the physical assets – which are all
secured by other parties.

Paragraph 5 does not create a super-priority lien. It is

discussing administrative expenses. So, hopefully, that explanation addresses your concern.

Paragraph 6 addresses assessment of expenses. It simply establishes that there will be no assessments of expenses on the post-petition accounts receivable, and I don't think there would be any basis for doing so. Hopefully, that is not a big deal.

Tom,

Are you OK with how we propose establishing a retainer?

Sarah/Mac,

Feel free to discuss directly.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 11:11 AM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>;
THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Hi Erik,

To follow up our call, I am putting a list of the issues outstanding.

1. As noted, the motion and new proposed order are much broader than the relief that you have stated that the Debtor wants, which is only to continue the factoring agreement with a superpriority lien.
2. The post-petition lien in paragraph 4 goes beyond the account receivables and any use of those funds.
3. The super priority lien at paragraph 5 should exclude the chapter 5 causes of action.
4. The Section 506(c) language in paragraph 6 should be deleted.
5. If Tom is okay with the $1,500 retainer each month, I am okay with that as the carve-out.
6. We need a budget/projections.

Safe travels.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 9:15 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] Stark Energy, Inc. // 2024-05-19 DIP
Order - Riviera

Sarah,

Please give me a call when you get a chance.

I will be leaving the office about 10:30 to start a vacation trip (to
London – I have never been there ). Our flight leaves at 1:00
from Fargo, and will be on the ground between 2:30 and 5:00
in Mpls.

I tell you all this because I would really like to talk over the
revised proposed order with you. Since I sent this to you, I
have also passed it by Riviera. They are OK with the carve out
for the sub-V trustee, but would like to have it be $1,500 per
month put into a retainer account for Tom Kapusta; I expect
Tom would like that too.

Please call me at 218-205-7356.

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 5, 2024 3:21 PM
**To:** Wencil, Sarah (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revised order for the Riviera financing.

Call me at 218-205-7356 after you have a chance to review. I
am hoping that it will adequately address your concerns.


**Erik A. Ahlgren** | **Attorney**

Wells Fargo Center
Suite 105 (East Entrance)

220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren; Wencil, Sarah J. (USTP) |
| **Cc:** | Mac VerStandig |
| **Subject:** | Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera |
| **Date:** | Wednesday, June 12, 2024 10:20:59 PM |

I still have concern giving the A/R lender priority over administrative claims.


Tom Kapusta
Subchapter V Trustee


On Wednesday, June 12, 2024, 8:53 PM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> Sarah,
>
> Your clarification is appreciated.
>
> I added in Section 4: "For the avoidance of doubt, Riviera is not being granted a security in pre-petition Collateral pursuant to this order; provided, however, Riviera will retain any pre-petition security interests to the same extent it would have but for the terms of this order."
>
> Let me know if you are OK with the proposed order as shown on the attached redline.
>
> Tom,
>
> To address the concern you raised, I added to Section 5: "with the first payment on July 1, 2024 and each subsequent retainer payment made on the first of each month thereafter."
>
> Erik
>
> ---
>
> **From:** Erik Ahlgren
> **Sent:** Wednesday, June 12, 2024 7:34 AM
> **To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
> **Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera
>
> In para. 5, I added: Nothing in this section will create a lien, interest or priority claim in causes of action under 11 U.S.C. Section 544, 545, 547, 548 and 549.
>
> In para. 6, I struck the reference to Section 506.
>
> With respect to paragraph 4, the idea is to make it clear that Riviera has a first priority security interest in all accounts receivable. Pursuant to the terms of 11 U.S.C. §552, no creditor could claim a security interest in post-petition AR but it is still a legitimate issue for Riviera to request a court order making clear that

they have a first priority security interest in post-petition AR. If I am not understanding your concern or what you would believe to be an appropriate order, please let me know.

Once I have what will be acceptable to you, I still need to go back to Riviera to get their consent to the order as modified.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 2:03 PM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Erik,

For paragraph 4,  I think that you should add that the lien will not prime any pre-existing liens.

For paragraph 5, the order specifically states super priority and cites  to the super priority section, so I will stand by my prior comments.

For paragraph 6, we would like the reference to 506 stricken.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 1:52 PM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revision of the proposed order.

I revised paragraph 4 so that it is limited to "Post-petition accounts, accounts receivable, contract rights, chattel paper, documents, instruments, reserve accounts, rebates, and general intangibles, and all books and records pertaining to accounts". These elements are all related to accounts receivable and it is my understanding that Riviera wants a security interest in post-petition accounts receivable but is not as concerned about the physical assets – which are all secured by other parties.

Paragraph 5 does not create a super-priority lien. It is discussing administrative

expenses. So, hopefully, that explanation addresses your concern.

Paragraph 6 addresses assessment of expenses. It simply establishes that there will be no assessments of expenses on the post-petition accounts receivable, and I don't think there would be any basis for doing so. Hopefully, that is not a big deal.

Tom,

Are you OK with how we propose establishing a retainer?

Sarah/Mac,

Feel free to discuss directly.

Erik

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 11:11 AM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Hi Erik,

To follow up our call, I am putting a list of the issues outstanding.

1. As noted, the motion and new proposed order are much broader than the relief that you have stated that the Debtor wants, which is only to continue the factoring agreement with a superpriority lien.
2. The post-petition lien in paragraph 4 goes beyond the account receivables and any use of those funds.
3. The super priority lien at paragraph 5 should exclude the chapter 5 causes of action.
4. The Section 506(c) language in paragraph 6 should be deleted.
5. If Tom is okay with the $1,500 retainer each month, I am okay with that as the carve-out.
6. We need a budget/projections.

Safe travels.

Sarah

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 9:15 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Sarah,

Please give me a call when you get a chance.

I will be leaving the office about 10:30 to start a vacation trip (to London – I have never been there ). Our flight leaves at 1:00 from Fargo, and will be on the ground between 2:30 and 5:00 in Mpls.

I tell you all this because I would really like to talk over the revised proposed order with you. Since I sent this to you, I have also passed it by Riviera. They are OK with the carve out for the sub-V trustee, but would like to have it be $1,500 per month put into a retainer account for Tom Kapusta; I expect Tom would like that too.

Please call me at 218-205-7356.

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 5, 2024 3:21 PM
**To:** Wencil, Sarah (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revised order for the Riviera financing.

Call me at 218-205-7356 after you have a chance to review. I am hoping that it will adequately address your concerns.


## Erik A. Ahlgren | Attorney

Wells Fargo Center
Suite 105 (East Entrance)
220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal

Revenue Code.

| | |
|---|---|
| **From:** | THOMAS KAPUSTA |
| **To:** | Erik Ahlgren; Wencil, Sarah J. (USTP) |
| **Cc:** | Mac VerStandig |
| **Subject:** | Re: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera |
| **Date:** | Wednesday, June 12, 2024 9:18:50 AM |

Erik, in regards to the trustee retainer deposit, if this financing motion goes through, I would like to see the retainer deposit payments of $1500 per month start July 1st and the first of very month thereafter.  Could that be added to the proposed order for clarity?

Regards,


Tom Kapusta
Subchapter V Trustee

P.S.  Enjoy London.  I recommend historical sites and the theatre especially Shakespeare as must sees.

On Wednesday, June 12, 2024, 7:33 AM, Erik Ahlgren <Erik@Ahlgrenlawoffice.net> wrote:

> In para. 5, I added: Nothing in this section will create a lien, interest or priority claim in causes of action under 11 U.S.C. Section 544, 545, 547, 548 and 549.
>
> In para. 6, I struck the reference to Section 506.
>
> With respect to paragraph 4, the idea is to make it clear that Riviera has a first priority security interest in all accounts receivable. Pursuant to the terms of 11 U.S.C. §552, no creditor could claim a security
>
> interest in post-petition AR but it is still a legitimate issue for Riviera to request a court order making clear that they have a first priority security interest in post-petition AR. If I am not understanding your concern or what you would believe to be an appropriate order, please let me know.
>
> Once I have what will be acceptable to you, I still need to go back to Riviera to get their consent to the order as modified.
>
> Erik
>
> ---
>
> **From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
> **Sent:** Tuesday, June 11, 2024 2:03 PM
> **To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
> **Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
> **Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera
>
> Erik,
>
> For paragraph 4,  I think that you should add that the lien will not prime any pre-

existing liens.

For paragraph 5, the order specifically states super priority and cites to the super priority section, so I will stand by my prior comments.

For paragraph 6, we would like the reference to 506 stricken.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 1:52 PM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA <tkapusta@aol.com>
**Subject:** [EXTERNAL] RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revision of the proposed order.

I revised paragraph 4 so that it is limited to "Post-petition accounts, accounts receivable, contract rights, chattel paper, documents, instruments, reserve accounts, rebates, and general intangibles, and all books and records pertaining to accounts". These elements are all related to accounts receivable and it is my understanding that Riviera wants a security interest in post-petition accounts receivable but is not as concerned about the physical assets – which are all secured by other parties.

Paragraph 5 does not create a super-priority lien. It is discussing administrative expenses. So, hopefully, that explanation addresses your concern.

Paragraph 6 addresses assessment of expenses. It simply establishes that there will be no assessments of expenses on the post-petition accounts receivable, and I don't think there would be any basis for doing so. Hopefully, that is not a big deal.

Tom,

Are you OK with how we propose establishing a retainer?

Sarah/Mac,

Feel free to discuss directly.

Erik

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, June 11, 2024 11:11 AM
**To:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>

**Cc:** Mac VerStandig <mac@dakotabankruptcy.com>; THOMAS KAPUSTA
<tkapusta@aol.com>
**Subject:** RE: Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Hi Erik,

To follow up our call, I am putting a list of the issues outstanding.

1. As noted, the motion and new proposed order are much broader than the
   relief that you have stated that the Debtor wants, which is only to
   continue the factoring agreement with a superpriority lien.
2. The post-petition lien in paragraph 4 goes beyond the account
   receivables and any use of those funds.
3. The super priority lien at paragraph 5 should exclude the chapter 5
   causes of action.
4. The Section 506(c) language in paragraph 6 should be deleted.
5. If Tom is okay with the $1,500 retainer each month, I am okay with that
   as the carve-out.
6. We need a budget/projections.

Safe travels.

Sarah

---

**From:** Erik Ahlgren <Erik@Ahlgrenlawoffice.net>
**Sent:** Tuesday, June 11, 2024 9:15 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] Stark Energy, Inc. // 2024-05-19 DIP Order - Riviera

Sarah,

Please give me a call when you get a chance.

I will be leaving the office about 10:30 to start a vacation trip (to London – I
have never been there ). Our flight leaves at 1:00 from Fargo, and will be on
the ground between 2:30 and 5:00 in Mpls.

I tell you all this because I would really like to talk over the revised proposed
order with you. Since I sent this to you, I have also passed it by Riviera. They
are OK with the carve out for the sub-V trustee, but would like to have it be
$1,500 per month put into a retainer account for Tom Kapusta; I expect Tom
would like that too.

Please call me at 218-205-7356.

Erik

---

**From:** Erik Ahlgren
**Sent:** Wednesday, June 5, 2024 3:21 PM
**To:** Wencil, Sarah (USTP) <Sarah.J.Wencil@usdoj.gov>

**Subject:** 2024-05-19 DIP Order - Riviera

Sarah,

Attached is a revised order for the Riviera financing.

Call me at 218-205-7356 after you have a chance to review. I am hoping that it will adequately address your concerns.


## Erik A. Ahlgren | Attorney

Wells Fargo Center
Suite 105 (East Entrance)
220 West Washington Ave
Fergus Falls, MN 56537

Office: 218-998-2775
Fax: 218-998-6404
Cell:  218-205-7356
erik@ahlgrenlawoffice.net

This message and any attachments are intended only for the named recipient(s), and may contain information that is confidential, privileged, attorney work product, or exempt or protected from disclosure under applicable laws and rules. If you are not the intended recipient(s), you are notified that the dissemination, distribution, or copying of this message and any attachments is strictly prohibited. Please notify the sender if this email reaches you and you are not the intended recipient(s). If this communication concerns negotiation of a contract or agreement, the Uniform Electronic Transactions Act ("UETA") does not apply to this communication.  To comply with IRS requirements, you are informed that any tax advice contained in this communication (including any attachments) cannot be used for the purpose of avoiding tax-related penalties under the Internal Revenue Code.