IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

In re:                                    )        Case No. 24-30422
                                          )        (Chapter 11)
JAMIESON CAPEX FUND, LLC.                 )
                                          )
          Reorganized Debtor.             )
_____       )

**MOTION FOR ENTRY OF REDUNDANT ORDER**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Section 8.10 of the Reorganized Debtor's confirmed plan of reorganization (the "Plan"), DE #88, and moves this Honorable Court for entry of a redundant order—in PDF format (ie, not a "text only" order)—permitting Michael Schmitz ("Mr. Schmitz"), the Reorganized Debtor's chief restructuring officer ("CRO"), to open one or more bank accounts in the name of the Reorganized Debtor, and in support thereof states as follows:

CAPEX previously sought leave to employ Mr. Schmitz, as CRO, "granting him authority to oversee the financial and operational restructuring of CAPEX for the duration of this case and through the term of a plan of reorganization, until such a time as all pre-petition creditor claims are paid in full." *See* Employment Application, DE #52, at § 1. That application was subsequently granted through a "text only" order, on December 23, 2024. *See* DE #71.

Mr. Schmitz has served as CRO at all times since, helming CAPEX through its final days as a debtor-in-possession and remaining at the helm of CAPEX as a reorganized entity. In this capacity, and consistent with the provisions of the Plan, Mr. Schmitz has negotiated to liquidate various assets of the Reorganized Debtor, *see* Plan, DE #88, at § 7.02, has litigated in the name of the Reorganized Debtor, *id.* at § 7.01, and has engaged the services of special counsel, *id.* at § 7.03.

To date, monies collected through the liquidation of the Reorganized Debtor's assets have been held by undersigned counsel in his firm's attorney trust account. As of the filing of this

1

motion, the balance of the Reorganized Debtor's ledger in said account is $103,975.67, with it being reasonably anticipated a new distribution to creditors will be made in the coming weeks. However, in addition to these deposited monies, the Reorganized Debtor is holding various checks and anticipates shortly receiving at least one additional check for a significant sum of money.

While counsel is perfectly willing to continue holding monies in trust (and, for reasons related to two other, unrelated cases in this Honorable Court, counsel's IOLTA account is fully insured—even above $250,000.00—by the FDIC), such is also neither economical nor sensible. Mr. Schmitz is a certified public accountant. Undersigned counsel is a lawyer. Efficiency well dictates that Mr. Schmitz ought to be the person holding the Reorganized Debtor's monies and cutting distribution checks.

Problematically, however, because the application to employ Mr. Schmitz as CRO was entered as a "text only" order, no bank appears willing to accept such as documentation sufficient to permit him to open a bank account in the Debtor's name. And since Mr. Schmitz is a CPA, and not an attorney, he does not have the functional equivalent of a client trust account in which to hold pooled funds segregated on sub-ledgers.

Hence the perfectly absurd nature of a "Motion for Entry of Redundant Order:" CAPEX asks this Honorable Court to enter an order, consistent with the prior orders employing Mr. Schmitz and confirming the Plan, that provides, *inter alia*, "Michael Schmitz, as chief restructuring officer of Jamieson CAPEX Fund, LLC, is authorized to open one or more depository accounts in the name of Jamieson CAPEX Fund, LLC, and to take such steps—and execute such paperwork— as may be reasonably necessary to effectuate the opening and maintenance of said account(s)."

To be sure, the Reorganized Debtor is *not* asking for any new or additional relief. Nor is the Reorganized Debtor asking for any prior order to be reconsidered. This motion is intentionally

2

not being noticed for objection and is being submitted *ex parte*. CAPEX is simply asking that the substance of a long-ago filed application, granted December 23, 2024, be incorporated into a formal court order so the paperwork demands of a regulated bank may be satisfied and one or more depository accounts may be opened under Mr. Schmitz's control.

It is appreciated that this motion is a touch absurd. The Reorganized Debtor and undersigned counsel sincerely appreciate this Honorable Court's indulgence.

WHEREFORE, CAPEX respectfully prays this Honorable Court (i) enter a redundant court order, formally noting Mr. Schmitz's capacity to open a bank account in the name of the Reorganized Debtor, providing, *inter alia*, "Michael Schmitz, as chief restructuring officer of Jamieson CAPEX Fund, LLC, is authorized to open one or more depository accounts in the name of Jamieson CAPEX Fund, LLC, and to take such steps—and execute such paperwork—as may be reasonably necessary to effectuate the opening and maintenance of said account(s);" and (ii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: May 28, 2026      By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Reorganized Debtor*

*[Signature on Following Page]*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig